JOSEPH P. MCMONIGLE (Bar No. 66811)
PETER H. BALES (Bar No. 251345)
LONG & LEVIT LLP
465 California Street, Suite 500
San Francisco, California 94104
Telephone:    (415) 397-2222
Facsimile:    (415) 397-6392
Email:        jmcmonigle@longlevit.com
              pbales@longlevit.com

Attorneys for Defendants
PIERCE SHEARER LLP
ANDREW PIERCE
SCOTT BERMAN
JACQUETTA LANNAN

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NITHYA VINAYAGAM,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW PIERCE, PIERCE SHEARER LLP, SCOTT M. BERMAN, THOMAS MIHILL, JACQUETTA LANNAN, PAUL M. HELLER AND HELLER IMMIGRATION LAW GROUP,<br><br>    Defendants. | Case No. 3:22-cv-5281<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION:**

    **PLEASE TAKE NOTICE THAT** Defendants Pierce Shearer LLP, Andrew Pierce, Scott Berman, and Jacquetta Lannan ("Defendants") file this Notice of Removal under 28 USC §§ 1441, 1446 and Federal Rules of Civil Procedure, Rule 81(c).

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

1

Case No. 3:22-cv-5281

NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)

4886-7177-5027 v.1

**STATEMENT OF FACTS ENTITLING DEFENDANTS TO REMOVAL**

1.    The action pending in the Superior Court of the State of California, in and for the County of San Mateo, entitled *Nithya Vinayagam v. Andrew Pierce, Scott Berman, Jacquetta Lannan, Thomas Mihill, Pierce Sherer LLP and The Adams Law Offices*, Case No. 21-CIV-05242 was commenced on September 27, 2021.

2.    The First Amended Complaint, entitled *Nithya Vinayagam v. Andrew Pierce, Pierce Shearer LLP, Scott M. Berman ,Thomas Mihill, Jacquetta Lannan, Paul M. Heller and Heller Immigration Law Group*, Case No. 21-CIV-05242, was filed on June 22, 2022.  The earliest date that Plaintiff properly served the First Amended Complaint on any of the removing Defendants was August 18, 2022.

3.    Defendants are filing their Notice of Removal within 30 days of service of the First Amended Complaint as required by 28 U.S.C. § 1446(b).

4.    Copies of the pleadings and other papers served on the removing defendants as well as all pleadings available from the docket in the above-described action are attached to this Notice of Removal as required by 28 USC § 1446 as collective **Exhibit A**.

5.    As the attached record demonstrates, the action pending in the state court is a civil action within the original federal question jurisdiction of the federal district courts under 18 USC § 1962 (Plaintiff's 18th Claim for "RICO"), 18 USC § 1343 (Plaintiff's 7th Claim for "Wire Fraud"), 18 USC § 1341(Plaintiff's 14th Claim for "Mail Fraud"), and 18 USC §1952 (Plaintiff's 17th Claim for "Interstate and foreign travel or transportation in aid of racketeering enterprises").  Pursuant to 28 USC § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir.2002).  All of the claims identified above are federal claims raising federal question jurisdiction.  *See Churchill Village, L.L.C. v. General Electric*, 361 F. 3d 566, 573-575 (9th Cir. 2004) (finding that RICO claims establish federal question jurisdiction without expressing any opinion as to the likelihood of success on the claims).

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

2

Case No. 3:22-cv-5281
NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)
4886-7177-5027 v.1

6.      This Court has supplemental jurisdiction over all other claims asserted in the First Amended Complaint because they all form part of the same case or controversy.  Under 28 USC § 1367(a), when a district court has original jurisdiction in a civil action, it has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  When courts determine if there is supplemental jurisdiction, "the jurisdictional statutes should be read broadly, on the assumption that in this context Congress intended to authorize courts to exercise their full Article III power to dispose of an entire action before the court [which] comprises but one constitutional 'case.'" *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (*citing Finley v. United States*, 490 U.S. 545, 548 (1989)).  A federal court exercising original jurisdiction over a RICO claim has pendent jurisdiction over "sufficiently related" state law claims. *See Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1195 (9th Cir. 1988).

7.      Because the state court action is one within the federal question jurisdiction of the federal district courts, the action is removable to federal court without regard to the citizenship of the parties under 28 USC § 1441 (a), (b).

8.      Removal to this district court is proper under 28 USC § 1441(a) because the  San Mateo County Superior Court is geographically located within this court's district.

9.      Removal is timely under 28 USC § 1446(b) because this Notice of Removal is filed within 30 days of  service of process of First Amended Complaint stating claim within federal jurisdiction.

10.     Removal is proper under 28 USC § 1446(b) because all Defendants who have been properly served with process consented to the decision to remove and Defendants are not aware of any other named defendants who have been properly served with process.

11.     Defendant are filing written notice of this removal with the clerk of the state court in which the action is currently pending and providing notice to Plaintiff pursuant to a Notice to Adverse Party of Removal to the Federal Court.  The Notice to Adverse Party of Removal to the Federal Court together with this Notice of Removal are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

3

Case No. 3:22-cv-5281
NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)
4886-7177-5027 v.1

1

Dated:  September 16, 2022                    LONG & LEVIT LLP

2

3                                                    _____/s/ Peter H. Bales_____

4                                            JOSEPH P. MCMONIGLE
                                             PETER H. BALES
5                                            Attorneys for Defendants
                                             PIERCE SHEARER LLP
6                                            ANDREW PIERCE
                                             SCOTT BERMAN
7                                            JACQUETTA LANNAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104                                    4                        Case No. 3:22-cv-5281
                          NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)
4886-7177-5027 v.1

# EXHIBIT A-1

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
NITHYA VINAYAGAM
Old No 6,New No 11,Mangalapuram 10TH Street Chetpet ,CHENNAI-600031 INDIA

TELEPHONE NO.: 917-624-4247      FAX NO. (Optional):
E-MAIL ADDRESS: NITHYA.VINAY@YAHOO.COM
ATTORNEY FOR (Name): PRO-SE

**FOR COURT USE ONLY**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON      9/27/2021
By      /s/ Anthony Berini
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 COUNTY CENTER
MAILING ADDRESS: REDWOOD CITY
CITY AND ZIP CODE: CA - 94063
BRANCH NAME: CIVIL

CASE NAME:
Nithya Vinayagam v.Andew Pierce,Scott Berman,Jacquetta Lannan,Thomas Mihill,PierceShearer Ll

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) □ **Limited** (Amount demanded is $25,000 or less) | □ Counter  □ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21-CIV-05242  JUDGE:  DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
[x] Professional negligence (25)
□ Other non-PI/PD/WD tort (35)
**Employment**
□ Wrongful termination (36)
□ Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)
**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)
**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)
**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
□ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition (not specified above) (43)

2. This case □ is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. □ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. □ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 15
5. This case □ is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 22, 2021
NITHYA VINAYAGAM
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev.September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

NITHYA VINAYAGAM
NEW NO 11, OLD NO 6
MANGALAPURAM 10TH STREET,CHETPET
CHENNAI – 600 031
INDIA
Email : NITHYA.VINAY@YAHOO.COM
**Mobile Phone : +91 917-624-4247**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON _____9/27/2021_____
By_____ /s/ Anthony Berini _____
Deputy Clerk

**NITHYA VINAYAGAM, IN PRO PER**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | |
|---|---|
| NITHYA VINAYAGAM )<br>**Plaintiff** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>ANDREW PIERCE )<br>SCOTT BERMAN )<br>JACQUETTA LANNAN )<br>THOMAS MIHILL )<br>Pierce Shearer LLP )<br>The Adams Law Offices)<br>)<br>Defendants )| Case No.  21-CIV-05242<br><br>CIVIL COMPLAINT FOR DAMAGES  FOR<br>LEGAL MALPRACTICE,INTENTIONAL  AND<br>NEGLIGENT MISREPRESENTATION, FRAUD,<br>BREACH OF CONTRACT,<br>BREACH OF FIDUCIARY DUTIES ,<br>FEDERAL  WIRE FRAUD,FALSE PROMISE<br> PROMISSORY FRAUD,GROSS NEGLIGENCE<br> WILLFUL MISCONDUCT,VIOLATION OF RIICO<br>FRAUDULENT CONCEALMENT,INTENTIONAL<br>AND NEGLIGENT INFLICTION OF EMOTIONAL<br>DISTRESS,PROFESSIONAL NEGLIGENCE AND<br>UNFAIR BUSINESS PRACTICES PURSUANT TO<br>CALITORMA BUSINESS AND PROFESSIONS CODE<br>SECTION 172O ET SEQ.;<br><br>Judge:<br> Dept:<br> Action Filed:<br>**Trial Date:**<br><br><br>**DEMAND FOR JURY TRIAL** |

1/37

## INTRODUCTION

1.This is a Complaint for Legal Malpractice,Fraud, False Promise,Promissory Fraud Negligent and Intentional Misrepresentation,Breach of Contract, Gross Negligence Wire Fraud, RICO,Will misconduct, Fraudulent Concealment,Intentional and Negligent infliction of Emotional Distress, Breach of Fiduciary Duties and Unfair Business Practices pursuant to California Business and Professions Code section 17200 et seq.

## PARTIES

2. Plaintiff Nithya Vinayagam (hereinafter ""Plaintiff" ,"Vinayagam") is an individual and a citizen  of India. Plaintiff  Nithya Vinayagam resided in the USA from January 2008 to September 2019.Plaintiff currently resides in India

3. Defendant  Andrew F Pierce  (hereinafter ""Andrew Pierce")  is an individual  and is a lawyer licensed to practice law in the State of California

4) Defendant  Scott M Berman  (hereinafter Scott Berman) is an individual and is a lawyer licensed to practice law in the State of California

5) Defendant  Jacquetta May Lannan (hereinafter Jacquetta Lannan) is an individual and  is a lawyer licensed to practice law in the State of California

6) Defendant  Pierce Shearer LLP (hereinafter Pierce Shearer)  is a law firm in California

7) Defendant  Thomas J Mihill (hereinafter Thomas  Mihill) is an individual and  is a lawyer licensed to practice  law in the State of Georgia

8) Defendant  The Adams Law Offices  (hereinafter Adams Law) is a law firm  in the State of Georgia and now is out of business

9) Defendants Andrew F Pierce ,Scott M Berman ,Thomas J Mihill, Jacquetta May Lannan,Pierce Shearer LLP, The Adams Law Offices  (hereinafter Defendants)

## JURISDICTION AND VENUE

10. Jurisdiction is proper in the Superior Court of California-County of San Mateo pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exception to jurisdiction exists.

11.The Court also has jurisdiction over this civil action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1964 for Plaintiffs' Civil RICO claims.

# FACTUAL BACKGROUND

**12)** Plaintiff is a citizen of India and entered United States of America on H1B visa in January 2008.Plaintiff is a victim of immigration fraud committed by her H1B visa sponsor Cronous

**13)** On April 24 ,2009  Immigration lawyer  Paul Heller arranged a Conference call for Plaintiff Vinayagam with Defendant Pierce Shearer LLP.

In the conference call, it was agreed that Defendant  Pierce Shearer LLP will  represent Vinayagam in the claims against Eis Technologies Inc and Cronous Inc and  immigration lawyer Paul Heller will handle the immigration part of the litigation

**14)** On April 28,2009 Defendant Pierce Shearer  emailed the retainer agreement to Plaintiff On  April 29,2009  Plaintiff signed the retainer agreement  mailed by  Pierce Shearer

*15)* The retainer agreement states the following

***Please be advised that the Firm shall pay a portion of its Contingency Fee to Heller Immigration Law Group LLP ("HILG") which will assist in the litigation of this matter.***

***The total amount of the Contingency Fee recoverable by the Firm shall not be increased solely as a result of any payment to HILG.***

***The terms and amount of payment to HILG have not been finalized, but shall be disclosed to Client as soon as they are finalized, in accordance with Rules of Professional Conduct 2-200.***

**16)** In the retainer agreement  dated April 28,2009 Defendant Pierce Shearer  clearly mentioned that the **TERMS and AMOUNT OF PAYMENT**  have not been finalized. But they confirmed that a portion of Contingency Fee will be paid to the  Heller Immigration Law Group LLP for assisting in the litigation

**17)** During April 2009 to September 2011, Defendant Pierce Shearer never hired immigration lawyer Paul Heller to assist them in the litigation against Eis Technologies, Cronous Inc

**18)** On November 5 , 2020,  immigration lawyer Paul Heller confirmed it by email that he never assisted Pierce Shearer LLP in the litigation against Eis Technologies, Cronous Inc

**19)** In May 2009 ,the Wage and Hour Division, Department of Labor-Atlanta failed to add Vinayagam's H1B sponsor  Cronous Inc in the Wage and Hour acknowledgment letter.

**20)** WHD-ATLANTA mistakenly listed Eis Technologies as Plaintiff's H1B  employer in the Wage and Hour acknowledgment letter. Despite Plaintiff's phone calls and voice mails, Plaintiff never received any response from the Wage and Hour Division ,Atlanta.

**21)** On June 2,2009 Plaintiff signed the Form G-28 (Notice of Entry of Appearance as Attorney or Representative ) ,mailed by Scott Berman   **(Exhibit -G28)**
Plaintiff is unsure if Defendant Scott Berman filed the signed Form G-28  with the USCIS

**22)** On December 30,2009 , Defendant Pierce Shearer filed a civil case 09-06087-JW against Georgia based companies Cronous Inc , Eis Technologies Inc with the Northern District of California. In March 2010, the case was dismissed for lack of jurisdiction

**23)** On May 11,2010 Plaintiff emailed Pierce and Shearer LLP asking why they filed the lawsuit in California ,when Plaintiff's employer Cronous Inc (Eis Technologies Inc) is based in Georgia. Defendant Andrew Pierce responded that thought they will get jurisdiction in California.(**Exhibit-Wrong Court**)

**24)** Defendant Andrew Pierce told Plaintiff if she  fires them now, she will have to pay the costs incurred so far .Paul Heller suggested Plaintiff not to fire Defendant Pierce Shearer and promised  they will team up with a Georgia law firm and file a lawsuit in Georgia .

**25)** As Plaintiff was not paid by Cronous Inc since February 2009 , Plaintiff could not pay the costs incurred by Defendant Pierce Shearer  and had no choice but to retain them

**26)** On June 16,2010 ,the civil lawsuit (1:10-CV-1836 ) against Cronous, Eis Technologies and Cronous Inc was filed in the United States District Court,Northern District Court of Georgia .Pierce and Shearer LLP teamed up with the Adam Law Offices ,Georgia and Lawyer Thomas Mihill filed this civil lawsuit in the US District Court,Northern District Court of Georgia Thomas Mihill is not an immigration lawyer and has no expertise in H1B immigration laws

**27)** In September 2010, Plaintiff Vinayagam got a job offer from Cognizant Technologies Inc. The WHD-Atlanta mistakenly listed Eis Technologies as Plaintiff's H1B employer in the Wage and Hour acknowledgment letter.
As the WHD-ATLANTA failed to list Cronous Inc as Plaintiff's H1B visa sponsor ,Plaintiff could not prove that she has filed a Wage and Hour Complaint against her H1B visa sponsor Cronous Inc .Plaintiff lost a job offer from Cognizant Technologies in September 2010

**28)** Plaintiff discussed this matter with Defendant Jacquetta Lannan and  Defendant Jacquetta Lannan promised to follow up with the Department of Labor-Atlanta.
On June 30,2011 Defendant Jacquetta Lannan confirmed by email that the Department of Labor-Atlanta mistakenly listed Eis Technologies as Plaintiff's H1B visa sponsor in their file.
(**Exhibit-FTCA**)
**29)** But Attorney Jacquetta Lannan did not file FTCA claim against the Department of Labor-Atlanta for failing to add Cronous as Plaintiff's employer in their file and depriving Plaintiff of adjustment of her immigration status in the USA

**30)** Defendant Jacquetta Lannan failed to pursue legal action against the WHD-ATLANTA nor did provide legal advice in this matter

**31)**During April 2009 to September 2011,  Defendant Pierce Shearer  represented Plaintiff before the Department of  Labor,Wage and Division,Atlanta

**32)** But Defendant Pierce Shearer  never filed FTCA claim against the Department of  Labor, Wage and Division,Atlanta for failing to add Plaintiff's H1B sponsor Cronous Inc in the Wage and Hour acknowledgment letter and depriving her of  transfer of her H1B visa and adjustment of her immigration status in the USA.
Defendant Pierce Shearer never advised Plaintiff about the FTCA (Federal Tort Claims Act)

**33)** In August 2011,Cronous Inc was willing to settle Plaintiff's unpaid wages in an amount of $72,000 in three installments, Defendant Pierce Shearer pressurized Plaintiff to take $45,000 as a one time settlement. But Plaintiff received only $19,324.
The retainer agreement states that Defendant Pierce Shearer LLP will get 40 percent of the settlement ,but Pierce Shearer LLP received more than 40 percent of the receipts

**34)** Defendant  Pierce Shearer promised to inform Plaintiff  the amount of payment made to immigration lawyer Paul Heller for their assistance in the litigation. But they never did
In fact , Defendant  Pierce Shearer never hired  immigration lawyer Paul Heller to  assist them in the litigation against Cronous Inc , Eis Technologies Inc

**35)** During April 2009 – September 2011 ,Defendants  failed to detect Mail Fraud, Wire Fraud, H1B visa fraud,H1B unlawful termination, Fraud in Foreign Labor Contracting, Enticement into Slavery, Peonage, Forced Labor and Racketeering acts committed by Cronous Inc

**36)** In 2013, The Department of Labor-Atlanta moved the case against Cronous Inc,Eis Technologies, Inc to the Office of Administrative Law Judges, San Francisco(OALJ)

**37)** In May 2014 Plaintiff hired immigration lawyer  Attorney Kyle Todd to handle this case. Todd mishandled the case and it was moved to the Administrative Review Board(ARB) in 2016. The ARB upheld the decision made by the OALJ

**38)** On November 5,2020 Attorney Paul Heller confirmed he never assisted in the litigation . Plaintiff filed a complaint(20-O-15591) against Defendants Andrew Pierce ,Scott Berman, Jacquetta Lannan,Thomas J Mihill with the State Bar of California

**39)** Defendant Pierce Shearer  fraudulently concealed the fact from Plaintiff that immigration attorney Paul Heller is not assisting them in the litigation. Defendant Andrew Pierce, Defendant Scott Berman, Defendant Jacquetta Lannan,Defendant Thomas J Mihill ,Defendant Adams Law are not immigration attorneys and have no experience or expertise in handling H1B visa related cases specifically H1B unpaid wages,unlawful termination

**40)** This case against Cronous Inc,Eis Technologies Inc should have been done in September 2011. But due to the fraudulent acts of the  Defendants , it is still pending with the District Court of Las Vegas,Nevada
Plaintiff cannot afford a lawyer and is forced to represent herself in the case against Cronous Inc,Eis Technologies, Inc and the US-Department of Labor,Atlanta with the District Court of Las Vegas,Nevada ( Case No. 2:18-CV-01206-RFB-DJA  )

**41)** Plaintiff resides in India and facing life ban to enter the USA

## FIRST CAUSE OF ACTION
## INTENTIONAL MISREPRESENTATION
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**42)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**43)** Defendants represented to Plaintiff Vinayagam that an important fact was true that  immigration lawyer Paul Heller will be assisting them in the litigation against Cronous Inc, Eis Technologies Inc

**44)** That representation was false. Even if Defendants honestly believed that the representation was true,Defendants had no reasonable grounds for believing the representation was true when they made it.

**45)** Defendants intended that Plaintiff rely on the representation.
Plaintiff  Vinayagam reasonably relied on Defendants' representation.
Plaintiff was harmed.
Plaintiff's reliance was a substantial factor in causing her harm.

**46)** Defendants never hired immigration lawyer Paul Heller to assist them in the litigation against Eis Technologies Inc, Cronous Inc (Exhibit-Fraudulent Concealment)
Defendants are not immigration lawyers and failed to apply H1B visa laws. Defendants  failed to detect H1B visa fraud, H1B unlawful termination wire fraud ,mail fraud, RICO violations, Fraud in Foreign labor contracting and Peonage committed by Cronous Inc(Eis Technologies)

**47)** During April 2009 to September 2011 ,Defendants failed to file FTCA claim(Federal Tort Claim) against the Department of  Labor,Wage and Division,Atlanta for mistakenly listing Eis Technologies Inc as Plaintiff's H1B sponsor  in the Wage and Hour acknowledgment letter . Defendants never adviced Plaintiff  about the FTCA

**48)** Plaintiff lost her immigration status and  could not successfully transfer her H1B visa Plaintiff   a victim of the racketeering enterprise Cronous Inc  could not receive S-5 visa from the office of the US- Attorney General. Plaintiff is facing life ban to enter the USA
 Due to the intentional misrepresentation of the Defendants , the case against Cronous Inc,Eis Technologies Inc is still open and Plaintiff is forced to represent herself in the case (Case No. 2:18-CV-01206-RFB-DJA  )

**49)** As a direct and proximate result of the aforesaid intentional misrepresentation , Plaintiff has suffered  loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Cronous, Eis Technologies, US -Department of Labor. Plaintiff also suffered general damages totaling at least $500,000.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## SECOND CAUSE OF ACTION : FRAUD

(Against Defendants *ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP , ADAMS LAW* )

**50)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*California Civil Code 1709*: encapsulates legal liability for Intentional Fraud and Deceit as follows:**"One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers"**

**51)** During the Initial consultation in  April 2009, Defendants represented to Plaintiff  that an important fact was true – that immigration lawyer Paul Heller will be assisting them in the litigation against her H1B visa sponsor Cronous Inc (Eis Technologies Inc )

**52)** That representation was false.

**53)**. Defendants knew that the representation was false when he made it, or in the least Defendants made the representation recklessly or without regard for its truth.

**54)** Defendants  intended for Plaintiff to rely on their misrepresentations and Plaintiff did in fact, rely on the  misrepresentations which in all aspects was unaware and ignorant of the falsity of their misrepresentation

**55)**. Defendant's  false representations were material to Plaintiff in the determination of whether Plaintiff would engage Defendants and continue the engagement

**56)** If Defendants had been truthful or not reckless in their representations, Plaintiff would not have hired them and would have found other counsel who would have won this case in the year 2011

**57)** Plaintiff's reliance was a substantial factor in causing her harm. Specifically, Plaintiff suffered economic damages totaling at least $3 ,000,000  in  treble damages from her H1B visa sponsor Cronous Inc (Eis Technologies Inc ), which is a RICO enterprise

**58)** Defendant Pierce Shearer used deceit or false important facts to convince Plaintiff to rely on the false facts. Plaintiff  reasonably relied on and was harmed by the deceit.

**59)** Defendants confirmed orally and in writing that immigration lawyer Paul Heller will be handling the immigration part of the litigation.

**60)** Plaintiff relied on the promise and hired the Defendants  to represent her. But Defendants never hired Paul Heller to assist in the litigation against Eis Technologies,Cronous Inc

Defendants are not immigration lawyers and failed to apply H1B visa laws. Defendants  failed to detect  H1B visa fraud, wire fraud ,mail fraud, RICO violations, H1B unlawful termination, Fraud in Foreign labor contracting and peonage committed by Cronous Inc(Eis Technologies)

**61)** Cronous Inc  is a RICO enterprise .If Defendants  had included the racketeering acts of the RICO enterprise Cronous Inc , the outcome of the case would have been different. The Department of Justice would have investigated the racketeering acts of Cronous and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

**62)** Plaintiff would have  received  treble damages from the RICO enterprise  Cronous Inc in the year 2011.Plaintiff could not receive  S-5 visa  until now.

**63)** Defendants failed to include the human trafficking acts committed by Cronous Inc in the lawsuit(1:10-CV-1836) .Defendants failed to inform the  authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**64)** During 2009 to 2011, Defendants failed to advice and file FTCA claim(Federal Tort Claim) against the Department of Labor, Wage and Division,Atlanta for mistakenly listing Eis Technologies Inc as Vinayagam's H1B sponsor  in the Wage and Hour acknowledgment letter Plaintiff lost millions of dollars in compensation from the US- Department of Labor .

**65)** Plaintiff lost her immigration status and  could not successfully transfer her H1B visa Plaintiff is facing life ban to enter the USA

**66)** California lawyers have long been governed by California Business and Professions Code section 6106, which permits State Bar discipline for actions involving dishonesty (among other things) whether or not a licensed lawyer is practicing law.
*California rule 8.4 states in pertinent part that a lawyer shall not:*
*"(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;*
*(c) engage in conduct involving dishonesty, fraud, deceit, or reckless or intentional misrepresentation"*

*Rule 1.5 Fees for Legal Services(b) Unconscionability of a fee shall be determined*
*(1) whether the lawyer engaged in fraud\**
*(2) whether the lawyer has failed to disclose material facts;*

The legal fees in $25,676  were obtained through the Defendant's fraud, and are subject to disgorgement.

**67)** Due to the fraudulent acts of the Defendants , the case against Cronous Inc,Eis Technologies Inc is still open and Plaintiff is forced to represent herself in the case  (Case No. 2:18-CV-01206-RFB-DJA  )

**68)**  As a direct and proximate result of the aforesaid fraud, Plaintiff has suffered  loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Cronous, Eis Technologies Inc, US -Department of Labor. Plaintiff also suffered general damages totaling at least $500,000.

WHEREFORE, Plaintiff requests relief as hereafter provided.

## THIRD CAUSE OF ACTION : PROMISSORY FRAUD

(Against Defendants *ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW* )

**69)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**70)** *"An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract."*

**71)** Defendant  Pierce Shearer  made a promise that is important to the transaction that they never intended to, nor never performed, in order to induce Plaintiff to rely on the promise. Plaintiff Vinayagam  reasonably relied on and  harmed by the false promise.

**72)** Defendant Pierce Shearer  made false promise  to Plaintiff that immigration lawyer Paul Heller will be assisting in the litigation against  Cronous Inc, Eis Technologies Inc

**73)** Pierce Shearer LLP made that promise and  never intended to, nor never performed. Plaintiff relied on the  false promise and was harmed

Specifically Plaintiff's relied  on Defendant's promise and hired them to represent her in  the litigation against Cronous Inc , Eis Technologies Inc

**74)** Defendants did not intend to perform this promise when they made it.
 Defendants intended that Plaintiff rely on the promise.
Plaintiff  Vinayagam reasonably relied on Defendants  promise.
Defendants did not perform the promised act.
Defendants never hired immigration lawyer Paul Heller to assist them in the litigation
**75)** Plaintiff was harmed.
Plaintiff's reliance on Defendant's promise was a substantial factor in causing her harm

**76)** Defendants  failed to file FTCA claim against the Department of Labor-Atlanta for mistakenly listing Eis Technologies as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter. Plaintiff lost  millions of dollars in compensation from the Department of Labor

**77)** Plaintiff lost her immigration status and  could not successfully transfer her H1B visa Plaintiff could not receive T visa , S-5 visa .Plaintiff is facing life ban to enter the USA Plaintiff is forced to represent herself in the  Case No. 2:18-CV-01206-RFB-DJA

**78)**  As a direct and proximate result of the aforesaid promissory fraud, Plaintiff has suffered loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Eis Technologies Inc, Cronous Inc ,US -Department of Labor. Plaintiff also suffered general damages totaling at least $500,000.
WHEREFORE, Plaintiff requests relief as hereafter provided.

## FOURTH CAUSE OF ACTION : FALSE PROMISE
**(Against Defendants** *ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP , ADAMS LAW )*

**79)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*False Promise which is "a promise made without any intention of performing it*

*California Civil Code Section 1710:* **encapsulates legal liability for fraud via false promise or promissory fraud as follows:** *"A deceit, within the meaning of the last section, is either:*
*1.The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;*
*2.The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;*
*3.The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,*
*4.A promise, made without any intention of performing it."*

**80)** Defendants  made a promise that they will hire immigration lawyer Paul Heller to assist them  in the litigation against  Cronous Inc, Eis Technologies Inc
But Defendants did not intend to perform at the time they made the promise.

**81)** Defendants made the promise with the intention that Plaintiff would rely on the promise. Plaintiff did, in fact, reasonably relied on the promise and hired the Defendants.

**82)** Defendants made the promise did not fulfill that promise. Plaintiff suffered harm and the false statement was a substantial factor in causing such harm.

**83)** Defendants are not immigration lawyers and failed to apply H1B visa laws.
Defendants  failed to detect H1B visa fraud, H1B unlawful termination ,wire fraud ,mail fraud, RICO violations,Fraud in Foreign labor contracting and peonage committed by Cronous Inc

**84)** Plaintiff suffered economic damages totaling at least $3,000,000 in treble damages from her H1B visa sponsors Cronous Inc(Eis Technologies Inc)
Plaintiff also suffered general damages totaling at least $500,000.

**85)**Defendants  failed to file FTCA claim against the Department of Labor-Atlanta for mistakenly listing Eis Technologies as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter.
Plaintiff lost  millions of dollars in compensation from the Department of Labor

**86)** Plaintiff lost her immigration status and  could not successfully transfer her H1B visa Plaintiff could not receive T visa, S-5 visa. Plaintiff is facing life ban to enter the USA Plaintiff is forced to represent herself in the  Case No. 2:18-CV-01206-RFB-DJA

WHEREFORE, Plaintiff requests relief as hereafter provided.

## FIFTH CAUSE OF ACTION : FRAUDULENT CONCEALMENT
### *(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**87)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*California Civil Code Section 1710(3)* **encapsulates legal liability for fraud via concealment fraud or fraudulently concealment as follows:** *"A deceit, within the meaning of the last section, is… 3.The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."*

**88)** During April 2009 to  November 2020 ,Defendants fraudulently concealed  the fact that immigration lawyer Paul Heller is not assisting them in the litigation

**89)** Defendants do not have expertise in H1B immigration laws . Defendants confirmed it  in the initial conference call held in April 2009
**90)** Defendants intentionally failed to disclose an important fact to Plaintiff - that immigration lawyer Paul Heller was not assisting them in the litigation

**91)** Plaintiff did not know the concealed fact. Defendant intended to deceive Plaintiff  by concealing that fact. Plaintiff reasonably relied on Defendants' deception
**92)** Plaintiff was harmed.
Defendants' concealment was   a substantial factor in causing Plaintiff's harm.
Defendants concealed the fact until November 2020 **(Exhibit-Fraudulent Concealment)**

**93)** Plaintiff suffered economic damages totaling at least $3,000,000 in treble damages from her H1B visa sponsor Cronous  Inc .
Plaintiff also suffered general damages totaling at least $500,000.

**94)** As the Defendants failed to add the racketeering acts of the RICO enterprise Cronous Inc, Plaintiff could not receive S-5 visa and  was deprived of adjusting her immigration status in the USA .Plaintiff is facing life ban to enter the USA
Defendants failed to include the human trafficking acts committed by Cronous Inc in the complaint . Defendants failed to inform the  authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**95)**Defendants failed to advice and file tort claim against the US Department of Labor for their gross negligence,misconduct in the investigation against Cronous Inc,Eis Technologies Inc .
Plaintiff  lost millions of dollars in compensation from the  US Department of Labor

**96)** As a direct and proximate result of the aforesaid fraudulent concealment, Plaintiff has suffered  loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Eis Technologies,Cronous, US -Department of Labor. Plaintiff also suffered general damages totaling at least $500,000.
WHEREFORE, Plaintiff requests relief as hereafter provided

## SIXTH CAUSE OF ACTION : FEDERAL WIRE FRAUD

**(Against Defendants** *ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**97)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*For the purposes of executing their fraudulent scheme, did cause to be transmitted by means of wire communication in interstate commerce the signals and sounds, contrary to 18, United States Code, Section 1343. (WIRE FRAUD)*

*The four essential elements of the crime of wire fraud are: (1) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money; (2) that the defendant did so with the intent to defraud; (3) that reasonably foreseeable that interstate wire communications would be used; and (4) that interstate wire communications were in fact used*

*U.S.C. 1349 applies to attempts to commit wire fraud. Indeed, "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."*

**98)** Beginning as early as April 2009 and continuing up through and including the end of September 2011 within the Northern District of California and elsewhere ,Defendants knowingly and with the intent to defraud ,devised a material scheme to defraud Plaintiff and to obtain money from her by means of materially false and fraudulent pretenses ,representations and promises ,and by intentional concealment and omission of material facts

**99)** Defendants ran a fraud scheme to defraud Plaintiff ,used false, deceptive, or fraudulent pretenses, representations, or promises to deprive her of money and adjustment of immigration status

**100)** Defendants used the telephones,email,website of their law firm  to promote and run their fraud scheme  and  lure victims of immigration fraud  like Plaintiff .

**101)** On April 24 ,2009  Immigration lawyer  Paul Heller arranged a Conference call for Plaintiff with Defendant Pierce Shearer LLP.  **(Exhibit-Conference Call)**

In the conference call, it was agreed that Defendant Pierce Shearer LLP will  represent Plaintiff in the claims against Eis Technologies Inc and Cronous Inc and  immigration lawyer Paul Heller will handle the immigration part of the litigation

**102)** On April 28,2009 Pierce Shearer LLP  emailed the retainer agreement to  Plaintiff On  April 29,2009  Plaintiff signed the retainer agreement  mailed by  Pierce Shearer LLP

**103)** Defendants intentionally misrepresented themselves and made  false promises  to make Plaintiff enter into a legal contract with them

**104)** Defendants do not have expertise in H1B immigration laws. Defendants never hired immigration lawyer Paul Heller to assist them in the litigation against her H1B sponsor Cronous Inc,  Eis Technologies Inc Defendants concealed this fact from Plaintiff until November 2020 (**Exhibit-Fraudulent Concealment**)

**105)** Cronous Inc  is a RICO enterprise .If Defendants  had included the racketeering acts of the RICO enterprise Cronous Inc , the outcome of the case would have been different. Plaintiff would have received nearly  $3 million in treble damages from her H1B sponsor Cronous Inc.
The Department of Justice would have investigated the racketeering acts of Cronous and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

**106)** Defendants failed to include the human trafficking acts committed by Cronous Inc in the complaint . Defendants failed to inform the  authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**107)** During 2009 to 2011, Defendants failed to  file FTCA claim(Federal Tort Claim) against the Department of Labor, Wage and Division,Atlanta for mistakenly listing Eis Technologies Inc as Vinayagam's H1B sponsor  in the Wage and Hour acknowledgment letter .
Defendant Pierce Shearer LLP never adviced Vinayagam about the FTCA
Plaintiff lost millions of dollars for Tort claim from the Department of Labor

**108)** Plaintiff lost her immigration status and  could not successfully transfer her H1B visa Plaintiff is facing life ban to enter the USA

**109)** During  April 2009 to September 2011 Defendants failed to apply H1B immigration laws in  the  case against Cronous Inc, Eis Technologies Inc and the case was moved to Office of the Administrative Law Judges, San Francisco and  Administrative Review Board,Washington DC  and now is pending with the US District Court ,Nevada

**110)** Plaintiff is forced to represent herself in the case  US Department of Labor, Eis Technologies Inc, Cronous Inc (Case No. 2:18-CV-01206-RFB-DJA  )

**111)** Plaintiff  is a victim of Defendant's wire fraud scheme and lost unpaid wages,earning capacity, immigration status,work opportunities. Plaintiff could not get S-5 visa ,T visa Plaintiff is facing life ban to enter the USA

 **112)** As a direct and proximate result of the aforesaid wire fraud, Plaintiff has suffered  loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Eis Technologies,Cronous, US -Department of Labor. Plaintiff also suffered general damages totaling at least $500,000.

WHEREFORE, Plaintiff requests relief as hereafter provided

## SEVENTH CAUSE OF ACTION : PROFESSIONAL NEGLIGENCE
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**113)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

 *A lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence*

**114)** At all times that Defendants provided their professional services to Plaintiff , Defendants owed Plaintiff a duty to use such skill, prudence and diligence as attorneys of ordinary skill and capacity commonly possess and exercise in the performance of the tasks they undertake

**115)** Defendants  knew or should have foreseen with reasonable certainty that Plaintiff would suffer injury ,including monetary damages  , if Defendants failed to perform their duty to use ordinary skill ,prudence and diligence in connection with the handling of Cronous litigation

**116)** Defendants failed to use such ordinary  skill, prudence and diligence as is  commonly possessed by attorneys of ordinary skill and  capacity and fell below the standard of care , by committing or omitting to perform , the following acts :

**A**) Defendants do not have expertise in H1B immigration laws. Defendants promised to hire immigration lawyer Paul Heller to assist them in the litigation against Eis Technologies , Cronous Inc. But  Defendants never hired immigration lawyer Paul Heller
**(Exhibit-Fraudulent Concealment)**

In November 2020, immigration lawyer Paul Heller confirmed by email that he never assisted Defendants in the litigation against Cronous Inc, Eis Technologies Inc

**B**) Defendants unduly delayed the case by filing the lawsuit  09-06087-JW in the District Court of  California against the Georgia  based companies Eis Technologies Inc, Cronous Inc  .
In March 2010,the case was dismissed for lack of jurisdiction.
Defendants thought they would get jurisdiction in California for the Georgia based companies Eis Technologies Inc, Cronous Inc

On June 16,2010 ,the civil lawsuit (1:10-CV-1836 ) against Eis Technologies and Cronous Inc was filed in the United States District Court,Northern District Court of Georgia .
Defendant Pierce and Shearer LLP teamed up with the Adam Law Offices ,Georgia and Defendant Thomas Mihill filed the  civil lawsuit 1:10-CV-1836  in the United States  District Court,Northern District Court of Georgia. Defendant Thomas Mihill is not an immigration lawyer and has no expertise in H1B immigration laws

**C**) Defendants are not immigration lawyers and failed to apply H1B visa laws.
Defendants  failed to detect  H1B visa fraud, H1B unlawful termination wire fraud ,mail fraud, RICO violations, Fraud in Foreign labor contracting and peonage committed by Cronous Inc

As the Defendants failed to add the racketeering acts of the RICO enterprise Cronous Inc, Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor Cronous Inc Cronous Inc  is a RICO enterprise .If Defendants  had included the racketeering acts of the RICO enterprise Cronous Inc , the outcome of the case would have been different. The Department of Justice would have investigated the racketeering acts of Cronous and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

Defendants failed to include the human trafficking acts committed by Cronous Inc in the complaint . Defendants failed to inform the  authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

During 2009 to 2011, Defendants failed to  file FTCA claim(Federal Tort Claim) against the Department of Labor, Wage and Division,Atlanta for mistakenly listing Eis Technologies Inc as Plaintiff's H1B sponsor  in the Wage and Hour acknowledgment letter . Pierce Shearer LLP never adviced Vinayagam about the FTCA

**D)** During April 2009 to September 2011 , Defendants failed to advice and file tort claim against the US Department of Labor for their gross negligence,misconduct in the Wage and Hour  investigation against  Plaintiff's H1B visa sponsors Cronous Inc, Eis Technologies Inc .

**E)** Eis Technologies Inc , Cronous Inc was willing to pay Plaintiff a settlement of $75000 in three installments. But Defendants forced Plaintiff to settle for a one time payout of $45000

Defendants took more than 40 percent of the settlement and Plaintiff received only $19,324

**F)** To cover up and conceal their fraud, Defendants never provided Plaintiff the amount of payment made to immigration lawyer Paul Heller. In fact ,.Defendants never hired Paul Heller

**117)** Defendants obtained  $25,676 from the settlement for representing Plaintiff in the case against  Cronous, Eis Technologies Inc .,but Defendants  showed no interest in the case  and failed to provide competent legal services

**118)** Due to Defendant's Professional negligence, Plaintiff  was deprived of adjustment of immigration status and compensation of $3,000,000 from her H1B visa sponsors Cronous Inc

**119)** Plaintiff hired Defendants for their expertise in labor laws and relied on their promise to hire immigration lawyer Paul Heller to assist them in the litigation Plaintiff suffered harm by the Defendant's professional negligence

**120)** As a direct and proximate result of the aforesaid professional negligence, Plaintiff has suffered loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Cronous Inc , Eis  Technologies,, US -Department of Labor.

**121)** Plaintiff is forced to represent in the Case No. 2:18-CV-01206-RFB-DJA

WHEREFORE, Plaintiff requests relief as hereafter provided

## EIGHTH CAUSE OF ACTION : INTENTIONAL BREACH OF  FIDUCIARY DUTY
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**122)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**123)** At all relevant times mentioned herein, Defendants, and each of them, owed a fiduciary duty to act at all times in good faith and in Plaintiff's best interest, and had a duty, amongst other things, to perform the services for which they were retained with reasonable care and skill, to act in Plaintiff's highest and best interest at all times, and to not expose Plaintiff's to any unnecessary risk or peril, all in accordance with relevant legal standards of care. Defendants, and each of them, breached their fiduciary duty to Plaintiff's as follow:

**124)** Defendants, as attorneys for Plaintiff owed Plaintiff a fiduciary duty to preserve and protect Plaintiff's interests, rights, and opportunities.

**125)** Defendants, by virtue of the actions and failures to act described herein above, breached said fiduciary duties. As an actual and proximate result of Defendant's breach of fiduciary duties described above, Plaintiff has been injured in an amount to be proven at trial.

**126)**  In breaching said fiduciary duties, Defendants acted with oppression, fraud, or malice.

***Any breach of the trust by the attorney that underlies the relationship between that attorney and the client can be considered misconduct.***

**127)** Defendants entered into written, oral, and/or implied contracts with Plaintiff for legal services. Defendant materially breached those contracts through substantial nonperformance

**128)** As Plaintiff's legal counsel , Defendants  owed Plaintiff duties of loyalty and were prohibited from placing their own interest ahead of the interests of Plaintiff. Defendants acted in their own self interest by among other things, billing Plaintiff for unnecessary and redundant work and staffing matters with Defendant Thomas MiHill  who lacked expertise and experience in H1B immigration laws

**129)** Defendants claimed, demanded, charged, collected, and/or received compensation from Plaintiff for legal services for  performing each and every service they contracted to perform or represented that they  would perform

**130)** Defendants failed to perform competent legal services .Defendants engaged in an unfair pattern and practice of breaching the guarantee and/or acting unfairly against Plaintiff.

**131)** Defendants wrongful conduct was a substantial factor in harming Plaintiff, and damaged Plaintiff in an amount to be determined at trial.

**132)** During 2009 to 2011, Defendants concealed the fact that they never hired immigration lawyer to assist them in the litigation against Eis Technologies,Cronous Inc.
On November 5 , 2020,  immigration lawyer Paul Heller confirmed it by email that he never assisted Pierce Shearer LLP in the litigation against Eis Technologies, Cronous Inc **(Exhibit-Fraudulent Concealment)**

Defendants are not immigration lawyers and failed to apply H1B visa laws.
Defendants  failed to detect H1B visa fraud, H1B unlawful termination wire fraud ,mail fraud, RICO violations, Fraud in Foreign labor contracting and peonage committed by Cronous Inc

**133)** Cronous Inc  is a RICO enterprise .If Defendants  had included the racketeering acts of the RICO enterprise Cronous Inc , the outcome of the case would have been different.

As the Defendants failed to add the racketeering acts of the RICO enterprise Cronous Inc, Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor Cronous Inc

The Department of Justice would have investigated the racketeering acts of Cronous and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

**134)** Defendants failed to include the human trafficking acts committed by Cronous Inc in the complaint . Defendants failed to inform the  authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**135)** During April 2009 to September 2011 , Defendants failed to advice and file tort claim against the US Department of Labor for their gross negligence,misconduct in the Wage and Hour  investigation against  Plaintiff's H1B visa sponsors Cronous Inc, Eis Technologies Inc .

**136)** During 2009 to 2011, Defendants failed to  file FTCA claim(Federal Tort Claim) against the Department of Labor, Wage and Division,Atlanta for mistakenly listing Eis Technologies Inc as Vinayagam's H1B sponsor  in the Wage and Hour acknowledgment letter .
Pierce Shearer LLP never adviced Vinayagam about the FTCA

**137)** Eis Technologies Inc , Cronous Inc was willing to pay Plaintiff a settlement of $75000 in three installments. But Defendants forced Plaintiff to settle for a one time payout of $45000

Defendants took more than 40 percent of the settlement and Plaintiff received only $19,324

**138)**  As a direct and proximate result of the aforesaid breach of fiduciary duties , Plaintiff suffered economic loss , loss of immigration status and money damages in a sum of $3,000,000. Plaintiff faces life ban to enter the USA

**139)** As a direct and proximate result of the aforesaid breach of fiduciary duty, Plaintiff has suffered, and will continue to suffer, harm in an amount according to proof at trial, including but not limited to punitive damages, and no less than the minimum jurisdictional amount of the court.

 WHEREFORE, Plaintiff requests relief as hereafter provided

## NINTH CAUSE OF ACTION : BREACH OF CONTRACT
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP , ADAMS LAW )*

**140)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**144)** Defendants entered into written, oral, and/or implied contracts with Plaintiff for competent  legal services.

**145)** Plaintiff have performed all of her obligations under her contract with the Defendant, except to the extent any such obligations were excused by Defendant's contract breaches.

**146)** Defendant materially breached those contracts through substantial nonperformance.

**147)** During April 2009 to September 2011 , Defendants breached the oral and written contract by failing to hire immigration lawyer Paul Heller to assist them in the litigation against Cronous Inc, Eis Technologies Inc
**148)** During 2009 to 2011, Defendants concealed the fact that they never hired immigration lawyer to assist them in the litigation against Eis Technologies,Cronous Inc.
On November 5 , 2020,  immigration lawyer Paul Heller confirmed it by email that he never assisted Pierce Shearer LLP in the litigation against Eis Technologies, Cronous Inc

**149)** Defendants failed to detect H1B visa fraud, H1B unlawful termination Mail fraud, Wire Fraud, Peonage,Fraud in Foreign Labor Contracting and  RICO violations  committed by Cronous. Defendants failed  to apply H1B visa immigration laws in the  Cronous case and this served as a advantage to the defense counsel

**150)** As the Defendants failed to add the racketeering acts of the RICO enterprise Cronous Inc, Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor Cronous Inc The Department of Justice would have investigated the racketeering acts of Cronous and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

**151)** Defendants failed to detect and inform  the law enforcement authorities  about the human trafficking acts committed by Cronous Inc  and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**152)** During April 2009 to September 2011, Defendants failed to  file Federal Tort Claim) against the Department of Labor, WHD,Atlanta for mistakenly listing Eis Technologies Inc as Plaintiff's H1B sponsor  in the Wage and Hour acknowledgment letter

**153)** As a result of Defendant's  breach of contract , Plaintiff suffered economic loss , loss of immigration status and money damages in a sum of $3,000,000. Plaintiff faces life ban to enter the USA

WHEREFORE, Plaintiff requests relief as hereafter provided

## TENTH CAUSE OF ACTION : LEGAL MALPRACTICE
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**154)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**In a legal malpractice action  arising from a civil proceeding**
*1.The duty of the attorney to use such skill ,prudence and diligence as members of his/her profession commonly possess and exercise*
*2. a breach of that duty*
*3. a proximate causal connection between the breach and the resulting jury*
*4.actual loss or damage resulting from the attorney's negligence*

**155)** Defendants had the duty to diligently and promptly represent Plaintiff's interests. But Defendants intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal  services with competence.

**156)** Defendants  intentionally, repeatedly,recklessly or with gross negligence failed to act with reasonable diligence in representing Plaintiff. Defendant failed to  act with commitment and dedication to the interests of Plaintiff  and neglected, disregarded, and unduly delayed the Cronous  legal matters

**157)** Defendants are not immigration lawyers and failed to apply H1B immigration laws. Defendants failed to hire immigration lawyer Paul Heller to assist them in the litigation Defendants lack of expertise and experience in H1B visa immigration laws served as an advantage to the defense counsel.

**158)** Defendants unduly delayed the case by filing the lawsuit  09-06087-JW in the District Court of  California against the Georgia  based companies Eis Technologies Inc, Cronous Inc In March 2010,the case was dismissed for lack of jurisdiction.

**159)** Defendants  emailed Plaintiff that thought they would get jurisdiction in California for the Georgia based companies Eis Technologies Inc, Cronous Inc

**160)** On June 16,2010 ,the civil lawsuit (1:10-CV-1836 ) against Cronous, Eis Technologies and Cronous Inc was filed in the United States District Court,Northern District Court of Georgia .

**161)** Defendant Pierce and Shearer LLP teamed up with the Adam Law Offices ,Georgia and Defendant Thomas Mihill filed the  civil lawsuit 1:10-CV-1836  in the United States  District Court,Northern District Court of Georgia.

**162)** Defendant Thomas Mihill is not an immigration lawyer and has no expertise in H1B immigration laws

**163)** Defendants failed to detect H1B visa fraud, H1B unlawful termination ,wire fraud ,mail fraud, RICO violations,Fraud in Foreign labor contracting,peonage committed by Cronous Inc

**164)** Cronous Inc  is a RICO enterprise .If Defendants  had included the racketeering acts of the RICO enterprise Cronous Inc , the outcome of the case would have been different.
As the Defendants failed to add the racketeering acts of the RICO enterprise Cronous Inc, Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor Cronous Inc

**165)** The Department of Justice would have investigated the racketeering acts of Cronous and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

**166)** Defendants failed to include the human trafficking acts committed by Cronous Inc in the civil lawsuit filed in Georgia . Defendants failed to inform the  law enforcement agency  about the human trafficking acts of Cronous Inc, Eis Technologies and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**167)** During April 2009 to September 2011 , Defendants failed to advice and file tort claim against the US Department of Labor for their gross negligence,misconduct in the Wage and Hour  investigation against  Plaintiff's H1B visa sponsors Cronous Inc, Eis Technologies Inc .

**168)** Defendants failed to  file FTCA claim(Federal Tort Claim) against the Department of Labor, Wage and Division,Atlanta for mistakenly listing Eis Technologies Inc as Plaintiff's H1B sponsor  in the Wage and Hour acknowledgment letter. (Exhibit-FTCA)
Defendant Pierce Shearer LLP never adviced Plaintiff about the FTCA

**169)** Eis Technologies Inc , Cronous Inc was willing to pay Plaintiff a settlement of $75000 in three installments. But Defendants forced Plaintiff to settle for a one time payout of $45000 Defendants took more than 40 percent of the settlement and Plaintiff received only $ 19,324

**170)** In the retainer agreement signed on April 2009 , Defendant Pierce Shearer confirmed that   *"In accordance with Rules of Professional Conduct ,the terms and amount of payment to HILG (Heller Immigration Law Group)  will be disclosed to Client"*

**171)** But  Defendant Pierce Shearer never disclosed to Plaintiff the terms and amount of payment to HILG (Heller Immigration Law Group) .In fact ,Defendants never hired immigration lawyer Paul Heller or his law firm HILG (Heller Immigration Law Group) to assist them in the litigation against Eis Technologies Inc, Cronous Inc

***172)  Rule 1.5 Fees for Legal Services(b) Unconscionability of a fee shall be determined  (1) whether the lawyer engaged in fraud\****
**173)**  The legal fees paid by Plaintiff were obtained through Defendant's fraud  and are subject to disgorgement

WHEREFORE,Plaintiff demands judgment against Defendants for money damages in such amounts as are fair and reasonable ,plus costs , and for such further relief as the court deems just and proper

## ELEVENTH CAUSE OF ACTION : GROSS NEGLIGENCE
(**Against Defendants** *ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP , ADAMS LAW )*

**174)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*Gross Negligence means any act or failure to act (whether sole, joint or concurrent) by a person that was intended to cause or was in reckless disregard of, or wanton indifference to, the harmful consequences to the safety or property of another person which the person acting or failing to act knew, or should have known, would result from such act or omission,*

**175)** Defendant Pierce Shearer LLP  consciously and voluntarily  disregarded  the need to use reasonable care, which caused foreseeable grave injury or harm to Vinayagam

**176)** Defendants are not immigration lawyers and failed to apply H1B immigration laws. Defendants failed to hire immigration lawyer Paul Heller to assist them in the litigation Defendants lack of expertise and experience in H1B visa immigration laws served as an advantage to the defense counsel.

**175)** Defendants unduly delayed the case by filing the lawsuit  09-06087-JW in the District Court of  California against the Georgia  based companies Eis Technologies Inc, Cronous Inc .In March 2010,the case was dismissed for lack of jurisdiction.

**176)** Defendants failed to include H1B visa fraud, H1B unlawful termination ,wire fraud ,mail fraud,RICO violations, peonage, Fraud in Foreign labor contracting and in the complaints ( 09-06087-JW ,1:10-CV-1836 )
Defendants failed to apply H1B visa laws in this case against Cronous, Eis Technologies Inc

**177)** If Defendants  had included the racketeering acts of the RICO enterprise Cronous Inc in the lawsuit filed in Georgia , the outcome of the case would have been different.
Plaintiff would have received treble damages from the RICO enterprise Cronous Inc

**178)** The Department of Justice(DOJ) would have investigated the racketeering acts of Cronous  and Plaintiff would have received S-5 visa for assisting the DOJ in the investigation

**179)** Defendants failed to include the human trafficking acts committed by Cronous Inc in the complaint . Defendants failed to inform the  authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**180)** Defendants failed to file Federal Tort Claim against the Department of Labor-Atlanta for failing to list Cronous Inc as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter (The US Department of Labor-Atlanta mistakenly listed Eis Technologies as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter)

Plaintiff lost millions of dollars in  damages from the  US-Department of Labor

**181)** Eis Technologies Inc , Cronous Inc was willing to pay Plaintiff a settlement of $75000 in three installments. But Defendants forced Plaintiff to settle for a one time payout of $45000 Defendants took more than 40 percent of the settlement and Plaintiff received only $ 19,324

**182)** As a result of Defendant's  gross negligence , Plaintiff suffered economic loss , loss of immigration status,career opportunities and money damages in a sum of $3,000,000. Plaintiff faces life ban to enter the USA

**183)** Defendants grossly negligence entitles Plaintiff to punitive and/or exemplary damages in addition to the actual damages alleged above.

WHEREFORE, Plaintiff requests relief as hereafter provided

## TWELVETH CAUSE OF ACTION : <u>WILFUL MISCONDUCT</u>
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**184)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*Willful Misconduct means intentional disregard of good and prudent standards of performance or proper conduct under the Contract with knowledge that it is likely to result in any injury to any person or persons or loss or damage of property.*

*Misconduct committed voluntarily and intentionally,  being conduct that is intentional, reckless or wanton in nature.*
 *"`"(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."'*

**185)** Defendants are not immigration lawyers and never hired immigration lawyer Paul Heller to assist them in the litigation .Defendants failed to apply H1B immigration laws. Defendants lack of expertise and experience in H1B visa immigration laws served as an advantage to the defense counsel.

**186)** During April 2009 to September 2011, Defendants concealed the fact they did not hire immigration lawyer Paul Heller to assist them in the litigation against Eis Technologies Inc, Cronous Inc  . (<u>Exhibit-Fraudulent Concealment</u>)

**187)** The Defendants acted out of a desire to conceal their own misconduct.
The Defendants engaged in purposeful misrepresentation and  reckless disregard of the truth to produce unlawful gain

**188)** Defendants all of them have intentionally engaged in a pattern and practice of willful misconduct using gross negligence as their avenue to defraud Plaintiff

**189)** Defendants engaged in misleading, false, or deceptive acts to force Plaintiff  enter into a contract with them . Defendants knowingly engaged  in unconscionable methods, acts, or practices against Plaintiff  knowingly taking advantage of her , who was apparently   an immigrant from India

**190)** Defendants breached their legal duty to Plaintiff' and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard  of Plaintiff's rights

**191)** The case against Eis Technologies Inc, Cronous Inc  involves H1B  unpaid wages ,H1B unlawful termination. The Defendants are labor lawyers and needed the expertise of an immigration lawyer to assist them in the litigation .But Defendants never hired immigration lawyer Paul Heller to assist them in the litigation against Eis Technologies Inc, Cronous Inc  .

**192)** Defendants knew or should have known that their misconduct would result in a foreseeable harm to Plaintiff.. Furthermore, it is and was at all material times foreseeable for the Defendants that their misconduct would cause damage to the  interests of Plaintiff given the litigation is against Plaintiff's H1B sponsor  Cronous Inc  and Eis Technologies Inc

**193)** Defendants unduly delayed the case by filing the lawsuit  09-06087-JW in the District Court of  California against the Georgia  based companies Eis Technologies Inc, Cronous Inc

**194)** Defendants failed to include H1B visa fraud, H1B unlawful termination ,wire fraud ,mail fraud,peonage ,RICO violations, Fraud in Foreign labor contracting and in the lawsuits ( 09-06087-JW ,1:10-CV-1836 ) and thus depriving her of S-5 visa and  treble damages from the RICO enterprise Cronous Inc

**195)** Defendants failed to inform the law enforcement authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**196)**  Defendants failed to file Federal Tort Claim against the Department of Labor-Atlanta for failing to list Cronous Inc as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter (The US Department of Labor-Atlanta mistakenly listed Eis Technologies as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter)
Plaintiff lost millions of dollars in  damages from the  US-Department of Labor

**197)** Eis Technologies Inc , Cronous Inc was willing to pay Plaintiff a settlement of $75000 in three installments. But Defendants forced Plaintiff to settle for a one time payout of $45000 Defendants took more than 40 percent of the settlement and Plaintiff received only $ 19,324

**198)**  As a result of Defendant's  willful misconduct , Plaintiff suffered economic loss , loss of immigration status ,career opportunities and money damages in a sum of $3,000,000.

Plaintiff faces life ban to enter the USA

 WHEREFORE, Plaintiff requests relief as hereafter provided

## THIRTEENTH CAUSE OF ACTION : <u>RICO</u>

**(Against Defendants** *ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW  )*

**199)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*18 USC 1962(c)  makes it unlawful to "conduct or participate, directly or indirectly, in the conduct"*
*of an enterprise through a pattern of racketeering activity.*
*The four primary elements of this subsection are (1) conduct (2) of an enterprise*
*(3) through a pattern (4) of racketeering activity*

**200)** Plaintiff alleges that Defendant Pierce Shearer  is a RICO enterprise as that term is defined pursuant to  18 U.S.C. § 1961(4)
Plaintiff alleges that Defendants were employed by and associated with each other , and engaged in a conduct that constitutes a RICO pattern of racketeering activity

**201)** Defendants Andrew Pierce,Scott Berman,Jacquetta Lannan, Thomas MiHill at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3) because  they are capable of holding,and does hold, "a legal or beneficial interest in property."

**202)** Plaintiff alleges  that RICO persons are associated with said RICO enterprise that is engaged in or activities of which affect,  interstate or foreign commerce ,and that said RICO persons conducted ,participated directly or indirectly ,in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity

**203)** The RICO enterprise Pierce Shearer LLP consists of a group of "persons" associated together for the common purpose of intentionally and willfully defrauding non immigrant workers  victimized by their  H1B employers

**204)** Defendants  created and conducted Pierce Shearer LLP  Inc to defraud  immigrants  like Plaintiff using their fraud scheme
Defendants  engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)   by engaging in the acts ,aiding and abetting the commission of the acts ,in violation of the following laws

- *Mail fraud - 18 U.S.C. § 1341*
- *Wire fraud - 18 U.S.C. § 1343*
- *Interstate and foreign travel or transportation in aid of racketeering enterprises - 18 USC §1952*

**Section 1962(a)**
Defendants  Andrew Pierce,Scott Berman,Jacquetta Lannan, Thomas MiHill  received income derived  from a pattern of racketeering activity and invested  part of such income in acquisition of an interest in, or the establishment or operation of the criminal enterprise PIERCE SHEARER LLP

### Section 1962(b)

Defendants  Andrew Pierce,Scott Berman,Jacquetta Lannan, Thomas MiHill did own or control the enterprise or maintain interest in or control of the enterprise through a pattern of racketeering activity. The  injury to Plaintiff proximately resulted from the Defendants acquisition of an interest in or control over an enterprise.

### Section 1962(c)

Section 1962(c) prohibits any  person from operating or managing an enterprise through a pattern of racketeering activity.
Defendants Andrew Pierce,Scott Berman,Jacquetta Lannan, Thomas MiHill did conduct or participate, directly or indirectly, in the conduct of an enterprise through a pattern of racketeering activity.
Plaintiff was injured by reason of the Defendant's operation or management of the enterprise through a pattern of racketeering

So Plaintiff is entitled to treble damages, attorneys' fees and costs under section 1964(c) (commonly referred to as RICO's civil liability provision).

### Section 1962(d): Conspiracy

*Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Unlike the general conspiracy statute applicable to federal crimes, which requires proof that at least one of the conspirators committed an "act to effect the object of the conspiracy," there is no requirement under section 1962(d) that an "overt act" or specific act be committed in furtherance of a RICO conspiracy. Furthermore, a defendant who conspires to commit a substantive offense under section 1962(a), (b), or (c) can be convicted of a RICO conspiracy even though the defendant does not personally commit or agree to commit the racketeering activity*

Defendants Andrew Pierce,Scott Berman,Jacquetta Lannan, Thomas MiHill  agreed to join the conspiracy, agreed to commit predicate acts and knew that those acts were part of a pattern of racketeering activity.

### 205)PATTERN OF RACKETEERING

#### Predicate acts
#### A) Wire fraud

*For the purposes of executing their fraudulent scheme, did cause to be transmitted by means of wire communication in interstate commerce the signals and sounds, contrary to 18, United States Code, Section 1343.(WIRE FRAUD)*

Defendant Pierce Shearer  intentionally misrepresented them  and made false promises to make Vinayagam enter into a legal contract with them. Vinayagam relied on their promise and hired Pierce Shearer LLP .But Pierce Shearer LLP  failed to provide competent  legal services.

Defendant Pierce Shearer does not have expertise in H1B immigration laws,but lied to Plaintiff that immigration lawyer Paul Heller is assisting in the litigation
Defendant Pierce Shearer failed to apply H1B immigration laws

Defendants  used their law firm website, email,phone communications to deceive Plaintiff Plaintiff is a victim of Defendants  federal wire fraud scheme and was deprived of adjustment of immigration status and compensation of $3,000,000 from her H1B visa sponsor Cronous Inc (Eis Technologies)

Defendants used email , fax to communicate with the legal team of Cronous Inc ,Plaintiff and the District Courts in executing their multi-state fraud scheme

## B) Mail fraud

During  September 2011, Defendants used USPS and private mail carriers to send  the settlement check ,settlement agreement to Plaintiff. Defendants used USPS to mail the legal documents to the District Court in San Francisco and Atlanta

## C) 18 USC §1952. Interstate and foreign travel or transportation in aid of racketeering enterprises

*(a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to—*
*(1) distribute the proceeds of any unlawful activity; or*
*(2) commit any crime of violence to further any unlawful activity; or*
*(3) otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity,*

Defendant Jacquetta Lannan traveled from California to Georgia to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of their multi-state fraud scheme

## 206) Victim and her injuries

Defendants participated either directly or indirectly in this multi state fraud and racketeering scheme

Plaintiff  a citizen of India was defrauded by the criminal enterprise run by the Defendants. Defendants fraudulently concealed the fact that immigration lawyer Paul Heller is not assisting in the litigation against Cronous Inc, Eis Technologies Inc.

Defendants mishandled the case(1:10-CV-1836) and Plaintiff  lost millions of dollars in compensation from her H1B sponsor Cronous Inc and the US Department of Labor .

The case against Cronous Inc, Eis Technologies Inc should have been done in the year 2011. But due to the fraudulent acts, professional negligence, RICO acts, legal malpractice of the Defendants, the case was  moved from the Wage and Hour Division Atlanta to the Office of Administrative Law Judges ,San Francisco and the Administrative Review Board,Washington DC and now pending with the US District Court of Las Vegas,Nevada

Plaintiff cannot afford a lawyer and she is forced to represent herself in the case against the US Department of Labor, Eis Technologies Inc, Cronous Inc ( Case No. 2:18-CV-01206)

Plaintiff was deprived of getting T visa, S-5 visa and now facing life ban to enter the USA

**207) Benefits Received by the RICO Enterprise Cronous from the Alleged Pattern of Racketeering Activity**
The Defendants enjoyed substantial financial profits from their racketeering activities.
The unlawful activities committed by the Defendants,coupled with the fraud, fraudulent concealment,gross negligence,intentional misconduct caused Plaintiff Vinayagam to overstay her H1B visa and deprived her of adjustment of immigration status

The Defendants profited $25,676 from their fraud scheme


**208) The Effect of the Activities on Interstate Commerce**
The Defendants identified in this action have conducted the racketeering activities and other business activities relevant to this action through interstate travel and communications.
Defendant Jacquetta Lannan has traveled and communicated across state lines in undertaking the transactions, travel and the racketeering acts. Defendants conducted business throughout the USA .Their business and racketeering activities (involving travel, wire transactions within the USA)  affect interstate commerce.

The Defendants were associated with the Enterprise .The liable Defendant "persons" are separate and distinct entities from the enterprise alleged above.
The acts of the Defendants constitute a pattern of racketing activity within the meaning of 18 U.S.C. § 1961(5), because:
a. the conduct has continued over a long enough period of time to provide the requisite continuity for a closed-end pattern; and,
b. Defendant's racketeering acts have been ongoing for many years

The acts of the Defendants were intended to and did in fact affect interstate commerce.
The fraudulent acts were committed through the enterprise as part of the multi-state fraud scheme to defraud Plaintiff Vinayagam

**209) Racketeer Influenced and Corrupt Organizations Act (Rico), 18 U.S.C. § 1964(c) (2000)**
*18 U.S.C. § 1964(c) allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to "sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit,including a reasonable attorney's fee …."*

As a direct and proximate result of the Defendant's racketeering activities,and violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d) Plaintiff Vinayagam has been injured in her business and property by reason not only of the loss of visa ,unpaid wages,immigration status,income,career opportunities,but facing life ban to enter the USA.

WHEREFORE Plaintiff claims treble damages against the Defendants in an amount of $9,000,000, together with costs,interest and other fees

WHEREFORE Plaintiff claims  exemplary and punitive damages against the Defendants in an amount as determined by the trier of fact. .

**FOURTEENTH CAUSE OF ACTION : UNFAIR BUSINESS PRACTICES - CALIFORNIA BUSINESS AND PROFESSIONS CODE section 17200 et seq.**
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**210)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**211)** By virtue of his  actions and failures to act described herein above, Defendants committed violations of  California Business and Professions Code section 17200 et seq.

**212)** On October 19,2020, Plaintiff delivered a demand letter to Defendants  detailing the breaches and violations described herein above.
Plaintiff requested Defendants acknowledgment of and response to said claims.
Defendants failed and refused to comply with Plaintiff's reasonable requests.
As a result, Plaintiff has been forced to file this lawsuit

**213)** In November 2020,Defendant  Thomas MiHill's  response to Plaintiff's demand letter
*That is my signature, and it is stamped as filed, so I would assume that I did so.*
*However, I have no recollection of this case and left that firm in 2011, so I cannot review the file. Again, based on this attachment, I would believe that I did file that complaint, but I can't provide you with any specifics.*

*Ms. Vinayagam, again, I have no recollection of your case. If you do in fact have any claims, they would be against my former employer, the Adams Law Offices. Also, since I could not possibly have worked on your file past June 2011, the statute of limitations on any claims will have passed. Please consult with your counsel on these issues. (Exhibit-Legal Malpractice)*

**214)** Defendant Adams Law  and their website aloattorneys.com is unreachable.

**215)** Defendant's unlawful, unfair, and/or fraudulent business acts or practices were substantial factors in the harm Plaintiff suffered, and Plaintiff's lost money is subject to restitution.

**216)** Unless Defendant is restrained from continuing these unlawful, unfair, and/or fraudulent business acts or practices, Plaintiff and members of the public will suffer irreparable injury.

**217)** Plaintiff therefore is entitled to equitable relief in the form of restitution and injunctions, and any other equitable relief permissible under California Business and Professions Code Section 17203.

 **218)** As a direct and proximate result of the aforesaid  unfair business practices , Plaintiff has suffered loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Cronous Inc, Eis Technologies and the  US -Department of Labor.

WHEREFORE, Plaintiff requests relief as hereafter provided

## FIFTEENTH CAUSE OF ACTION : INTENTIONAL AND NEGLIGENT  INFLICTION OF EMOTIONAL DISTRESS

***(Against Defendants** ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW   )*

**219)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

***The essential elements needed to assert a claim for intentional infliction of emotional distress are:***
***(1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that the emotional distress would likely result;***
***(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;***
***(3) the conduct caused emotion  distress;***
***(4) and the emotional distress was severe.***

**220)** During April 2009 to September 2011, Defendants concealed the fact they did not hire immigration lawyer Paul Heller to assist them in the litigation against Eis Technologies Inc, Cronous Inc .(Exhibit-Fraudulent Concealment**)**

**221)** Defendants engaged in misleading, false, or deceptive acts to force Plaintiff  enter into a contract with them . Defendants knowingly engaged  in unconscionable methods, acts, or practices against Plaintiff  knowingly taking advantage of her , who was apparently   an immigrant from India

**222)** Defendants breached their legal duty to Plaintiff' and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard  of Plaintiff's rights

**223)** Defendants ran a  multi state fraud and racketeering scheme and Plaintiff was a victim of their  racketeering scheme and injured
Defendants conduct is intended to inflict injury or engaged in with the realization that injury will result.

**224)** Defendants  conduct towards Plaintiff ,as alleged above was outrageous and unprivileged and was done with the intent to cause emotional distress and with reckless disregard of the probability of causing such emotional distress

 **225)** As a result of the above-described conduct of the Defendants, Plaintiff a Diabetic has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical  treatment

**226)** Defendants failed to include H1B visa fraud, H1B unlawful termination, wire fraud ,mail fraud,RICO violations, peonage, Fraud in Foreign labor contracting and in the lawsuits ( 09-06087-JW ,1:10-CV-1836 ) and thus depriving her of S-5 visa and  treble damages from the RICO enterprise Cronous Inc

**227)** Defendants failed to inform the law enforcement authorities about the human trafficking acts of Cronous and thus depriving Plaintiff of getting T visa( Victims of Trafficking)

**228)** Defendants failed to file Federal Tort Claim against the Department of Labor-Atlanta for failing to list Cronous Inc as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter (The US Department of Labor-Atlanta mistakenly listed Eis Technologies as Plaintiff's H1B sponsor in the Wage and Hour Acknowledgment letter)
Plaintiff lost millions of dollars in  damages from the  US-Department of Labor

**229)** Eis Technologies Inc , Cronous Inc was willing to pay Plaintiff a settlement of $75000 in three installments. But Defendants forced Plaintiff to settle for a one time payout of $45000 Defendants took more than 40 percent of the settlement and Plaintiff received only $ 19,324

**230)** The case against Eis Technologies Inc Cronous Inc  should have been done in the year 2011.

But due to the fraudulent acts, professional negligence, RICO acts, legal malpractice of the Defendants, the case was  moved from the Wage and Hour Division Atlanta to the Office of Administrative Law Judges ,San Francisco and the Administrative Review Board, Washington DC  and now is pending with the United States – District Court of Las Vegas,Nevada
 ( Case No. 2:18-CV-01206 )

**231)** Plaintiff cannot afford a lawyer and she is forced to represent herself in the case against the US Department of Labor, Eis Technologies Inc, Cronous Inc ( Case No. 2:18-CV-01206 )

**232)**Plaintiff currently resides in her home country India and could not get a job because of the long breaks in her career and clouded and complicated immigration history

**233)**Defendants  conduct was intentional and malicious insofar as his actions were taken with knowledge Plaintiff's emotional  and physical distress would result from his conduct ,but nevertheless undertook and continued such conduct with a wanton and reckless disregard of the consequences to Plaintiff

**234)** As a direct and proximate result of the aforesaid acts, Plaintiff has suffered loss of immigration status,career opportunities, economic damages totaling at least $90,250 in front wages. Plaintiff lost millions of dollars in compensation from Cronous Inc, Eis Technologies and the US -Department of Labor.

WHEREFORE, Plaintiff requests relief as hereafter provided

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against the Defendants as follows:

180. For damages in excess of $10,000,000, the exact amount to be proven at trial;

181. For injunctive relief preventing Defendants from causing such further injuries to Plaintiff and other clients of Defendants;

182. The trebling of any statutory fines or other penalties or punitive damages awarded to Plaintiff  pursuant to Civil Code Section 3345.

183. Interest at the legal rate on all claims for compensatory damages;

184. Costs and expenses of this action;

185. All such equitable relief as it deems proper and just, including, but not limited to, disgorgement and restitution; and

186. Such other and further relief as the Court may deem just and proper.

187. Plaintiff hereby demands a trial by jury.

**Dated this 22nd  of September,2021**

**Respectfully Submitted**

---------------------------------

NITHYA VINAYAGAM
**(In Pro Per)**
NEW NO 11, OLD NO 6
MANGALAPURAM 10TH STREET,CHETPET
CHENNAI – 600 031
INDIA
Email : NITHYA.VINAY@YAHOO.COM
Mobile Phone : +91 917-624-4247

**EHIBIT G-28**

**Notice of Entry of Appearance
as Attorney or Representative**

**Appearances** – An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re:   Nithya Vinayagam | Date:   June 1, 2000 |
| | File No. 1546097 |

I hereby enter my appearance as attorney for (or representative of), and at the request of the following named person(s):

| Name:   Scott A. Berman, Esq. PIERCE & SHEARER | ☑ Petitioner   ☐ Beneficiary | ☐ Applicant |

Address: (Apt. No.)      (Number & Street)      (City)      (State)      (Zip Code)

| Name: | ☐ Petitioner   ☐ Beneficiary | ☐ Applicant |

Address: (Apt. No.)      (Number & Street)      (City)      (State)      (Zip Code)

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

California _____ Supreme Court _____ and am not under a court or administrative agency

*Name of Court*

order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with

the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS   2483 E. Bayshore Rd. Suite 202   Palo Alto, CA 94303 |
| NAME (Type or Print)   Scott A. Berman | TELEPHONE NUMBER   (650) 843-1900 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*

Scott A. Berman, Esq.

*(Name of Attorney or Representative)*

*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*

File No. 1546097

| Name of Person Consenting   Nithya Vinayagam | Signature of Person Consenting | Date   02/JUN/09 |

(NOTE:  Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

## Exhibit-Conference Call

**Re: As discussed**

From:Paul M. Heller, Esq. (heller@greencard1.com)
To:vinay_nithya@yahoo.com
Date:Friday, April 24, 2009, 04:25 PM PDT

Hi Nithya,

Shortly, if you are available, I want you to speak with our labor lawyers; we'll then make a decision whether to represent you or not (moving forward). Please make sure to give me your contact number (in about an hour or less).

However, before call, I'd like you to respond 'point by point' to the allegations in the attorney letter. I don't believe a word of it, and more than likely it was a simple, unsophisticated attempt to scare you out of the country. But there are several things in it that seem inconsistent with our conversation.

Finally, it is imperative that you tell us the truth, completely. It will not hurt your case.

Best,

_____

Paul M. Heller, Esq. (Founder/Principal)

Heller Immigration Law Group

2479 E. Bayshore Rd., Suite 709, Palo Alto (Silicon Valley), CA 94303

Toll-Free: 1/800 863-4448; Local/Int'l: 1/650 424-1900/02; Fax: 1/650 204-6807

Email: heller@greencard1.com; Website: http://greencard1.com

Contact Form: http://greencard1.com/gc/contact-us/

Blackberry: 1/650 799-0123; Blog: http://blog.hilglaw.com


Google Talk: hilglaw; YM: paulhilg; Profile: http://www.linkedin.com/in/hilglaw

<u>**Exhibit-Legal Malpractice**</u>

## Re: Legal malpractice

From:TJ Mihill (tjmihill@owengleaton.com)
To:scott@bermannorth.com; jacquetta@gmail.com; apierce@pierceshearer.com;
nithya.vinay@yahoo.com
Date:Saturday, November 7, 2020, 10:31 AM PST

Ms. Vinayagam, again, I have no recollection of your case. If you do in fact have any claims,
they would be against my former employer, the Adams Law Offices.
Also, since I could not possibly have worked on your file past June 2011, the statute of
limitations on any claims will have passed.
Please consult with your counsel on these issues.

**Thomas J. Mihill**

303 Peachtree Street, N.E. | Suite 2850 |Atlanta, Georgia 30308

O: 404-688-2600 | D: 404-566-4101 | F: 404-525.4347

>>> Nithya Vinayagam <nithya.vinay@yahoo.com> 11/07/20 8:12 AM >>>

Mr. Mihill
Thanks for your response. I will add you as a defendant in the multi state fraud and RICO lawsuit to be filed shortly

Best
Nithya


>>>>>>On Friday, November 6, 2020, 11:49:35 AM PST, TJ Mihill <tjmihill@owengleaton.com> wrote:

That is my signature, and it is stamped as filed, so I would assume that I did so. However, I have no
recollection of this case and left that firm in 2011, so I cannot review the file. Again, based on this
attachment, I would believe that I did file that complaint, but I can't provide you with any specifics.

Thomas J. Mihill
303 Peachtree Street, N.E.
O: 404-688-2600 | D: 404-566-4101 | F: 404-525.4347


>>> Nithya Vinayagam <nithya.vinay@yahoo.com> 11/06/20 11:34 AM >>>

Mr. Mihill
I do understand you do not handle legal malpractice claims .Pierce Shearer LLP hired you to file a civil
case complaint (1:10- CV-01836) in the US District Court -Northern District of Georgia- Atlanta division

Did you not file the attached civil case complaint? Please confirm

Best
Nithya

**Exhibit – Fraudulent Concealment**

From: Paul M. Heller, Esq. <heller@hellerimmigration.com>
To: Nithya Vinayagam <nithya.vinay@yahoo.com>
Sent: Thursday, November 5, 2020, 10:54:02 AM PST
Subject: Re: Legal malpractice

Hi Nithya; I'm sorry to hear about all of this. I honestly wish you the best in your Complaint. Lastly, please note that I did not assist them in any way whatsoever, and what I wrote to you - to call them to see if they knew or could help you find a labor lawyer in Las Vegas, is the full extent of my involvement. My practice is, and has always been, 100% immigration law.

Best, p

_____
Paul M. Heller, Esq. | Principal & Founder
Heller Immigration Law Group

Serving Silicon Valley Companies for 30+ years
Call Direct: 650.424.1902
For immigration issues: heller@hellerimmigration.com

LinkedIn: 17,000+
Focus: H-1b, TN, Eb1, NIW, O-1, L-1, PERM, Marriage & N400


On Wed, Nov 4, 2020 at 7:18 PM Nithya Vinayagam <nithya.vinay@yahoo.com> wrote:
> Mr.Heller
>
> You introduced me to Pierce Shearer LLP in April 2009 .I retained them to provide legal advice and representation regarding  labor law claims against my H1B visa sponsor Cronous Inc(Eis Technologies)
>
> Due to their malpractice and gross negligence, this case has been moved to the Office of Administrative Law Judges ,Administrative Review Board and am forced to represent myself in the Federal Court ,Las Vegas
>
> Pierce Shearer LLP claimed that you assisted them in the litigation. Can you confirm the same?
>
> I would like to file a legal malpractice suit and sent a demand letter(attached) to Pierce Shearer LLP on October 19,2009
>
> As I did not receive any response from Pierce Shearer LLP, I will initiate legal action shortly
>
>
> Best
> Nithya
>
>
>

**9/21/21, 2:35 AM Yahoo Mail - Re: Legal malpractice**

**Exhibit- FTCA**

2/24/2021 Yahoo Mail - RE: FW: Vinayagam v. Cronous Solutions, Inc. et al.

RE: FW: Vinayagam v. Cronous Solutions, Inc. et al.
From: Jacquetta Lannan (jacquetta@pierceshearer.com)
To: nithya.vinay@yahoo.com
Date: Thursday, June 30, 2011, 12:32 PM PDT

I finally had a chance to talk with the investigator. The good news is that they're still investigating your case. They bad news is that they are not particularly enthusiastic and it sounds like they are considering stopping the investigation.

According to the investigator, this particular DOL office is primarily interested in collecting unpaid wages only, but not looking into retaliation very carefully. They also, mistakenly, have only EIS listed as an employer in their file (I explained that your DOL complaint lists both.)

I explained that we are primarily interested in the DOL investigating the retaliation claims, the very claims we could not bring in Federal Court. He said they typically don't do that, but would "take it to his boss."

At this point, I would suggest that we get the Georgia case wrapped up and get you some money. I don't think it's going to make much of a difference to the DOL.
In other words, the DOL is going to do whatever they want, and if they decide to stop investigating it puts you in a much weaker bargaining position.
Let me know what you think.


**From:** Nithya Vinayagam [mailto:nithya.vinay@yahoo.com]
**Sent:** Thursday, June 30, 2011 9:17 AM
**To:** Jacquetta Lannan
**Subject:** RE: FW: Vinayagam v. Cronous Solutions, Inc. et al.


The DOL investigator hasnt returned my call. Did you hear from him?

## Exhibit-Wrong Court

RE: Vinayagam Vs Eis/Cronous

From:Andrew Pierce (apierce@pierceshearer.com)
To:nithya.vinay@yahoo.com
Cc:jacquetta@pierceshearer.com; scott@pierceshearer.com
Date:Tuesday, May 11, 2010, 02:30 PM PDT
Hi Nithya:

 The case was filed here because we thought there was a reasonable chance we could achieve a settlement by doing that.  Although that strategy has worked in some cases, it did not work in your case.  The defendants are insisting on being sued in Georgia, although they will probably not gain anything but delay and extra expense because of that decision.

 In terms of costs you are not being asked to pay anything up front. If the case is prolonged and we have to make appearances in Georgia, and you win or get a settlement, we will deduct the cost of the airfare from the award,  but only if you get some money out of the case.  You are free to hire a firm in Georgia on your own if you can find one that will take your case.  That may save you some costs, especially if the case is lengthy and requires several appearances. You should be aware that if the case is lengthy enough to require a trip  to Georgia then the cost of airfare is likely be less than the cost of court reporters, filing fees, experts, and other fees that will be incurred, regardless of who represents you.

 Andrew Pierce

---

**From:** Nithya Vinayagam [mailto:nithya.vinay@yahoo.com]
**Sent:** Saturday, May 08, 2010 1:13 PM
**To:** apierce@pierceshearer.com
**Subject:** Vinayagam Vs Eis/Cronous


Hi,
My case was filed in California on Dec 30,2009 . And the same was withdrawn in March 2010.

As Jacquetta mentioned that the case will be transferred automatically to Georgia,I agreed for the withdrawal of the case.The case was dismissed without prejuidice.

I still do not understand why the case was filed in California when the defendants live in Georgia.

I had a discussion with Jacquetta last week .She told me that your firm will be sponsored by a Georgia law firm to file my case in Georgia.
And I need to bear the flying charges of your attorney from CA to GA and back.
I do not think this is a good idea.

Please let me know if you have better options.

# EXHIBIT A-2

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

Electronically **FILED**
by Superior Court of California, County of San Mateo
ON 9/27/2021
By /s/ Anthony Berini
Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ANDREW PIERCE,SCOTT BERMAN,JACQUETTA LANNAN,THOMAS MIHILL,Pierce Shearer LLP,The Adams Law Offices

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NITHYA VINAYAGAM

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
400 COUNTY CENTER REDWOOD CITY CA-94063

CASE NUMBER: *(Número del Caso):*
**21-CIV-05242**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
NITHYA VINAYAGAM Old No 6, New No 11,Mangalapuram 10th Street ,Chetpet ,Chennai -6000031,INDIA  +91-917-624-4247

DATE: 9/27/2021     Neal I. Taniguchi     Clerk, by /s/ Anthony Berini , Deputy
*(Fecha)*                                  *(Secretario)*                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*: PIERCE SHEARER LLP

   under: [x] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

# EXHIBIT A-3



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

FOR COURT USE ONLY

# FILED

SAN MATEO COUNTY

9/27/2021

**Clerk of the Superior Court**

/s/ Anthony Berini

DEPUTY CLERK

PETITIONER/PLAINTIFF:  **NITHYA VINAYAGAM**

RESPONDENT/DEFENDANT:   **PIERCE SHEARER LLP, THE ADAMS LAW OFFICES; ANDREW PIERCE; SCOTT BERMAN; JACQUETTA MAY LANNAN; THOMAS J MIHILL**

**NOTICE OF ASSIGNMENT FOR ALL PURPOSES (CIVIL) AND NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
**21-CIV-05242**

By order of the Presiding Judge pursuant to San Mateo County Superior Court Local Rule 3.200(a) the above entitled matter is assigned for all purposes to: **Marie S. Weiner** in **Department 2.**

**An Initial Case Management Conference is set before the Civil Commissioner, as follows:**
**DATE: 1/26/2022**

**TIME: 9:00 AM**

**LOCATION: 1050 Mission Road, South San Francisco, CA 94080**

APPEARANCES SHALL BE REMOTE ONLY.  Please visit our website at for information on remote appearances:
https://www.sanmateocourt.org/general_info/remote_appearance.php

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial Officer's webpage at: www.sanmateocourt.org/civiljudges.

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
|---|---|---|
| Marie S. Weiner | 650-261-5102 | Dept2@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Initial Case Management Conference.  The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).
   b) Serve a copy of this Notice, blank form of the Case Management Statement and ADR Information Package on all named parties in this action (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/
   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)).  Failure to do so may result in monetary sanctions or the continuance of the CMC.

Rev. November 2020

d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2.  Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court  or  ☒ by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date:  9/27/2021

Neal I Taniguchi, Court Executive Officer/Clerk

By:    /s/ Anthony Berini
       Anthony Berini, Deputy Clerk

Notice being served on:

NITHYA VINAYAGAM
6/11 MANGALAPURAM 10TH STREET CHENNAI -600031 INDIA
CHENNAI CA  94063

# EXHIBIT A-4

**FW-003**

# Order on Court Fee Waiver
## (Superior Court)

*Clerk stamps date here when form is filed.*

**FILED**
**SAN MATEO COUNTY**
SEP 2 9 2021
Clerk of the Superior Court
By _____
DEPUTY CLERK

(1) Person who asked the court to waive court fees:

Name: Nithya Vinayagam

New No. 11, Old No. 6 MANGALAPURAM 10th Street,
CHETPET
CHENNAI 600 031 INDIA

(2) Lawyer, if person in (1) has one *(name, firm name, address, phone number, e-mail, and State Bar number):*

_____
_____
_____
_____

*Fill in court name and street address:*

Superior Court of California, County of
SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

(3) A request to waive court fees was filed on *(date):* _____

☐ The court made a previous fee waiver order in this case  on *(date):* _____

*Fill in case number and name:*

Case Number:
21civ05242

Case Name:
Vinayagam v. Pierce, et al.,

*Read this form carefully. All checked boxes ☑ are court orders.*

Notice: The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for $10,000 or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

(4) After reviewing your:  ☒ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:

a. ☐ The court grants your request, as follows:

(1) ☐ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Giving notice and certificates
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):* _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

FW-003, Page 1 of 3

RECEIVED

SEP 2 8 2021

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

Your name: _____

Case Number:
21-CIV-05242

b. ☐ The court denies your fee waiver request because:

> Warning! If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have 10 days after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below   ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below   ☐ On Attachment 4b(2)

_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have 10 days after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

~~c. (1)~~ ☒ ~~The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:~~
☒ Below   ☐ On Attachment 4c(1)

Your information appears to be incomplete.  Please file a declaration with further information as to your present job, or an explanation as to why you are not working.  Please provide the full name of your father with whom you live. _____

Normally the Court would require you to attend a hearing on your application, but because you live outsid of the United States of America, the Court is allowing you to provide the information in writing instead.
~~(2) ☐ Bring the items or proof to support your request, if reasonably available, that are listed:~~
☐ Below   ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____

**This is a Court Order**

Your name: _____

Case Number:
21-CIV-05242

Name and address of court if different from above:

Hearing Date → Date: _____  Time: _____
Dept.: _____  Room: _____

_____
_____
_____
_____

> **Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Electronically
**SIGNED**
By /s/ Weiner, Marie

Date: _____   09/28/2021

Signature of (check one): ☐ Judicial Officer   ☐ Clerk, Deputy

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☒ This order was ~~mailed first class, postage paid,~~ emailed to the party ~~and attorney,~~ if any, at the addresses listed in ① and ②, from *(city):* Redwood City , California, on the date below.

☐ A certificate of mailing is attached.

Date: SEP 2 9 2021

Clerk, by _____ , Deputy
Name: **ANTHONY BERINI**

**This is a Court Order.**

# EXHIBIT A-5

**FW-003**

## Order on Court Fee Waiver
## (Superior Court)

Clerk stamps date here when form is filed.

**Electronically**
**FILED**
By Superior Court of California, County of San Mateo
ON      10/07/2021
By    /s/ Berini, Anthony
**Deputy Clerk**

---

**(1)** Person who asked the court to waive court fees:

Name: Nithya Vinayagam

Street or mailing address: 6/11 Mangalapuram 10th ST.

City: Chennai     State: TN   Zip: 600031

**(2)** Lawyer, if person in **(1)** has one *(name, firm name, address, phone number, e-mail, and State Bar number)*:

_____

_____

_____

_____

Fill in court name and street address:

Superior Court of California, County of
SAN MATEO
400 COUNTY CENTER
REDWOOD CITY, CA 94063

**(3)** A request to waive court fees was filed on *(date)*: _____

☐ The court made a previous fee waiver order in this case on *(date)*: _____

Fill in case number and name:

Case Number:
21-CIV-05242

Case Name:

*Read this form carefully. All checked boxes ☑ are court orders.*

Notice: The court may order you to answer questions about your finances and later order you to pay back the waived —
fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there
is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must
notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side
to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the
amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:   ☒ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
the court makes the following orders:

a. ☒ The court grants your request, as follows:

   (1) ☒ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal.
   Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
   - Filing papers in superior court
   - Making copies and certifying copies
   - Sheriff's fee to give notice
   - Court fee for phone hearing
   - Giving notice and certificates
   - Sending papers to another court department
   - Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding
     and you request that the court provide an official reporter
   - Assessment for court investigations under Probate Code section 1513, 1826, or 1851
   - Preparing, certifying, copying, and sending the clerk's transcript on appeal
   - Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
   - Making a transcript or copy of an official electronic recording under rule 8.835

   (2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees
   and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the
   checked items.
   - ☐ Jury fees and expenses
   - ☐ Fees for court-appointed experts
   - ☐ Other *(specify):*
   - ☐ Fees for a peace officer to testify in court
   - ☐ Court-appointed interpreter fees for a witness

SCANNED

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**



RECEIVED

SEP 2 8 2021

CLERK OF THE SUPERIOR COURT
SAN MATEO COUNTY

Your name: _____

Case Number: 21-CIV-05242

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  - ☐ Below   ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below   ☐ On Attachment 4b(2)

_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006). You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  - ☐ Below   ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
  - ☐ Below   ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

Your name: _____

Case Number:
21-CIV-05242

Name and address of court if different from above:

(Hearing Date) → Date: _____ Time: _____   _____
Dept.: _____ Room: _____   _____
_____
_____

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Electronically

**SIGNED**

By /s/ Weiner, Marie

10/05/2021

Date: _____

*Signature of (check one):*  ☐ *Judicial Officer*  ☐ *Clerk, Deputy*

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☒ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city)*: Redwood City _____, California, on the date below.

☐ A certificate of mailing is attached.

Date: 10/07/2021 _____

Clerk, by _____ /s/ Berini, Anthony _____, Deputy
Name: _____ /s/ Berini, Anthony _____

**This is a Court Order.**

# EXHIBIT A-6

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN MATEO**

| 400 County Center | 1050 Mission Road |
|---|---|
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

| | |
|---|---|
| **ORDER CONTINUING CASE MANAGEMENT CONFERENCE, AS THE ACTION IS NOT YET "AT ISSUE"** | **FILED** |
| In the Matter of: **NITHYA VINAYAGAM vs. PIERCE SHEARER LLP, THE ADAMS LAW OFFICES, et al** | SAN MATEO COUNTY |
| | 1/12/2022 |
| | **Clerk of the Superior Court** |
| Case Number: **21-CIV-05242** | By   /s/ Eresmia Ouranitsas |
| | Deputy Clerk |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 01/26/2022 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has failed to file proofs of service of the Summons and Complaint upon all Defendants.

IT IS HEREBY ORDERED as follows:

1.  As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **4/28/2022 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom P, 1050 Mission Road, SOUTH SAN FRANCISCO, CA 94080.

2.  No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3.  **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.** However, it would facilitate the issuance of a case management order without an appearance at the Case Management Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.

4.    After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).  If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.    Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.  If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.    PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.


DATED: 1/12/2022                                      Ernst A. Halperin
                                        _____
                                        Honorable Ernst A. Halperin, CIVIL COMMISSIONER



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

### AFFIDAVIT OF MAILING

Date: 1/12/2022

In the Matter of: **NITHYA VINAYAGAM  vs.  PIERCE SHEARER LLP, THE ADAMS LAW OFFICES, et al**
Case Number: **21-CIV-05242**

      I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 1/12/2022

      Neal I Taniguchi, Court Executive Officer/Clerk

By:  /s/ Eresmia Ouranitsas
      Eresmia Ouranitsas, Deputy Clerk

Copies mailed to:

NITHYA VINAYAGAM

      6/11 MANGALAPURAM 10TH STREET CHENNAI -
      600031 INDIA
      CHENNAI CA 94063

# EXHIBIT A-7

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN MATEO**

400 County Center                    1050 Mission Road
Redwood City, CA 94063          South San Francisco, CA 94080

| | |
|---|---|
| **ORDER CONTINUING CASE MANAGEMENT CONFERENCE, AS THE ACTION IS NOT YET "AT ISSUE"** <br><br> In the Matter of: **NITHYA VINAYAGAM vs. PIERCE SHEARER LLP, THE ADAMS LAW OFFICES, et al** <br><br> Case Number: **21-CIV-05242** | **FILED** <br><br> SAN MATEO COUNTY <br> 2/4/2022 <br> **Clerk of the Superior Court** <br> By ___/s/ Eresmia Ouranitsas___ <br> Deputy Clerk |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 01/26/2022 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has failed to file proofs of service of the Summons and Complaint upon all Defendants.

IT IS HEREBY ORDERED as follows:

1. As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **4/28/2022 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom P, 1050 Mission Road, SOUTH SAN FRANCISCO, CA 94080.

2. No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3. **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.** However, it would facilitate the issuance of a case management order without an appearance at the Case Management Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.

4.    After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).  If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.    Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.  If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.    PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.

DATED: 2/4/2022                                             Ernst A. Halperin
                                    _____
                                       Honorable Ernst A. Halperin, CIVIL COMMISSIONER



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 2/4/2022

In the Matter of: **NITHYA VINAYAGAM  vs.  PIERCE SHEARER LLP, THE ADAMS LAW OFFICES, et al**
Case Number: **21-CIV-05242**

      I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 2/4/2022

          Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Eresmia Ouranitsas
         Eresmia Ouranitsas, Deputy Clerk

Copies mailed to:

NITHYA VINAYAGAM               NEW NO 11 OLD NO 6
                               MANGALAPURAM 10TH STREET
                               CHETPET - CHENNAI - INDIA 600 031

# EXHIBIT A-8

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>NITHYA VINAYAGAM<br>OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST,<br>CHETPET,CHENNAI -600031,<br>INDIA<br><br>TELEPHONE NO.: **+91 917-624-4247**   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NITHYA.VINAY@YAHOO.COM<br>ATTORNEY FOR *(Name):* PRO -SE | *FOR COURT USE ONLY*<br><br>**Electronically FILED**<br>by Superior Court of California, County of San Mateo<br>ON **3/14/2022**<br>By_____**/s/ Una Finau**_____<br>Deputy Clerk |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO |
| STREET ADDRESS: 400 COUNTY CENTER |
| MAILING ADDRESS: 400 COUNTY CENTER |
| CITY AND ZIP CODE: REDWOOD CITY CA-94063 |
| BRANCH NAME: CIVIL |

| | |
|---|---|
| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT:  Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

   a. [x] summons

   b. [x] complaint

   c. [ ] Alternative Dispute Resolution (ADR) package

   d. [x] Civil Case Cover Sheet *(served in complex cases only)*

   e. [ ] cross-complaint

   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill,Pierce Shearer LLP

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
         under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   sberman@fklaw.com,apierce@pierceshearer.com,jacquetta@gmail.com,tjmihill@owengleaton.com,mlannan@hotmail.com

5. I served the party *(check proper box)*

   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
         receive service of process for the party   (1) on *(date):* March 7, 2022   (2) at *(time):* 5:46 PM PST

   b. [ ] **by substituted service.** On *(date):*            at *(time):*            I left the documents listed in item 2 with or
         in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*            from *(city):*            **or** [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

**Page 1 of 2**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT:  Andrew Pierce,Scott Berman,Jacquetta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*               (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☒  On behalf of *(specify):*  PIERCE&SHEARER LLP

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7.  **Person who served papers**

  a.  Name:  NITHYA VINAYAGAM

  b.  Address:  OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST, CHETPET,CHENNAI -600031,  INDIA

  c.  Telephone number: +91-917-624-4247

  d.  **The fee** for service was: $ 0.00

  e.  I am:

    (1)  ☒  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server:

      (i)  ☐  owner  ☐  employee  ☐  independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: March 12, 2022

NITHYA VINAYAGAM
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶    _____
(SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

# EXHIBIT A-9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**COUNTY OF SAN MATEO**

400 County Center                    800 North Humboldt Street
Redwood City, CA 94063               San Mateo, CA 94401

| | |
|---|---|
| **ORDER CONTINUING CASE MANAGEMENT CONFERENCE, AS THE ACTION IS NOT YET "AT ISSUE"** | **FILED** |
| In the Matter of: **NITHYA VINAYAGAM vs. PIERCE SHEARER LLP, THE ADAMS LAW OFFICES, et al** | SAN MATEO COUNTY |
| | 4/15/2022 |
| | **Clerk of the Superior Court** |
| Case Number: **21-CIV-05242** | By ___/s/ Darby Aboytes___ |
| | Deputy Clerk |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

THE COURT FINDS as follows:

An initial Case Management Conference was previously ordered and scheduled for 04/28/2022 in this action.

Pursuant to Rule 3.722(d) of the California Rules of Court, based upon the Court's review of the filed Case Management Statement(s) and the docket of this action, the Court determines that appearances at the Conference are not necessary at this time, as this action is not yet "at issue"; and determines that the Case Management Conference should be continued.

Pursuant to CRC Rule 3.110(b), a plaintiff is required to serve the Summons and Complaint upon all named defendants and file proofs of service of process upon all of those defendants within 60 days after the filing of the Complaint.

- Plaintiff has filed proofs of service of the Summons and Complaint upon all Defendants, but not all Defendants have filed an Answer and/or had a Default entered against them.

IT IS HEREBY ORDERED as follows:

1. As this action is not yet "at issue", the initial Case Management Conference is CONTINUED to **8/1/2022 at 9:00 AM** in the Department of the Civil Commissioner, located at Courtroom H, 800 North Humboldt Street, San Mateo, CA 94401.

2. No later than 30 days prior to the date of this initial Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in CRC Rule 3.721 and Rule 3.727.

3. **Pursuant to CRC Rule 3.725, no later than 15 days prior to the date of this initial Case Management Conference, each party must file and serve a new Case Management Statement, individually or jointly, using the Judicial Council mandatory form CM-110.** However, it would facilitate the issuance of a case management order without an appearance at the Case Management

Conference if you would file and serve your Case Management twenty-five (25) days before the Case Management Conference.

4.    After all parties have made a formal appearance in this action, the parties may directly proceed to an Appropriate Dispute Resolution ("ADR") process by filing a Stipulation to ADR and Proposed Order (Local Form ADR-CV-1).  If all parties file a completed Stipulation to ADR and Proposed Order at least twelve (12) calendar days prior to the date of this initial Case Management Conference, the Case Management Conference will be vacated (i.e., taken off the Court's calendar), and this action will be referred to the ADR Director.

5.    Pursuant to Local Rule 3.805(h) and CRC Rule 2.30, the Court is empowered to impose monetary sanctions of a minimum of $150.00 upon any party or their counsel for failure to follow the requirements of this Order, or of the California Rules of Court, or of the Code of Civil Procedure.  If you fail to follow the requirements of this Order, you will be subject to an order to show cause as to why monetary sanctions of $150.00, or some other amount, should not be imposed against you.

6.    PLAINTIFF(S) must serve this Order on all parties **not** listed on the Court's proof of service within five (5) days of the date of this Order.

DATED: 4/15/2022                                    Ernst A. Halperin
                                        _____
                                        Honorable Ernst A. Halperin, CIVIL COMMISSIONER



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

## AFFIDAVIT OF MAILING

Date: 4/15/2022

In the Matter of: **NITHYA VINAYAGAM  vs.  PIERCE SHEARER LLP, THE ADAMS LAW OFFICES, et al**
Case Number: **21-CIV-05242**

      I declare under penalty of perjury that on the following date I deposited in the United States Post Office mail box at Redwood City, a true copy of the attached document(s) order continuing case management conference, enclosed in an envelope, with proper and necessary postage thereon, and addressed to the following:

Executed on: 4/15/2022

                    Neal I Taniguchi, Court Executive Officer/Clerk


By:   /s/ Darby Aboytes
          Darby Aboytes, Deputy Clerk

Copies mailed to:


NITHYA VINAYAGAM               NEW NO 11 OLD NO 6
                                    MANGALAPURAM 10TH STREET
                                      CHETPET - CHENNAI - INDIA 600 031

# EXHIBIT A-10

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY:        STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                    STATE:        ZIP CODE:<br>TELEPHONE NO.:              FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    **5/9/2022**<br>By    **/s/ Angela Santiago**<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
  STREET ADDRESS:
  MAILING ADDRESS:
CITY AND ZIP CODE:
  BRANCH NAME:

  Plaintiff/Petitioner:
Defendant/Respondent:

| **REQUEST FOR**          ☐ **Entry of Default**      ☐ **Clerk's Judgment**<br>**(Application)**        ☐ **Court Judgment** | CASE NUMBER: |
|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):*
   b. by *(name):*
   c. ☐ Enter default of defendant *(names):*

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*

2. **Judgment to be entered.**

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages* | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs *(see reverse)* . . . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | **TOTALS** . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| g. | **Daily damages** were demanded in complaint at the rate of: $ | | per day beginning *(date):* | |

   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

   Date:

   _____          ►   _____
   (TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

PROOF OF SERVICE QUESTIONABLE SEPARATE PROOF OF SERVICE IS REQUIRED FOR EACH PARTY SERVED

| **FOR COURT<br>USE ONLY** | (1) ☐ Default entered as requested on *(date):*<br>(2) ☒ Default NOT entered as requested *(state reason):*<br>Neal I. Taniguchi<br>              Clerk, by    /s/ Angela Santiago                    , Deputy | Page 1 of 2 |
|---|---|---|

Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
*www.courts.ca.gov*

**CIV-100**

| Plaintiff/Petitioner: | CASE NUMBER: |
|---|---|
| Defendant/Respondent: | |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

    a.  Assistant's name:                               c.  Telephone no.:

    b.  Street address, city, and zip code:              d.  County of registration:

                                                  e.  Registration no.:

                                                f.  Expires on *(date):*

5. ☐   **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

    a.  ☐ is ☐ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

    b.  ☐ is ☐ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

    c.  ☐ is ☐ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

    a.  ☐  **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

    b.  ☐  **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

        (1)  Mailed on *(date):*              (2)  To *(specify names and addresses shown on the envelopes):*

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:

_____      ►      _____
             (TYPE OR PRINT NAME)                                   (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

    a.  Clerk's filing fees  . . . . . . . . . . . . . . . . . . . .  $

    b.  Process server's fees  . . . . . . . . . . . . . . . .  $

    c.  Other *(specify):*                    $

    d.                                    $

    e.  **TOTAL**  . . . . . . . . . . . . . . . . . . . . . . . . . . .  $ _____

    f.  ☐  Costs and disbursements are waived.

    g.  I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____      ►      _____
             (TYPE OR PRINT NAME)                                   (SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____      ►      _____
             (TYPE OR PRINT NAME)                                   (SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

# EXHIBIT A-11

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: | FOR COURT USE ONLY |
|---|---|---|

NAME:

FIRM NAME:

STREET ADDRESS:

CITY:          STATE:      ZIP CODE:

TELEPHONE NO.:          FAX NO.:

E-MAIL ADDRESS:

ATTORNEY FOR (name):

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON
5/10/2022
By      /s/ Angela Santiago
Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

Plaintiff/Petitioner:

Defendant/Respondent:

| **REQUEST FOR** (Application) | ☐ Entry of Default  ☐ Clerk's Judgment ☐ Court Judgment | CASE NUMBER: |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):*
   b. by *(name):*
   c. ☐ Enter default of defendant *(names):*

   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*

2. **Judgment to be entered.**                  Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . . . . . $              $              $
   b. Statement of damages*
      (1) Special . . . . . . . . . . . . . . . . . . . $              $              $
      (2) General . . . . . . . . . . . . . . . . . . . $              $              $
   c. Interest . . . . . . . . . . . . . . . . . . . . . . $              $              $
   d. Costs *(see reverse)* . . . . . . . . . . . . . $              $              $
   e. Attorney fees . . . . . . . . . . . . . . . . . $              $              $
   f. **TOTALS** . . . . . . . . . . . . . . . . . . . . $              $              $
   g. **Daily damages** were demanded in complaint at the rate of: $              per day beginning *(date):*
      (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☐ *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

   Date:

   ▶

   _____          _____
   (TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| **FOR COURT USE ONLY** | (1) ☐ Default entered as requested on *(date)* ~~IMPROPER SERVICE;PLAINTIFF CANNOT~~ | |
|---|---|---|
| | (2) ☒ Default NOT entered as requested *(state reason)* ~~SERVE COMPLAINT~~ | |

Neal I. Taniguchi
Clerk, by      /s/ Angela Santiago          , Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California CIV-100
[Rev. January 1, 2020]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

**CIV-100**

| Plaintiff/Petitioner:<br>Defendant/Respondent: | CASE NUMBER: |
|---|---|

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** or compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone no.:

   d. County of registration:

   e. Registration no.:

   f. Expires on *(date)*:

5. ☐ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a))*. This action

   a. ☐ is ☐ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☐ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☐ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:

   b. ☐ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

     (1) Mailed on *(date)*:

     (2) To *(specify names and addresses shown on the envelopes)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested)*. Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees . . . . . . . . . . . . . . . . . . . $

   b. Process server's fees . . . . . . . . . . . . . . . . $

   c. Other *(specify)*: $

   d. $

   e. **TOTAL** . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment)*. No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code sections 400 and 402(f).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

# EXHIBIT A-12

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>NITHYA VINAYAGAM<br>OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST,<br>CHETPET,CHENNAI -600031,<br>INDIA<br><br>TELEPHONE NO.: +91 917-624-4247        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NITHYA.VINAY@YAHOO.COM<br>ATTORNEY FOR *(Name):* PRO -SE | FOR COURT USE ONLY<br><br>Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   5/10/2022<br>By   /s/ Angela Santiago<br>Deputy Clerk |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>STREET ADDRESS: 400 COUNTY CENTER<br>MAILING ADDRESS: 400 COUNTY CENTER<br>CITY AND ZIP CODE: REDWOOD CITY CA-94063<br>BRANCH NAME: CIVIL |
|---|

| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT: Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |
|---|---|

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [x] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Andrew Pierce,Pierce Shearer LLP
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   apierce@pierceshearer.com

5. I served the party *(check proper box)*
   a. [x] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* March 7, 2022        (2) at *(time):* 5:46 PM PST

   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents or
      *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT: Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |

5.   c.   ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1)   on *(date):*                                                          (2)   from *(city):*

  (3)   ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4)   ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.   ☐   **by other means** *(specify means of service and authorizing code section):*

  ☐   Additional page describing service is attached.

6.   The "Notice to the Person Served" (on the summons) was completed as follows:

  a.   ☒   as an individual defendant.

  b.   ☐   as the person sued under the fictitious name of *(specify):*

  c.   ☐   as occupant.

  d.   ☒   On behalf of *(specify):* PIERCE&SHEARER LLP
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.   **Person who served papers**

  a.   Name: NITHYA VINAYAGAM

  b.   Address: OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST, CHETPET,CHENNAI -600031,  INDIA

  c.   Telephone number: +91-917-624-4247

  d.   **The fee** for service was: $ 0.00

  e.   I am:

    (1)   ☒   not a registered California process server.

    (2)   ☐   exempt from registration under Business and Professions Code section 22350(b).

    (3)   ☐   a registered California process server:

      (i)   ☐   owner   ☐   employee   ☐   independent contractor.

      (ii)   Registration No.:

      (iii)   County:

8.   ☒   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      **or**

9.   ☐   **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  2022-05-10

NITHYA VINAYAGAM
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶

_____
(SIGNATURE)

For your protection and privacy, please press the Clear
This Form button after you have printed the form.        | Print this form |   | Save this form |                    | Clear this form |

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>NITHYA VINAYAGAM<br>OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST,<br>CHETPET,CHENNAI -600031,<br>INDIA<br><br>TELEPHONE NO.: +91 917-624-4247    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NITHYA.VINAY@YAHOO.COM<br>ATTORNEY FOR *(Name):* PRO -SE | *FOR COURT USE ONLY*<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON    **5/10/2022**<br>By____*/s/ Angela Santiago*____<br>Deputy Clerk |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO<br>STREET ADDRESS: 400 COUNTY CENTER<br>MAILING ADDRESS: 400 COUNTY CENTER<br>CITY AND ZIP CODE: REDWOOD CITY CA-94063<br>BRANCH NAME: CIVIL | |

| | |
|---|---|
| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT: Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [×] summons
   b. [×] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [×] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Jacquetta Lannan
   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   jacquetta@gmail.com,jmlannan@hotmail.com

5. I served the party (check proper box)
   a. [×] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party  (1) on *(date):* March 7, 2022    (2) at *(time):* 5:46 PM PST

   b. [ ] **by substituted service.** On *(date):*        at *(time):*        I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
            of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
            place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
            address of the person to be served, other than a United States Postal Service post office box. I informed
            him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
            at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
            *(date):*        from *(city):*        or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**POS-010**

| PLAINTIFF/PETITIONER:  NITHYA VINAYAGAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Andrew Pierce,Scott Berman,Jacquetta Lannan,Thomas MiHill | 21-CIV-05242 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*                     (2)  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)            ☐  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)       ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)   ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)    ☐  416.90 (authorized person)
    ☐  416.50 (public entity)            ☐  415.46 (occupant)
                                   ☐  other:

7.  **Person who served papers**
  a.  Name: NITHYA VINAYAGAM
  b.  Address: OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST, CHETPET,CHENNAI -600031,  INDIA
  c.  Telephone number: +91-917-624-4247
  d.  **The fee** for service was: $ 0.00
  e.  I am:
    (1)  ☒  not a registered California process server.
    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
      (i)  ☐  owner  ☐  employee  ☐  independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
  **or**
9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  2022-05-10

NITHYA VINAYAGAM               ▶                *(signature)*

(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

POS-010 [Rev. January 1, 2007]       **PROOF OF SERVICE OF SUMMONS**       Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.     | Print this form | | Save this form |     | Clear this form |

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NITHYA VINAYAGAM<br>OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST,<br>CHETPET,CHENNAI -600031,<br>INDIA<br><br>TELEPHONE NO.: +91 917-624-4247     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NITHYA.VINAY@YAHOO.COM<br>ATTORNEY FOR *(Name):* PRO -SE | **Electronically FILED**<br>by Superior Court of California, County of San Mateo<br>ON 5/10/2022<br>By /s/ Angela Santiago<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO |
|---|
| STREET ADDRESS: 400 COUNTY CENTER |
| MAILING ADDRESS: 400 COUNTY CENTER |
| CITY AND ZIP CODE: REDWOOD CITY CA-94063 |
| BRANCH NAME: CIVIL |

| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill | 21-CIV-05242 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:

    a. ☒ summons

    b. ☒ complaint

    c. ☐ Alternative Dispute Resolution (ADR) package

    d. ☒ Civil Case Cover Sheet *(served in complex cases only)*

    e. ☐ cross-complaint

    f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
    Scott Berman

    b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
    sberman@fklaw.com

5. I served the party *(check proper box)*

    a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party   (1) on *(date):* March 7, 2022    (2) at *(time):* 5:46 PM PST

    b. ☐ **by substituted service.** On *(date):*              at *(time):*           I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*              from *(city):*              or ☐ a declaration of mailing is attached.

        (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010  [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER:  NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT:  Andrew Pierce, Scott Berman, Jacquetta Lannan, Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1)  ☐  on *(date):*            (2)  ☐  from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☒  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of  *(specify):*

  c.  ☐  as occupant.

  d.  ☐  On behalf of *(specify):*

    under the following Code of Civil Procedure section:

    ☐  416.10 (corporation)         ☐  415.95 (business organization, form unknown)
    ☐  416.20 (defunct corporation)     ☐  416.60 (minor)
    ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
    ☐  416.40 (association or partnership)   ☐  416.90 (authorized person)
    ☐  416.50 (public entity)         ☐  415.46 (occupant)
                      ☐  other:

7.  **Person who served papers**

  a.  Name: NITHYA VINAYAGAM

  b.  Address: OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST, CHETPET,CHENNAI -600031,  INDIA

  c.  Telephone number: +91-917-624-4247

  d.  **The fee** for service was: $ 0.00

  e.  I am:

    (1)  ☒  not a registered California process server.

    (2)  ☐  exempt from registration under Business and Professions Code section 22350(b).

    (3)  ☐  a registered California process server.

      (i)  ☐  owner   ☐  employee   ☐  independent contractor.

      (ii)  Registration No.:

      (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:  2022-05-10

NITHYA VINAYAGAM                   ▶

_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)         (SIGNATURE)

---

POS-010 [Rev. January 1, 2007]         **PROOF OF SERVICE OF SUMMONS**         Page 2 of 2

For your protection and privacy, please press the Clear This Form button after you have printed the form.   | Print this form | | Save this form |   | Clear this form |

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>NITHYA VINAYAGAM<br>OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST,<br>CHETPET,CHENNAI -600031,<br>INDIA<br><br>    TELEPHONE NO.: +91 917-624-4247        FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* NITHYA.VINAY@YAHOO.COM<br>    ATTORNEY FOR *(Name):* PRO -SE | *FOR COURT USE ONLY*<br>Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON<br>**5/10/2022**<br>By____ /s/ Angela Sartiago<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
 STREET ADDRESS: 400 COUNTY CENTER
 MAILING ADDRESS: 400 COUNTY CENTER
CITY AND ZIP CODE: REDWOOD CITY CA-94063
 BRANCH NAME: CIVIL

| | |
|---|---|
| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT: Andrew Pierce,Scott Berman,Jacquettta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒  summons
   b. ☒  complaint
   c. ☐  Alternative Dispute Resolution (ADR) package
   d. ☒  Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐  cross-complaint
   f. ☐  other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      Thomas MiHill
   b. ☐  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served:
   timihill@owengleaton.com

5. I served the party (check proper box)
   a. ☒  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party   (1) on *(date):* March 7, 2022          (2) at *(time):* 5:46 PM PST

   b. ☐  **by substituted service.** On *(date):*                at *(time):*          I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*              from *(city):*              or ☐  a declaration of mailing is attached.

      (5) ☐  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

**POS-010**

| | |
|---|---|
| PLAINTIFF/PETITIONER: NITHYA VINAYAGAM<br>DEFENDANT/RESPONDENT:  Andrew Pierce,Scott Berman,Jacquetta Lannan,Thomas MiHill | CASE NUMBER:<br>21-CIV-05242 |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1)  on *(date):*            (2)  from *(city):*

    (3)  ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4)  ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☒ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)           ☐ 415.95 (business organization, form unknown)

      ☐ 416.20 (defunct corporation)       ☐ 416.60 (minor)

      ☐ 416.30 (joint stock company/association)    ☐ 416.70 (ward or conservatee)

      ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

      ☐ 416.50 (public entity)             ☐ 415.46 (occupant)

                                  ☐ other:

7.  **Person who served papers**

  a.  Name: NITHYA VINAYAGAM

  b.  Address: OLD NO 6,NEW NO 11,MANGALAPURM 10TH ST, CHETPET,CHENNAI -600031,  INDIA

  c.  Telephone number: +91-917-624-4247

  d.  **The fee** for service was: $ 0.00

  e.  I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

       (i) ☐ owner    ☐ employee    ☐ independent contractor.

       (ii) Registration No.:

       (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 2022-05-10

NITHYA VINAYAGAM

    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          ►           (SIGNATURE)

| | | |
|---|---|---|
| POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Page 2 of 2 |

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ] [ Save this form ]      [ Clear this form ]

# EXHIBIT A-13

NITHYA VINAYAGAM
NEW NO 11, OLD NO 6
MANGALAPURAM 10TH STREET,CHETPET
CHENNAI – 600 031
INDIA
Email : NITHYA.VINAY@YAHOO.COM
**Mobile Phone : +91 917-624-4247**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON          6/22/2022
By_____/s/ Priscilla Tovar
                    Deputy Clerk

**NITHYA VINAYAGAM, IN PRO PER**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | | |
|---|---|---|
| NITHYA VINAYAGAM | ) | |
| | ) | |
| Plaintiff | ) | Case No. 21-CIV-05242 |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW PIERCE | ) | **NOTICE OF MOTION AND** |
| PIERCE SHEARER LLP | ) | **MOTION FOR LEAVE TO FILE** |
| SCOTT M BERMAN | ) | **AMENDED COMPLAINT** |
| THOMAS MIHILL | ) | |
| ADAMS LAW OFFICES | ) | Date : August 3,2022 |
| JACQUETTA LANNAN | ) | Time : ~~9 AM~~ 2:00 p.m. |
| PAUL M HELLER | ) | |
| HELLER IMMIGRATION LAW GROUP | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

COMES NOW Plaintiff Nithya Vinayagam and moves the Honorable Court pursuant to Rule15(a)(2)
for an Order granting leave to file a  First  Amended Complaint.

In support of this Motion, Plaintiff Vinayagam states as follows:

> Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only
> with the opposing party's written consent or the court's leave.
> The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2)

## I. INTRODUCTION

Through this motion, Plaintiff seeks leave to file her Amended Complaint, pursuant to  Federal Rule of Civil Procedure 15(a). Plaintiff's Amended Complaint adds the following Defendants

- Paul M Heller
- Heller Immigration Law Group

The Amended Complaint adds the following Causes of Action

- NEGLIGENT MISREPRESENTATION
- CONSPIRACY TO COMMIT RICO
- CIVIL CONSPIRACY
- MAIL FRAUD
- EXTORTION
- INTERSTATE AND FOREIGN TRAVEL OR TRANSPORTATION IN AID OF RACKETEERING ENTERPRISES

## II. STATEMENT OF FACTS

Plaintiff filed this lawsuit on September 27,2021  Since filing the complaint ,Plaintiff has discovered additional information that necessitated the filing of this amended complaint. Accordingly, Plaintiff seeks an order permitting Plaintiff to file the proposed Amended Complaint

## III. ARGUMENT

## A. Leave to Amend Should be Given Freely

Federal Rule of Civil Procedure 15 requires that a party obtain leave to amend after one amendment as a matter of course has been made and that this leave is to be "freely" given when "justice so requires." […a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.]

The Ninth Circuit has held that "rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.
This Motion is made pursuant to Fed. R. Civ. P. 15 and 16, on the grounds that Plaintiff should be granted leave to amend to vindicate the merits of its claims.

As stated below, "*the purpose of the litigation process is to vindicate meritorious claims*" and Plaintiff should not be denied redress when it will have no prejudice to other parties. Such justification is good cause to allow Plaintiff to amend and add the proposed causes of action.

"Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous,or made as a dilatory maneuver in bad faith,it is an abuse of discretion to deny such a motion

## B. Amendment should be permitted

The original Complaint was never served to the Defendants. Plaintiff  should be granted leave to amend because such leave is to be granted liberally and the factors considered in granting leave favor Plaintiff.
Plaintiff's Amended Complaint  is timely and should be allowed. There is no prejudice to Defendants here. Additionally Plaintiff's Amended Complaint does not change the nature of the lawsuit

## C. No bad faith or improper motive is present

Plaintiff is not acting in bad faith,with undue delay,or dilatory motive. Plaintiff is seeking leave to amend her complaint  because she has discovered new evidence she neither knew nor were able to know

## D. Defendants  suffers no prejudice as a result of Amendment

***It is best to permit an opportunity for the case to be resolved on merits***

The initial Complaint was never served to the Defendants. Moreover in this case ,Defendants have neither sought nor provided discovery yet, nor has Plaintiff ever amended the Complaint. Accordingly,Defendants suffer absolutely no prejudice by the Court granting leave to amend the initial Complaint

## E. An amendment is not futile

**"Where the underlying facts or circumstances of a case 'may be a proper subject to of relief' [a plaintiff] ought to be afforded an opportunity to test his claims on the merits."**

Plaintiff's claim is not futile and this factor also weighs in favor of amendment.
In short, Plaintiff would be substantially prejudiced if she is not allowed to amend her complaint

## CONCLUSION

Accordingly, Plaintiff  Nithya Vinayagam respectfully requests that the  Honorable Court in the interest of justice, grant leave for Plaintiff to file a First Amended Complaint.

Dated: June 22, 2022

Respectfully Submitted,

-----------------------------
NITHYA VINAYAGAM
OLD NO 6,NEW NO 11
MANGALAPURAM 10TH STREET
CHETPET
CHENNAI- 600031
INDIA
EMAIL –NITHYA.VINAY@YAHOO.COM
PHONE +91 - 917-624-4247

Page 3/3

# EXHIBIT A-14

NITHYA VINAYAGAM
NEW NO 11, OLD NO 6
MANGALAPURAM 10TH STREET,CHETPET
CHENNAI – 600 031
INDIA
Email : NITHYA.VINAY@YAHOO.COM
**Mobile Phone : +91 917-624-4247**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON _____ 6/22/2022 _____
By_____ **/s/ Maria Coronel** _____
**Deputy Clerk**

**NITHYA VINAYAGAM, IN PRO PER**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN MATEO**

| | | |
|---|---|---|
| NITHYA VINAYAGAM | ) | Case No. 21-CIV-05242 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW PIERCE | ) | |
| PIERCE SHEARER LLP | ) | JURY TRIAL DEMANDED |
| SCOTT M BERMAN | ) | |
| THOMAS MIHILL | ) | |
| ADAMS LAW OFFICES | ) | |
| JACQUETTA LANNAN | ) | |
| PAUL M HELLER | ) | |
| HELLER IMMIGRATION LAW GROUP | ) | |
| | ) | |
| Defendants | ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**

Plaintiff  NITHYA VINAYAGAM files this First Amended Complaint for Damages against
the Defendants Andrew F Pierce,Pierce Shearer LLP, Scott M Berman, Thomas J MiHill,
Adams Law Offices, Jacquetta M Lannan, Paul M Heller, Heller Immigration Law Group,
amending her  Complaint as  follows :

## INTRODUCTION

**1)** This is a First Amended Complaint for Legal Malpractice,Fraud, False Promise, RICO, Promissory Fraud,Negligent and Intentional Misrepresentation,Breach of Contract, Gross Negligence,Wire Fraud, Mail Fraud,Willful misconduct, Fraudulent Concealment, Intentional Infliction of Emotional Distress,Conspiracy to commit RICO,Civil Conspiracy, Breach of Fiduciary Duty,Professional Negligence, Extortion,Interstate and foreign travel or transportation in aid of racketeering enterprises and Unfair Business Practices pursuant to California Business and Professions Code section 17200 et seq.

## PARTIES

**2)** Plaintiff Nithya Vinayagam (hereinafter ""Plaintiff" ,"Vinayagam") is an individual and a citizen of India. Plaintiff Nithya Vinayagam resided in the United States of America from January 2008 to September 2019.Plaintiff currently resides in India

**3)** Defendant Andrew F Pierce (hereinafter ""Andrew Pierce") is an individual and is a lawyer licensed to practice law in the State of California

**4)** Defendant Scott M Berman (hereinafter Scott Berman) is an individual and is a lawyer licensed to practice law in the State of California

**5)** Defendant Jacquetta May Lannan (hereinafter Jacquetta Lannan) is an individual and is a lawyer licensed to practice law in the State of California

**6)** Defendant Thomas J MiHill (hereinafter Thomas MiHill ) is an individual and is a lawyer licensed to practice law in the State of Georgia

**7)** Defendant Pierce Shearer LLP(hereinafter Pierce Shearer) is a law firm in California

**8)** Defendant Paul M. Heller (hereinafter Paul Heller) is an individual and immigration lawyer licensed to practice law in the State of California

**9)** Defendant Heller Immigration Law Group(hereinafter HILG) is a law firm in California

**10)** Defendant The Adams Law Offices (hereinafter Adams Law) is a law firm in the State of Georgia and now out of business

## JURISDICTION AND VENUE

**11)** Jurisdiction is proper in the Superior Court of California-County of San Mateo pursuant to Section 410.10 of the California Code of Civil Procedure because it has general subject matter jurisdiction and no statutory exception to jurisdiction exists.

**12)** The Court also has jurisdiction over this civil action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1964 for Plaintiffs' Civil RICO claims

# FACTUAL BACKGROUND

**13)** In January 2008.Plaintiff Vinayagam, a citizen of India entered the USA on H1B visa Plaintiff is a victim of H1B visa fraud committed by her H1B visa sponsor

**14)** On April 24,2009 Immigration lawyer Paul Heller arranged a Conference call for Plaintiff with Defendant Pierce Shearer (Exhibit-Conference Call)

In the conference call,Pierce Shearer agreed to represent Plaintiff in her claims against her H1B sponsor and Paul Heller,HILG agreed to handle the immigration part of the litigation

**15)** On April 28,2009 Defendant Pierce Shearer emailed the retainer agreement to Plaintiff. The retainer agreement states the following :  (Exhibit-Retainer)

***Please be advised that the Firm shall pay a portion of its Contingency Fee to Heller Immigration Law Group LLP ("HILG") which will assist in the litigation of this matter. The total amount of the Contingency Fee recoverable by the Firm shall not be increased solely as a result of any payment to HILG. The terms and amount of payment to HILG have not been finalized, but shall be disclosed to Client as soon as they are finalized, in accordance  with Rules of Professional Conduct 2-200.***

**16)** Plaintiff contacted Paul Heller regarding the retainer agreement. Paul Heller again confirmed Plaintiff that he will be assisting Pierce Shearer in the litigation against her H1B sponsor. On April 29,2009 Plaintiff emailed the signed retainer agreement to Pierce Shearer

**17)** During April 2009 to September 2011,Paul Heller and his immigration law firm HILG never assisted  in the litigation against Plaintiff's H1B visa sponsor.
Defendants willfully concealed this fact from Plaintiff until November 2020

**(**On November 5 ,2020, Defendant Paul Heller confirmed by email he never assisted in the litigation against Plaintiff's H1B visa sponsor.  Exhibit – Fraudulent Concealment)

**18)** On June 2,2009 Plaintiff signed the Form G-28 (Notice of Entry of Appearance as Attorney or Representative ) ,mailed by Defendant Scott Berman **(Exhibit -G28)**
Defendant Scott Berman was authorized to access Plaintiff's  immigration file and to send and receive correspondence from U.S. immigration authorities on her behalf.

Defendant  Scott Berman is not an immigration lawyer. Plaintiff is unsure about Defendant Scott Berman's correspondence with the U.S. immigration authorities on Plaintiff's H1B case

**19)** On December 30,2009 ,Defendant Pierce Shearer filed a civil case 09-06087-JW against Plaintiff's H1B visa sponsor in the US District Court of  the Northern District of California.
In March 2010, the case was dismissed for lack of jurisdiction

**20)** On May 11,2010 Plaintiff emailed Pierce Shearer why they filed the lawsuit in California against her Georgia based H1B sponsor. Defendant Andrew Pierce responded that thought they will get jurisdiction in California.(**Exhibit-Wrong Court**)

21) Defendant Andrew Pierce told Plaintiff if she fires them now, she will have to pay the costs incurred so far .Paul Heller suggested Plaintiff not to fire them and promised they will team up with a Georgia law firm and file a lawsuit against her H1B visa sponsor  in Georgia
As Plaintiff was unemployed, she could not pay the costs incurred by the Defendants,and had no choice but to retain them

22) In June 2010,Pierce Shearer teamed up with Defendant Adam Law Offices ,Georgia
On June 16,2010 Defendant Thomas Mihill filed the lawsuit 1:10-CV-1836 against Plaintiff's H1B sponsor in the US District Court,Northern District Court of Georgia. Thomas Mihill is not an immigration lawyer and has no expertise,experience in H1B immigration laws

23) During 2009, Scott Berman represented Plaintiff before the US- Department of Labor, Wage and Hour Division -Atlanta. But he  failed to follow up with the WHD-ATLANTA for wrongly listing Eis Technologies as Plaintiff's H1B employer in the acknowledgment letter

24) As the WHD-ATLANTA failed to list Cronous Inc as Plaintiff's H1B visa sponsor in the Wage and Hour acknowledgment letter,Plaintiff could not prove that she has filed a Wage and Hour Complaint against Cronous and an active investigation is pending against her H1B sponsor . Plaintiff lost a job offer from Cognizant Technologies in September 2010

25) Plaintiff discussed this matter with Jacquetta Lannan and she promised to follow up on this matter with the Department of Labor,Wage and Hour Division-Atlanta.
On June 30,2011,Jacquetta Lannan confirmed by email that the WHD-ATLANTA mistakenly listed Eis Technologies as Plaintiff's H1B visa sponsor in their file. (**Exhibit-FTCA**)

26) But Jacquetta Lannan did not file Federal Tort claim against the US-Department of Labor for negligence,fraudulent concealment,willful misconduct and deprived Plaintiff of adjustment of her immigration status and millions of dollars in FTCA from the US- Department of Labor
Defendant Jacquetta Lannan failed to pursue legal action against the Department of Labor and never advised Plaintiff in this matter

27) Plaintiff's H1b visa sponsor Cronous Inc owed Plaintiff $150,172.55 in unpaid wages
During August 2011,Plaintiff's H1B sponsor was willing to settle Plaintiff's unpaid wages in an amount of $72,000 in three installments. But Defendants demanded a one time settlement of $45,000 from Plaintiff's H1B sponsor. Defendants threatened to withdraw from the case,if Plaintiff did not settle for $45000. Plaintiff was forced to settle for one time payout of $45,000

28) In September 2011,Plaintiff received only $19,324 of the settlement amount from the Defendants. The retainer agreement states that Defendants will get 40 percent of the settlement amount, but Defendants received more than 40 percent of the receipts

29) In the retainer agreement ,Defendant Pierce Shearer promised to inform Plaintiff  the amount of payment made to immigration lawyer Paul Heller and HILG for their assistance in the litigation against Plaintiff's H1B visa sponsor. But they never did
In fact,Paul Heller and his immigration law firm HILG did not assist Pierce Shearer in the litigation against Plaintiff's H1B visa sponsor
Defendants fraudulently concealed the fact from Plaintiff until November 2020

**30)** During April 2009 – September 2011,Andrew Pierce,Scott Berman, Jacquetta Lannan, Thomas MiHill failed to apply H1B laws and did not include Mail Fraud, Wire Fraud, H1B visa fraud,H1B unlawful termination, Fraud in Foreign Labor Contracting, Enticement into Slavery, Peonage, Forced Labor and Racketeering acts in the lawsuit against Plaintiff's H1B sponsor

**31)** In 2013,The Department of Labor-Atlanta moved Plaintiff's H1B visa-unlawful termination to the Office of Administrative Law Judges, San Francisco (OALJ)

**32)** In May 2014 Plaintiff hired immigration lawyer Attorney Kyle Todd to handle this case. Todd mishandled the case and it was moved to the Administrative Review Board(ARB) in 2016. The ARB upheld the decision made by the OALJ

**33)** On November 5,2020 Defendant Paul Heller confirmed Plaintiff by email that he and HILG never assisted Defendant Pierce Shearer in the litigation against Plaintiff's H1B visa sponsor

(During April 2009 ,Paul Heller initiated the conference call with Pierce Shearer and agreed to assist Pierce Shearer in the litigation against Plaintiff's H1B visa sponsor. Defendants did confirm it multiple times to Plaintiff,during the litigation against Plaintiff's H1B visa sponsor)

**34)** Until November 2020**,** Defendants fraudulently concealed the fact that no immigration lawyer assisted in the litigation against Plaintiff's H1B visa sponsor

**35)** During April 2009 to September 2011,the Defendants failed to apply H1B laws in the case against Plaintiff's H1B visa sponsor and it led to the Department of Labor's decision against the Plaintiff .This adverse decision by the DOL  was published in many websites,injuring the reputation of Plaintiff by exposing her to hatred,contempt and ridicule

**40)** Plaintiff's case against her H1B visa sponsor should have been done in September 2011. But due to the fraudulent acts of the Defendants,the case 2:18-CV-01206 is still pending with the US District Court of Las Vegas,Nevada .Plaintiff is forced to represent herself in this case against her H1B visa sponsor and the US-Department of Labor

**41)** Plaintiff was deprived of adjustment of her immigration status in the USA and could not get U-visa, T-visa, S-5 visa .Plaintiff faces life ban to enter the USA

**42)** Due to clouded and complicated and employment, immigration history, Plaintiff is unable to get a job even in her home country India. Plaintiff could not make any progress in her career since the year 2009. Defendants are liable for sabotaging Plaintiff's career

**43)** Plaintiff filed a complaint(20-O-15591) against Defendants Andrew Pierce ,Scott Berman, Jacquetta Lannan,Thomas J Mihill with the State Bar of California. The complaint was closed due to the statute of limitations

**44)** Plaintiff suffers from Diabetes -II  and her health condition deteriorated due to the physical and mental stress caused by the unlawful acts of the Defendants
Plaintiff  is unemployed and currently resides in India

## FIRST CAUSE OF ACTION - INTENTIONAL MISREPRESENTATION
### *(Against all Defendants )*

**45)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

***An intentional misrepresentation occurs when "a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract" makes "[t]he suggestion, as a fact, of that which is not true, by one who does not believe it to be true." Civil Code § 1572(1);***

**46)** Defendants represented to Plaintiff that an important fact was true that Paul Heller and his immigration law firm HILG will assist in the litigation against Plaintiff's H1B visa sponsor
That representation was false
Defendants knew the representation was false when they made it.
Defendants intended that Plaintiff rely on the representation.
Plaintiff  reasonably relied on Defendants' representation. Plaintiff was harmed.
Plaintiff's reliance was a substantial factor in causing her harm.
Defendants Paul Heller,HILG never assisted in the litigation against Plaintiff's H1B visa sponsor. Defendants fraudulently concealed this fact from Plaintiff until November 2020
(Exhibit-Fraudulent Concealment)

**47)** During April 2009 to September 2011,the Defendants failed to apply H1B laws in the case against Plaintiff's H1B visa sponsor and it led to the Department of Labor's decision against the Plaintiff .This adverse decision by the DOL  was published in many websites,injuring the reputation of Plaintiff by exposing her to hatred ,contempt and ridicule

**48)** The case against Plaintiff's H1B visa sponsor should have been done in the year 2011
Due to the intentional misrepresentation of the Defendants,it is still open and Plaintiff is forced to represent herself in the case against her H1B visa sponsor  and the Department of Labor
Plaintiff was deprived of adjustment of her immigration status in the USA.
Plaintiff could not receive T visa,S-5 visa,U-visa. Plaintiff faces life ban to enter the USA

**49)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.  Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

**50)** Defendants are jointly and severally liable for the damages suffered by Plaintiff

**51)** As a direct and proximate result of the aforesaid intentional misrepresentation of the Defendants,Plaintiff has suffered loss of immigration status,income,career opportunities, health,mental peace,reputation and economic damages totaling at least $6,000,000.
The Defendants' misrepresentations were willful, fraudulent, malicious,and oppressive.
As a result, Plaintiff is entitled to punitive damages.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

**SECOND CAUSE OF ACTION : NEGLIGENT MISREPRESENTATION**
*(Against all Defendants )*

**52)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein

**53)** Defendants made a false representation to Plaintiff. Defendants had a pecuniary interest in making the statement ; Defendants owed a duty of care to see that they communicated truthful information to Plaintiff;  Defendants breached the duty by failing to exercise due care; the Plaintiff justifiably relied on the representation;and Plaintiff suffered a pecuniary loss as the proximate result of her  reliance upon the representation

**54)** Defendants represented to Plaintiff that an important fact was true that Paul Heller and his immigration law firm HILG will assist in the litigation against Plaintiff's H1B visa sponsor
That representation was false
Defendants knew the representation was false when they made it and Defendants intended that Plaintiff rely on the representation.
Plaintiff  reasonably relied on Defendants' representation. Plaintiff was harmed.
Plaintiff's reliance was a substantial factor in causing her harm.
Defendants Paul Heller,HILG never assisted in the litigation against Plaintiff's H1B sponsor

**55)** During April 2009 to September 2011,the Defendants failed to apply H1B laws in the case against Plaintiff's H1B sponsor and it led to the Department of Labor's decision against her
This adverse decision by the DOL  was published in many legal websites,injuring the reputation of Plaintiff by exposing her to hatred ,contempt and ridicule

**56)** The case against Plaintiff's H1B visa sponsor should have been done in the year 2011
Due to the negligent misrepresentation of the Defendants,it is still open and Plaintiff is forced to represent herself in the case against her H1B visa sponsor  and the Department of Labor
Plaintiff was deprived of adjustment of her immigration status in the USA.
Plaintiff could not receive T visa,S-5 visa,U-visa. Plaintiff faces life ban to enter the USA

**57)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.  Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

**58)** Defendants are jointly and severally liable for the damages suffered by Plaintiff

**59)** As a direct and proximate result of the aforesaid negligent misrepresentation of the Defendants,Plaintiff has suffered loss of immigration status,income,career opportunities, health,mental peace,reputation and economic damages totaling at least $6,000,000.
The Defendants' misrepresentations were willful, fraudulent, malicious,and oppressive.
As a result, Plaintiff is entitled to punitive damages.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

## THIRD CAUSE OF ACTION : FRAUD
### *(Against all Defendants )*

**60)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*"Misrepresentation or concealment of a material fact or matter or the scheme to obtain money or property by means of false or fraudulent pretenses involving a false statement, assertion, half-truth or knowing concealment concerning a material fact or matter."*

*California Civil Code 1709: encapsulates legal liability for Intentional Fraud and Deceit as follows:*
*"One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers"*

*California rule 8.4 states in pertinent part that a lawyer shall not: "(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects (c)engage in conduct involving dishonesty,fraud,deceit,or reckless or intentional misrepresentation*

**61)** During the Initial consultation in April 2009, Defendants represented to Plaintiff that an important fact was true – that Paul Heller,HILG will be assisting in the litigation against her H1B visa sponsor
Defendants knew that representation was false when they made that representation
Defendants made the representation recklessly or without regard for its truth
Defendants intended for Plaintiff to rely on their misrepresentations and Plaintiff did in fact, rely on the misrepresentations which in all aspects was unaware and ignorant of the falsity of their misrepresentation
Defendant's false representations were material to Plaintiff in the determination of whether Plaintiff would engage Defendants and continue the engagement
The only purpose of making the false representation was to convince Plaintiff to retain them

**62)** Plaintiff is not an attorney and never been an attorney. Plaintiff has no prior experience with the legal system. Plaintiff's reliance on the Defendants' fraudulent conduct was a substantial factor in causing her harm.
If Defendants had been truthful or not reckless in their representations,Plaintiff would not have hired them and would have found other counsel who would have won this case in the year 2011. Plaintiff is now forced to represent herself in the case **2:18-CV-01206** against her H1B sponsor and the US-Department of Labor

**63)** Due to the fraudulent acts of the Defendants,Plaintiff suffered loss of immigration status, unpaid  wages,past and future income,career growth,health, reputation,mental peace and faces life ban to enter the USA. Plaintiff lost at least $3,000,000 in treble damages from her H1B visa sponsor in the year 2011

**64)** The Defendants are jointly and severally liable for the damages suffered by Plaintiff
The Defendants' misrepresentations were willful, fraudulent, malicious,and oppressive.
As a result, Plaintiff is entitled to punitive damages.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

## FOURTH  CAUSE OF ACTION : PROMISSORY FRAUD
### *(Against all Defendants )*

**65)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

 *"An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract."*

**66)** Defendants made a promise that is important to the transaction that they never intended to, nor never performed, in order to induce Plaintiff to rely on the promise.
Plaintiff Vinayagam reasonably relied on and harmed by the false promise

**67)** Defendants made false promise to Plaintiff that Paul Heller,HILG will assist in the litigation against her H1B sponsor
Defendants  made that promise and never intended to, nor never performed.
Plaintiff relied on the false promise and was harmed.
Specifically Plaintiff's relied on Defendant's promise and hired them to represent her in the litigation against her H1B sponsor. Defendants did not intend to perform this promise when they made it. Defendants intended that Plaintiff rely on the promise.
Plaintiff reasonably relied on Defendants promise.
Defendants did not perform the promised act.
Defendants Paul Heller, HILG never assisted in the litigation  against Plaintiff's H1B sponsor
(Defendants fraudulently concealed this fact from Plaintiff until November 2020)
Plaintiff was harmed.
Plaintiff's reliance on Defendant's promise was a substantial factor in causing her harm

**68)**  Plaintiff lost at least $3,000,000 in compensation from her H1B visa sponsor
Plaintiff  was deprived of adjusting her immigration status in the USA could not receive T visa,S-5 visa,U-visa. Plaintiff faces life ban to enter the USA

**69)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to get a job even in her home country India and  Plaintiff could not make any progress in her career since the year 2009 and Defendants are liable for sabotaging her career

**70)** Due to the  promissory fraud of the Defendants, the case against Plaintiff's H1B sponsor is still open and Plaintiff is forced to represent herself in the Case 2:18-CV-01206 against her H1B visa sponsor and the US Department of Labor

The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**71)** As a direct and proximate result of the aforesaid promissory fraud,Plaintiff has suffered loss of immigration status,reputation,health,mental peace,career opportunities,unpaid wages
Plaintiff also suffered general damages totaling at least $1,000,000

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

## FIFTH CAUSE OF ACTION : FALSE PROMISE
### *(Against all Defendants )*

**72)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*False Promise which is "a promise made without any intention of performing it.*
***California Civil Code Section 1710:*** *encapsulates legal liability for fraud via false promise or promissory fraud as follows: "A deceit, within the meaning of the last section, is either:*
*1.The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;*
*2.The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true; 3.The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,*
*4.A promise, made without any intention of performing it."*

**73)**  Defendants made a promise that Paul Heller,HILG will assist in the litigation against Plaintiff's H1B visa sponsor
But Defendants did not intend to perform at the time they made the promise

**74)**  Defendants made the promise with the intention that Plaintiff would rely on the promise. Plaintiff did, in fact, reasonably relied on the promise and hired the Defendants. Defendants made the promise did not fulfill that promise. Plaintiff suffered harm and the false statement was a substantial factor in causing such harm.

**75)**  Defendants Andrew Pierce,Scott Berman,Jacquetta Lannan,Thomas MiHill are not immigration lawyers and failed to apply H1B laws in the case against Plaintiff's H1B sponsor and it led to the Department of Labor's decision against her. This adverse decision by the Department of Labor  was published in many legal websites,injuring the reputation of Plaintiff by exposing her to hatred ,contempt and ridicule

**76)** Plaintiff suffered economic damages totaling at least $3,000,000 in treble damages from her H1B visa sponsor  and general damages totaling at least $1,000,000.
Plaintiff lost millions of dollars in compensation in FTCA from the US- Department of Labor
Due to the  false promise of the Defendants, the case against Plaintiff's H1B sponsor is still open and Plaintiff is forced to represent herself in the Case 2:18-CV-01206 against her H1B visa sponsor and the US Department of Labor

Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job in her home country India. Plaintiff faces life ban to enter the USA
Plaintiff could not make any progress in her career since the year 2009
Defendants are liable for sabotaging her career

**77)** The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**78)**  As a direct and proximate result of the aforesaid false promise,Plaintiff suffered economic damages,loss of immigration status ,career opportunities,health,reputation and mental peace
WHEREFORE Plaintiff claims damages against the Defendants in an amount of $5,000,000 with costs, interest and other fees

## SIXTH CAUSE OF ACTION : FRAUDULENT CONCEALMENT
### *(Against all Defendants )*

**79)**  Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

***California Civil Code Section 1710(3) encapsulates legal liability for fraud via concealment fraud or fraudulently concealment as follows: "A deceit, within the meaning of the last section, is… .The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact."***

**80)** During April 2009 to November 2020,Defendants fraudulently concealed the fact  that Paul Heller,HILG did not assist  in the litigation against Plaintiff's employer

**81)** In the initial conference call held in April 2009,Defendants Andrew Pierce,Scott Berman, Jacquetta Lannan,Thomas MiHill confirmed  they are labor lawyer and not immigration lawyers and they do not have expertise in H1B immigration laws.
Paul Heller, HILG agreed  to assist them in the litigation against Plaintiff's H1B sponsor
But  Paul Heller,HILG did not assist in the litigation against Plaintiff's H1B sponsor
During April 2009 to  November 2020.Defendants intentionally failed to disclose an important fact to Plaintiff – that Paul Heller,HILG did not assist in the litigation against her H1B sponsor

**82)** Plaintiff did not know the concealed fact.
Defendant intended to deceive Plaintiff by concealing that fact.
Plaintiff reasonably relied on Defendants' deception. Plaintiff was harmed.
Defendants' concealment was a substantial factor in causing Plaintiff's harm.
Defendants concealed the fact until November 2020 **(Exhibit-Fraudulent Concealment)**

**83)** Plaintiff suffered economic damages totaling at least $150,172.55 in unpaid wages and $3,000,000 in treble damages from her H1B visa sponsor  .
Plaintiff was deprived of adjusting her immigration status and could not receive S-5 visa, U visa,T visa. Plaintiff  faces life ban to enter the USA

**84)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India. Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

**85)** Plaintiff's case against her H1B visa sponsor should have been done in the yer 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA

The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**86)** As a direct and proximate result of the aforesaid fraudulent concealment, Plaintiff has suffered loss of immigration status,unpaid wages,past and future income,career opportunities, health. reputation and mental peace

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $5,000,000 with costs, interest and other fees

## SEVENTH CAUSE OF ACTION :  WIRE FRAUD
### *(Against all Defendants )*

**87)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

***For the purposes of executing their fraudulent scheme, did cause to be transmitted by means of wire communication in interstate commerce the signals and sounds,contrary to 18, USC, Section 1343***

***The four essential elements of the crime of wire fraud are:***
***(1) that the defendant voluntarily and intentionally devised or participated in a scheme to defraud another out of money;***
***(2) that the defendant did so with the intent to defraud;***
***(3) that reasonably foreseeable that interstate wire communications would be used; and***
***(4) that interstate wire communications were in fact used U.S.C. 1349 applies to attempts to commit wire fraud. Indeed, "[a]ny person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."***

**88)** Beginning as early as April 2009 and continuing up through and including the end of November 2020 within the Northern District of California and elsewhere,Defendants knowingly and with the intent to defraud ,devised a material scheme to defraud Plaintiff and to obtain money from her by means of materially false and fraudulent pretenses ,representations and promises ,and by intentional concealment and omission of material facts

**89)** Defendants ran a fraud scheme to defraud Plaintiff ,used false, deceptive, or fraudulent pretenses,representations, or promises to deprive her of money and adjustment of her immigration status in the USA

**90)** Defendants used the telephones,email,website of their law firm to promote and run their fraud scheme and lure immigrant workers like Plaintiff. Defendants in California,Georgia used phone,email to communicate with Plaintiff in New York,Nevada and India

**91)** As part of their fraud scheme**,** Defendants intentionally misrepresented themselves and made false promises to make Plaintiff enter into a legal contract with them Defendants Paul Heller,HILG agreed to assist in the litigation against Plaintiff's H1B  sponsor ,but they never did. All the Defendants concealed this fact from Plaintiff until November 2020 **(Exhibit-Fraudulent Concealment)**

**92)** Defendants ran a RICO enterprise and profited thousands of dollars
Plaintiff is a victim of Defendant's wire fraud scheme and lost unpaid wages,earning capacity, immigration status,work opportunities. Plaintiff could not successfully transfer her H1B visa and was deprived of adjustment of her immigration status in the USA.
Plaintiff could not  get S-5 visa ,T visa. Plaintiff is facing life ban to enter the USA

**93)**Plaintiff a victim of Defendants wire fraud, could not make any progress in her career since April 2009. The Defendants  are jointly and severally liable for sabotaging Plaintiff's career

**94)** Plaintiff's case against her H1B visa sponsor should have been done in the yer 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA

Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.

The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**95)** As a direct and proximate result of the aforesaid wire fraud, Plaintiff has suffered loss of immigration status,career opportunities,unpaid wages,health, reputation and mental peace Plaintiff lost millions of dollars in compensation from US -Department of Labor and her H1B visa sponsor. Plaintiff also suffered general damages totaling at least $1,000,000.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $5,000,000 with costs, interest and other fees

### EIGHTH CAUSE OF ACTION : PROFESSIONAL NEGLIGENCE
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL,JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW )*

**96)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*A lawyer shall not intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence*

**97)** At all times that Defendants provided their professional services to Plaintiff , Defendants owed Plaintiff a duty to use such skill, prudence and diligence as attorneys of ordinary skill and capacity commonly possess and exercise in the performance of the tasks they undertake

**98)** Defendants knew or should have foreseen with reasonable certainty that Plaintiff would suffer injury ,including monetary damages , if Defendants failed to perform their duty to use ordinary skill ,prudence and diligence in connection with the handling of the litigation against Plaintiff's H1B sponsor

**99)** Defendants failed to use such ordinary skill, prudence and diligence as is commonly possessed by attorneys of ordinary skill and capacity and fell below the standard of care , by committing or omitting to perform , the following acts :

*A) Defendants are labor lawyers and promised  that Paul Heller,HILG will assist  in the litigation against Plaintiff's H1B visa sponsor. But Paul Heller ,HILG never assisted in the litigation.*
*In November 2020,Paul Heller confirmed the same by email (Exhibit-Fraudulent Concealment)*

*B) Defendants unduly delayed the case by filing 09-06087-JW  in California against Plaintiff's H1B sponsor based  in Georgia .In March 2010,the case was dismissed for lack of jurisdiction. Defendant Pierce Shearer teamed up with Adams Law Offices. Defendant Thomas Mihill filed the civil lawsuit 1:10-CV-1836 in Georgia. Thomas Mihill is not an immigration lawyer and has no expertise,experience in H1B immigration laws*

*C) Defendants are not immigration lawyers and failed to apply H1B visa laws.*
*Defendants failed to include H1B visa fraud, H1B unlawful termination wire fraud ,mail fraud,*
*RICO violations, Fraud in Foreign labor contracting,Forced Labor,Trafficking, and peonage*
*committed by Plaintiff's H1B visa sponsor*

*E) Plaintiff's H1B sponsor was willing to pay the Defendants a settlement amount of $75000 in*
*three installments. But Defendants threatened to withdraw from the case,if Plaintiff did not*
*settle for a one time payout of $45000. Plaintiff complied with Defendant's demand*
*Plaintiff received only $19,324. Defendant's compensation for their services is so excessive*
*and disproportionate to the services rendered  amounts to <u>extortion</u>*

*F) To cover up and conceal their fraud, Defendants never provided Plaintiff the amount of*
*payment made to immigration lawyer Paul Heller. In fact,  Paul Heller and HILG did not assist in*
*the litigation against Plaintiff's H1B sponsor*

*G) During 2011,Defendants failed to file Federal Tort Claim against the US-Department of Labor*
*for gross negligence,willful misconduct. Defendants never advised Plaintiff about FTCA*

100) Defendants obtained $25,676 from the settlement paid by Plaintiff's H1B sponsor ,but
Defendants showed no interest in her case and failed to provide competent legal services.

101) Plaintiff hired Defendants for their expertise in labor laws and relied on their promise
that Paul Heller,HILG will assist in the litigation against her H1B sponsor
Plaintiff suffered harm by the Defendant's professional negligence and millions of dollars in
compensation from Department of Labor  and her H1B visa sponsor

102) During April 2009 to September 2011,the Defendants failed to apply H1B laws in the
case against Plaintiff's H1B sponsor and it led to the Department of Labor's decision against
her .This adverse decision by the DOL  was published in many legal websites,injuring the
reputation of Plaintiff by exposing her to hatred ,contempt and ridicule

103) The case against Plaintiff's H1B visa sponsor should have been closed in the year 2011
Due to the professional negligence of the Defendants,it is still open and Plaintiff is forced to
represent herself in the case against her H1B visa sponsor  and the Department of Labor
Plaintiff was deprived of adjustment of her immigration status in the USA.
Plaintiff could not receive T visa,S-5 visa,U-visa. Plaintiff faces life ban to enter the USA

104) Due to the clouded,complicated immigration and employment history,Plaintiff is unable to
find a job even in her home country India. Plaintiff could not make any progress in her career
since the year 2009.Defendants are liable for sabotaging Plaintiff's career

The Defendants are jointly and severally liable for the damages suffered by Plaintiff

106)  As a direct and proximate result of the aforesaid professional negligence,Plaintiff  was
deprived of adjustment of immigration status and lost unpaid wages,past and future income,
career opportunities ,economic damages,health,mental peace and reputation
WHEREFORE Plaintiff claims damages against the Defendants in an amount of
$6,000,000 with costs, interest and other fees

## NINTH CAUSE OF ACTION : INTENTIONAL BREACH OF FIDUCIARY DUTY
### *(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
### *JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW )*

**107)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**108)** At all relevant times mentioned herein, Defendants, and each of them, owed a fiduciary duty to act at all times in good faith and in Plaintiff's best interest, and had a duty, amongst other things, to perform the services for which they were retained with reasonable care and skill, to act in Plaintiff's highest and best interest at all times, and to not expose Plaintiff's to any unnecessary risk or peril, all in accordance with relevant legal standards of care. Defendants, and each of them, breached their fiduciary duty to Plaintiff

**109)** During April 2009 to November 2020,Defendants concealed the fact that Paul Heller, HILG  never assisted in the litigation against  Plaintiff's H1B sponsor
Defendants Andrew Pierce, Scott Berman, Thomas MiHill, Jacquetta Lannan are not immigration lawyers and failed to apply H1B immigration laws

**110)** Defendants,as attorneys for Plaintiff owed Plaintiff a fiduciary duty to preserve and protect Plaintiff's interests, rights, and opportunities. Defendants, by virtue of the actions and failures to act described herein above, breached said fiduciary duties.

**111)** In breaching said fiduciary duties,Defendants acted with oppression, fraud, or malice.
***Any breach of the trust by the attorney that underlies the relationship between that attorney and the client can be considered misconduct.***

**112)** Defendants entered into written, oral, and/or implied contracts with Plaintiff for legal services. Defendant materially breached those contracts through substantial nonperformance As Plaintiff's legal counsel,Defendants owed Plaintiff duties of loyalty and were prohibited from placing their own interest ahead of the interests of Plaintiff. Defendants acted in their own self interest by among other things, billing Plaintiff for unnecessary and redundant work and staffing matters with Thomas MiHill who lacked expertise and experience in H1B laws

**113)** Defendants failed to perform competent legal services .Defendants engaged in an unfair pattern and practice of breaching the guarantee and/or acting unfairly against Plaintiff. Defendants wrongful conduct was a substantial factor in harming Plaintiff, and damaged Plaintiff in an amount of at least  $5,000,000

**114)** As a direct and proximate result of the aforesaid breach of fiduciary duty,Plaintiff has suffered, and will continue to suffer, harm in an amount according to proof at trial, including but not limited to punitive damages. Plaintiff was deprived of adjustment of immigration status and lost unpaid wages,past and future income, career opportunities ,economic damages, health,mental peace and reputation .Plaintiff faces life ban to enter the USA

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $5,000,000 with costs, interest and other fees

## TENTH CAUSE OF ACTION : BREACH OF CONTRACT
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP , ADAMS LAW )*

**115)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**116)**Defendants entered into written, oral, and/or implied contracts with Plaintiff for competent legal services. Plaintiff have performed all of her obligations under her contract with the Defendant,except to the extent any such obligations were excused by Defendant's contract breaches. Defendant materially breached the contract through substantial nonperformance

**117)**During April 2009 to November 2020,Defendants breached the oral and written contract by concealing the fact that Paul Heller,HILG did not assist in the litigation against Plaintiff's H1B sponsor.

**118)** Andrew Pierce,Scott Berman,Jacquetta Lannan,Thomas MiHill are not immigration lawyers and failed to apply H1B visa immigration laws and this served as a advantage to the defense counsel. If the  Defendants had applied H1B immigration laws, the outcome of the case would have been different

**119)** Defendants failure to apply H1B laws in the case against Plaintiff's H1B visa sponsor led to the Department of Labor's decision against the Plaintiff .This adverse decision by the Department of Labor  was published in many websites,injuring the reputation of Plaintiff Vinayagam by exposing her to hatred ,contempt and ridicule

**120)** Plaintiff's case against her H1B visa sponsor should have been done in the yer 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor.
Defendants never advised Plaintiff about the Federal Tort Claim Act,thus depriving her of compensation from the US-Department of Labor
Plaintiff could not get S-5 visa,T-visa, U-visa and faces life ban to enter the USA

**121)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India. Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**122)** As a result of Defendant's breach of contract ,Plaintiff suffered loss of unpaid wages,past and future income,immigration status,health,reputation,mental peace and money damages in a sum of $3,000,000.
The Defendants' misrepresentations were willful, fraudulent, malicious,and oppressive.
As a result, Plaintiff is entitled to punitive damages.
WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

## ELEVENTH CAUSE OF ACTION : LEGAL MALPRACTICE
### *(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
### *JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW )*

**123)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**In a legal malpractice action arising from a civil proceeding**
*1.The duty of the attorney to use such skill ,prudence and diligence as members of his/her profession commonly possess and exercise  2. a breach of that duty*
*3. a proximate causal connection between the breach and the resulting jury*
*4.actual loss or damage resulting from the attorney's negligence*

**124)** Defendants had the duty to diligently and promptly represent Plaintiff's interests But Defendants intentionally, recklessly, with gross negligence, or repeatedly fail to perform legal services with competence. Defendants intentionally, repeatedly,recklessly or with gross negligence failed to act with reasonable diligence in representing Plaintiff. Defendant failed to act with commitment and dedication to the interests of Plaintiff and neglected,disregarded,and unduly delayed the legal matters

**125)** Until November 2020, Defendants fraudulently concealed the fact that Paul Heller,HILG did not assist in the litigation against Plaintiff's H1B sponsor. Defendants lack of expertise and experience in H1B immigration laws served as an advantage to the defense counsel

**126)** During April 2009 to September 2011,the Defendants failed to apply Labor laws,H1B laws in the case against Plaintiff's H1B sponsor and it led to the Department of Labor's decision against her .This adverse decision by the DOL  was published in many websites ,injuring the reputation of Plaintiff by exposing her to hatred ,contempt and ridicule Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor Defendants never advised Plaintiff about the Federal Tort Claim Act,thus depriving her of compensation from the US-Department of Labor

**127)** Defendants took more than 40 percent of the settlement from Plaintiff's H1B sponsor and Plaintiff received only $19,324. **Defendant's compensation for their services is so excessive and disproportionate to the services rendered  amounts to extortion**

**128)** Plaintiff's case against her H1B visa sponsor should have been done in the yer 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA Plaintiff could not make any progress in her career since the year 2009.
Defendants are liable for sabotaging Plaintiff's career
The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**129)** As a result of Defendant's legal malpractice ,Plaintiff suffered loss of unpaid wages,past and future income,immigration status,health,reputation,mental peace and money damages in a sum of $6,000,000. Plaintiff faces life ban to enter the USA
WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

### TWELVETH  CAUSE OF ACTION : GROSS NEGLIGENCE
***(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL***
***JACQUETTA LANNAN, PIERCE SHEARER LLP , ADAMS LAW )***

**130)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

***Gross Negligence means any act or failure to act (whether sole, joint or concurrent) by a person that was intended to cause or was in reckless disregard of, or wanton indifference to, the harmful consequences to the safety or property of another person which the person acting or failing to act knew, or should have known, would result from such act or omission,***

**131)** Defendants consciously and voluntarily disregarded the need to use reasonable care, which caused foreseeable grave injury or harm to Plaintiff Vinayagam
Until November 2020, Defendants concealed the fact that Paul Heller,HILG did not assist in the litigation against Plaintiff's H1B sponsor

**132)** Defendants are not immigration lawyers and failed to apply H1B immigration laws. Defendants lack of expertise and experience in H1B visa immigration laws served as an advantage to the defense counsel.

**133)** During April 2009 to September 2011,the Defendants failed to apply H1B laws in the case against Plaintiff's H1B visa sponsor and it led to the Department of Labor's decision against the Plaintiff .This adverse decision by the Department of Labor  was published in many websites,injuring the reputation of Plaintiff Vinayagam by exposing her to hatred ,contempt and ridicule

**134)** The case against Plaintiff's H1B visa sponsor should have been closed in the year 2011 Due to the gross negligence of the Defendants,it is still open and Plaintiff is forced to represent herself in the case against her H1B visa sponsor  and the Department of Labor Plaintiff was deprived of adjustment of her immigration status in the USA.
Plaintiff could not receive T visa,S-5 visa,U-visa. Plaintiff faces life ban to enter the USA

**135)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.  Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

Defendants are jointly and severally liable for the damages suffered by Plaintiff

**136)** As a result of Defendant's gross negligence , Plaintiff suffered economic loss, loss of immigration status,past and future income, career opportunities,health, reputation and money damages in a sum of $6,000,000.
**137)** Defendants grossly negligence entitles Plaintiff to punitive and/or exemplary damages in addition to the actual damages alleged above

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

### THIRTEENTH CAUSE OF ACTION : WILLFUL MISCONDUCT
*(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL*
*JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW )*

**138)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*Willful Misconduct means intentional disregard of good and prudent standards of performance or proper conduct under the Contract with knowledge that it is likely to result in any injury to any person or persons or loss or damage of property. Misconduct committed voluntarily and intentionally, being conduct that is intentional, reckless or wanton in nature.*
*(1) Knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another;(2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another."'*

**139)** During April 2009 to September 2011,the Defendants failed to apply H1B laws in the case against Plaintiff's H1B visa sponsor and it led to the Department of Labor's decision against the Plaintiff .This adverse decision by the DOL was published in many websites ,injuring the reputation of Plaintiff by exposing her to hatred ,contempt and ridicule.
The case against Plaintiff's H1B visa sponsor should have been closed in the year 2011
Due to the willful misconduct of the Defendants,it is still open and Plaintiff is forced to represent herself in the case against her H1B visa sponsor  and the Department of Labor
Plaintiff was deprived of adjustment of her immigration status in the USA.
Plaintiff could not receive T visa,S-5 visa,U-visa. Plaintiff faces life ban to enter the USA

**140)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.  Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

**141)**The Defendants acted out of a desire to conceal their own misconduct.
The Defendants engaged in purposeful misrepresentation and reckless disregard of the truth to produce unlawful gain**.** Defendants all of them have intentionally engaged in a pattern and practice of willful misconduct using gross negligence as their avenue to defraud Plaintiff

**142)** Defendants engaged in misleading, false, or deceptive acts to force Plaintiff enter into a contract with them . Defendants knowingly engaged in unconscionable methods, acts, or practices against Plaintiff knowingly taking advantage of her , who was apparently an immigrant from India
Defendants breached their legal duty to Plaintiff' and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard of Plaintiff's rights
Defendants are jointly and severally liable for the damages suffered by Plaintiff

**145)** As a result of Defendant's willful misconduct ,Plaintiff suffered economic loss , loss of immigration status,health ,career opportunities and money damages in a sum of $6,000,000.
WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

## FOURTEENTH CAUSE OF ACTION : MAIL FRAUD
### (Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL
### JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW )

**146)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein

***Mail fraud occurs when the U.S. Mail is used in furtherance of a criminal act.***
***Under 18 U.S.C.1341 for committing mail fraud,***
***(1) the defendant must have been engaged in a scheme to defraud;***
***(2) the scheme must have involved material misstatements or omissions;***
***(3) the scheme resulted, or would have resulted upon completion, in the loss of money, property, or honest services;  (4) the defendant must have used of U.S. mail in furtherance of scheme to defraud; and (5) the defendant used or caused the use of U.S. mail***

**Under 18 U.S.C. section 1343,** *Placing materials in a post office, mailbox, or other receptacle with intent that the materials are delivered by either the U.S. Postal Service or a private interstate mail carrier to someone else;*

- *A scheme existed for the purposes of committing fraud;*
- *Defendants knowingly and willfully participated in the scheme; and*
- *Defendants used a public or private mail service or interstate or foreign wire communication to further the scheme.*

**147)** Defendants used the United States Postal Service  and private postal services (such as UPS or FedEx) to send any materials that are related to their scheme to defraud Plaintiff of her money and adjustment of immigration status
- Defendants used USPS to mail the legal documents to the District Court in San Francisco and Atlanta. Defendants received money payments from Plaintiff's H1B visa sponsor by mail and distributed it among themselves

**148)** Due to the mail fraud of the Defendants, Plaintiff was deprived of adjustment of her immigration status in the USA. Plaintiff could not receive T visa,S-5 visa,U-visa.
Plaintiff faces life ban to enter the USA

Plaintiff is forced to represent herself in the case against her H1B visa sponsor  and the Department of Labor
Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.  Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career

Defendants are jointly and severally liable for the damages suffered by Plaintiff

**149)** As a result of Defendant's mail fraud,Plaintiff suffered economic loss,loss of immigration status,past and future income, career opportunities,health, reputation and money damages in a sum of $6,000,000.
WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees

## FIFTEENTH CAUSE OF ACTION : EXTORTION
### *(Against Defendants ANDREW PIERCE,SCOTT BERMAN, THOMAS MIHILL JACQUETTA LANNAN, PIERCE SHEARER LLP, ADAMS LAW )*

**150)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein

***Webster's Collegiate Dictionary defines "extort" as "To obtain from a person by force or undue or illegal power or ingenuity".   Extortion is obtaining money or property by force or fear***
***Civil extortion has three "elements" plaintiffs must prove:***
***1.The defendant knew the threat was wrongful, 2.The threat included a demand for money, property or services (this threat could be express or implied), and  3. The plaintiff complied with the demand.***

**151)**The Defendants concealed the fact that Paul Heller,HILG did not assist in the litigation against Plaintiff's H1B visa sponsor. Defendants failed to apply H1B laws and  failed to use their expertise in labor laws in the litigation against Plaintiff's H1B visa sponsor.

**152)** During August 2011,Plaintiff's H1B sponsor was willing to settle Plaintiff's unpaid wages in an amount of $72,000 in three installments. But Defendants demanded a one time payout of  $45,000 from Plaintiff's H1B sponsor.

**153)** Plaintiff explained the Defendants that her H1B sponsor owes her $150,172.55 in unpaid wages. But Defendants threatened to withdraw from the case,if Plaintiff did not settle for a one time payout of $45000. Plaintiff complied with Defendant's demand and accepted the offer. Plaintiff was forced to settle for one time payout of $45,000 from her H1B sponsor

***Rule 1.5 Fees for Legal Services(b) Unconscionability of a fee shall be determined***
***(1) whether the lawyer engaged in fraud\* (2) whether the lawyer has failed to disclose material facts;***
The legal fees in $25,676 were obtained through the Defendant's fraud, and are subject to disgorgement.

The retainer agreement states ***" The attorney fees payable to the Firm shall increase to 40% ,of the gross receipts ,if the Firm files a complaint with any court or arbitration  association or makes an appearance before any administrative agency"***
154)The legal fees which is clearly excessive, which is so excessive ,was not charged in good faith. Defendant's compensation for their services is so excessive and disproportionate to the services rendered,  amounts to <u>extortion</u>
In RICO-related extortion cases tried in federal courts, victims can receive triple damages and court costs for extortion and other racketeering offenses.

**155)** As a result of Defendant's extortion,Plaintiff suffered economic loss,immigration status, loss of past and future income and forced to represent herself in the case against her H1B visa sponsor  and the United States - Department of Labor.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $6,000,000 with costs, interest and other fees
WHEREFORE Plaintiff prays the Court award the Defendants the maximum penalty for Extortion

## SIXTEENTH CAUSE OF ACTION : Conspiracy to commit RICO
### *(Against all Defendants )*

**156)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein

Section 1962(d): Conspiracy
*Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." Unlike the general conspiracy statute applicable to federal crimes, which requires proof that at least one of the conspirators committed an "act to effect the object of the conspiracy," there is no requirement under section 1962(d) that an "overt act" or specific act be committed in furtherance of a RICO conspiracy.*

*Furthermore, a defendant who conspires to commit a substantive offense under section 1962(a), (b), or (c) can be convicted of a RICO conspiracy even though the defendant does not personally commit or agree to commit the racketeering activity*

*RICO conspiracy is not a conspiracy to commit the alleged predicate acts; rather, a RICO conspiracy offense is a conspiracy to participate in the affairs of an enterprise through a pattern of racketeering activity*
*The RICO conspiracy provision makes it a crime to conspire to violate any of the three substantive provisions of RICO set forth in 18 U.S.C. section 1962(a) (b) and (c).*

*To establish a criminal conspiracy under RICO,civil RICO plaintiff must prove that the defendant knowingly agreed that a conspirator (which could include himself) would commit a violation of one of the substantive sections of RICO.*

**157)** Defendants Andrew Pierce,Scott Berman, Jacquetta Lannan,Thomas MiHill, Pierce Shearer, Adams Law,Paul Heller and Heller Immigration Law Group agreed to join the conspiracy to defraud Plaintiff Vinayagam

Defendants agreed to commit predicate acts and knew that those acts were part of a pattern of racketeering activity

**158)** Each Defendant knew the general nature of the conspiracy and the conspiracy extends beyond his individual role,and knowingly agreed to facilitate a scheme that would,if completed,a constitute substantive violation of RICO involving at least one conspirator who would participate in the operation or management of the enterprise.

**159)** Each Defendant did aid and abet the predicate acts involving mail fraud ,wire fraud, extortion,Interstate and foreign travel or transportation in aid of racketeering enterprise

*"[i]t is fundamental that conspiracy is an agreement among two or more persons to commit a crime.*

*The crime of conspiracy does not require actual commission of the substantive crime."*
*Agreement among co-conspirators is the critical element of a RICO conspiracy and it is irrelevant whether a defendant agrees to commit the racketeering acts as a principal or as an aider and abettor. If a defendant agrees personally to commit, or to aid and abet the commission of, two predicate acts he may be convicted of a RICO conspiracy violation*

**160)** A conspiracy exists as long as measures are taken to conceal evidence of the crime.
A person who did not participate in the original agreement can become a coconspirator after the actual criminal act if the person joins in the concealment of the conspiracy.
Whether a coconspirator received personal benefit or profit is of no importance.

**161)** Defendants willfully concealed from Plaintiff until November 2020
The statute of limitations does not begin to run until the plaintiff actually discovers or should reasonably have discovered the fact of the wrongdoing

**162)** Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor
Plaintiff lost millions of dollars in Tort claim(FTCA)  from the US- Department of Labor
Plaintiff could not get S-5 visa,T-visa, U-visa and faces life ban to enter the USA
Plaintiff's case against her H1B visa sponsor should have been done in the yer 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA
Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India
Plaintiff could not make any progress in her career since 2009.
Defendants are liable for sabotaging Plaintiff's career

**163)** The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**164)** As a direct and proximate result of the aforesaid conspiracy to commit RICO,Plaintiff has suffered loss of immigration status,reputation,health,mental peace,career opportunities, unpaid wages  and economic damages totaling at least $8,000,000.
The Defendants' acts were willful, fraudulent, malicious,and oppressive.
As a result, Plaintiff is entitled to punitive damages.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $8,000,000 with costs, interest and other fees
WHEREFORE Plaintiff prays the Court award the Defendants the maximum penalty for Conspiracy to Commit RICO

### SEVENTEENTH CAUSE OF ACTION
***Interstate and foreign travel or transportation in aid of racketeering enterprises - 18 USC §1952
(Against Defendants ANDREW PIERCE,JACQUETTA LANNAN, SCOTT BERMAN, PIERCE
SHEARER, THOMAS MIHILL,ADAMS LAW)***

**165)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and *incorporates them by reference into this cause of action as though fully set forth herein*

*(a) Whoever travels in interstate or foreign commerce or uses the mail or any facility in interstate or foreign commerce, with intent to— (1) distribute the proceeds of any unlawful activity; or
(2) commit any crime of violence to further any unlawful activity; or
(3) otherwise promote, manage, establish, carry on, or facilitate the promotion,management,establishment, or carrying on, of any unlawful activity,*
**"unlawful activity" means  (2) <u>extortion</u>, bribery, or arson in violation of the laws of the State in which committed or of the United States, ... shall be fined under this title, imprisoned not more than 5 years, or both;**

**166)** The Travel Act, Section 18 USC 1952, has a long reach for racketeering violations. The law prohibits travel to other states and jurisdictions to engage, promote or discuss racketeering enterprises. Applicable to **mail and internet communications**, the Travel Act is one of the best tools for fighting organized crime.

**167)** During May 2010 Defendant Jacquetta Lannan, did knowingly and intentionally travel in interstate and foreign commerce and used the mail and one or more facilities in interstate and foreign commerce, with intent to distribute the proceeds of an unlawful activity United States Code, and Sections 1956 and 1957 of Title 18, United States Code, and thereafter did knowingly and intentionally perform and attempt to perform (a) one or more acts to distribute the proceeds of such unlawful activity,and
 (b) one or more acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on, of such unlawful activity.
(Title 18 USC- Sections 1952(a)(1)(A), 1952(a)(3)(A),  1952(b)(2 )  )

**168)** Defendant Jacquetta Lannan traveled from California to Georgia to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of their racketeering enterprise. Other Defendants in California used email,wires to communicate with Defendant  Jacquetta Lannan and Defendant Thomas MiHill in Georgia

**169)** In May 2011,Plaintiff's H1B sponsor was willing to offer $75,000 in three installments to settle Plaintiff's lawsuit against them. But Defendants forced Plaintiff to settle for a one time payout of $45,000. Plaintiff explained the Defendants that her H1B sponsor owes her $150,172.55 in unpaid wages. Defendants threatened to stop representing her, if she does not settle for a one time payout of $45,000 .Plaintiff complied with Defendants demand

**170)** The retainer agreement stated *" The attorney fees payable to the Firm shall increase to 40% ,of the gross receipts ,if the Firm files a complaint with any court or arbitration association or makes an appearance before any administrative agency"*

**171) Defendants charged legal fees which is clearly excessive,or one which is so excessive,was not charged in good faith. Defendants compensation for their services is so excessive and disproportionate to the services rendered.
This amounts to <u>extortion</u>
In RICO-related extortion cases tried in federal courts, victims can receive triple damages and court costs for extortion and other racketeering offenses.**

**172)** As a direct and proximate result of the aforesaid cause of action,Plaintiff has suffered loss of immigration status,reputation,health,mental peace,career opportunities unpaid wages and economic damages totaling at least $8,000,000. The Defendants' acts were willful, fraudulent, malicious,and oppressive. As a result, Plaintiff is entitled to punitive damages.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $8,000,000 with costs, interest and other fees
WHEREFORE Plaintiff prays the Court award the Defendants the maximum penalty for Interstate and foreign travel or transportation in aid of racketeering enterprises

# EIGHTEENTH CAUSE OF ACTION : RICO
### *(Against all Defendants )*

**173)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*18 USC 1962(c) makes it unlawful to "conduct or participate, directly or indirectly, in the conduct" of an enterprise through a pattern of racketeering activity.*
*The four primary elements of this subsection are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity*

**174)** Plaintiff alleges that Defendants were member,associates of a RICO enterprise as that term is defined pursuant to 18 U.S.C. § 1961(4) ,engaged in in or activities of which affect, interstate or foreign commerce ,and that said RICO persons conducted ,participated directly or indirectly ,in the conduct of such RICO enterprise's affairs through a RICO pattern of racketeering activity

**175)** The RICO enterprise consists of a group of "persons" associated together for the common purpose of intentionally and willfully defrauding non immigrant workers like Plaintiff

The purpose of the Enterprise is to  enrich the members and associates of the Enterprise through criminal activity, including but not limited to *mail fraud, wire fraud*, *Interstate and foreign travel or transportation in aid of the  enterprise and  extortion*

Plaintiff alleges that Defendants were employed by and associated with each other , and engaged in a conduct that constitutes a RICO pattern of racketeering activity

**176)** Defendants at all relevant times, is and has been a "person" within the meaning of 18 U.S.C. § 1961(3), because they are capable of holding,and does hold, "a legal or beneficial interest in property."

**177)** Defendants created and conducted the enterprise to defraud immigrants like Plaintiff using their enterprise ."Pattern" is also a defined term requiring "at least two acts of racketeering activity. Defendants engaged in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1) by engaging in the acts ,aiding and abetting the commission of the acts ,in violation of the following laws

- *Mail fraud - 18 U.S.C. § 1341*
- *Wire fraud - 18 U.S.C. § 1343*
- *Interstate and foreign travel or transportation in aid of racketeering enterprises - 18 USC §1952*
- *Extortion*

**178)** *Benefits Received by the RICO Enterprise from the Alleged Pattern of* Racketeering Activity

The Defendants enjoyed substantial financial profits from their racketeering activities.
The unlawful activities committed by the Defendants,coupled with the fraud, fraudulent concealment,gross negligence,intentional misconduct caused Plaintiff loss of unpaid wages, past and future income,health reputation,and deprived her of adjustment of immigration status

**179) The Effect of the Activities on Interstate Commerce**
The Defendants identified in this action have conducted the racketeering activities and other business activities relevant to this action through interstate travel and communications. Defendants traveled and communicated across state lines in undertaking the transactions, travel and the racketeering acts. Defendants conducted business throughout the USA . Their business and racketeering activities (involving travel, wire transactions within the USA) affect interstate commerce

The acts of the Defendants constitute a pattern of racketing activity within the meaning of 18 U.S.C. § 1961(5), because:
a. the conduct has continued over a long enough period of time and, the acts of the Defendants were intended to and did in fact affect interstate commerce.
The fraudulent acts were committed through the enterprise  to defraud Plaintiff Vinayagam

**180)** Defendants are still in the business and pose a threat of continued criminal activity

**181)** RICO cause of action can be tolled by fraudulent concealment when the plaintiff establishes
(1) the use of fraudulent means by the party who raises the ban of the statute;
(2) successful concealment from the injured party; and
(3) that the party claiming fraudulent concealment did not know or by the exercise of due diligence could not have known that she might have a cause of action

**182) Racketeer Influenced and Corrupt Organizations Act (Rico), 18 U.S.C. § 1964(c) (2000)**
*18 U.S.C. § 1964(c) allows "any person injured in his business or property by reason of a violation of section 1962 of this chapter" to "sue therefore in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit,including a reasonable attorney's fee …."*

**183)** The directness requirement to establish standing requires a RICO plaintiff to plead:
• The injury alleged was caused by the defendant's commission of one or more of the predicate acts defined by 18 U.S.C. §1961(1); and
• The RICO plaintiff was the intended target of that defendant's conduct.

Plaintiff's alleged  injury was due to the Defendant's commission of  predicate acts

**184)** As a direct and proximate result of the Defendant's racketeering activities,and violations of  18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d) Plaintiff Vinayagam has been injured in her business and property by reason not only of the loss of visa ,unpaid wages,past and future income,health, reputation,mental peace,immigration status,career path opportunities,but facing life ban to enter the USA.

WHEREFORE Plaintiff claims treble damages against the Defendants in an amount of $9,000,000, together with costs,interest and other fees

WHEREFORE Plaintiff claims exemplary and punitive damages against the Defendants in an amount as determined by the trier of fact

**NINTEENTH CAUSE OF ACTION : CIVIL  CONSPIRACY**
*(Against all Defendants )*

**185)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

*[t]he elements of a civil conspiracy claim are: "(1) a malicious combination,  (2) involving two or more persons, (3) causing injury to person or property, and  (4) the existence of an unlawful act independent from the conspiracy itself."*

**186)** Defendants contributed to accomplish an unlawful purpose, and the Defendants entered into an agreement to accomplish the object of the conspiracy. There was an agreement between the Defendants to participate in the unlawful acts, and Plaintiff's injury was caused by the unlawful overt acts performed by one of parties to the agreement, and in furtherance of the common scheme

**187)** Defendants, and each of them, were aware that a tort is planned and concurred in the tortious scheme with knowledge of its unlawful purpose. Defendants, and each of them, with full knowledge and intent and without justification, agreed to act commit the tortious acts against Plaintiff described in this Complaint in order to further their personal financial gain

**188)** Civil conspiracy "allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantiative tort law principles"
The Defendants owed a  legal duty of care to the Plaintiff and that was breached to her injury

**189)** Plaintiff lost millions of dollars in treble damages from her H1B visa sponsor
Plaintiff lost millions of dollars in Tort claim(FTCA)  from the US- Department of Labor
Plaintiff could not get S-5 visa,T-visa, U-visa and faces life ban to enter the USA
Plaintiff's case against her H1B visa sponsor should have been done in the year 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA
Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India.
Plaintiff could not make any progress in her career since the year 2009.
Defendants are liable for sabotaging Plaintiff's career

**190)** The Defendants are jointly and severally liable for the damages suffered by Plaintiff

**191)**Plaintiff lost unpaid wages, past and future income,career path opportunities,health, mental peace,reputation,and was deprived of adjustment of her immigration status in the USA
As a result of the wrongful and tortious conduct of Defendants as alleged herein, Defendants have been unjustly enriched and Plaintiff has suffered, and will continue to suffer, damages in ways and amounts that will be shown at trial.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $9,000,000 together with costs,interest and other fees
WHEREFORE Plaintiff claims exemplary and punitive damages against the Defendants in an amount as determined by the trier of fact

**TWENTIETH CAUSE OF ACTION : UNFAIR BUSINESS PRACTICES - CALIFORNIA BUSINESS AND PROFESSIONS CODE section 17200 et seq.**
*(Against all Defendants )*

**192)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein.

**193)** By virtue of their actions and failures to act described herein above, Defendants committed violations of California Business and Professions Code section 17200 et seq.

**194)** On October 19,2020,Plaintiff delivered a demand letter to Defendants detailing the breaches and violations described herein above. Plaintiff requested Defendants acknowledgment of and response to said claims. Defendants failed and refused to comply with Plaintiff's reasonable requests (Exhibit-Malpractice)
As a result, Plaintiff has been forced to file this lawsuit

**195)** Defendant's unlawful, unfair, and/or fraudulent business acts or practices were substantial factors in the harm Plaintiff suffered, and Plaintiff's lost money is subject to restitution.
Unless Defendant is restrained from continuing these unlawful, unfair, and/or fraudulent business acts or practices, Plaintiff and members of the public will suffer irreparable injury.

**196)** Plaintiff's case against her H1B visa sponsor should have been done in the yer 2011, but it is still open and Plaintiff is forced to represent herself in the Case  2:18-CV-01206-RFB-DJA
Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job even in her home country India. Plaintiff could not make any progress in her career since the year 2009.Defendants are liable for sabotaging Plaintiff's career
Plaintiff could not get S-5 visa,T-visa, U-visa and faces life ban to enter the USA

**197)** As a result of the  Defendants' unlawful and unfair business practices, Plaintiff has been damaged in an amount in excess of $8,000,000, according to proof, and are entitled to the remedies available under Business and Professions Code §17200, et seq., including, without limitation, restitution of money acquired by these Defendants by means of their wrongful act as alleged herein.
Plaintiff therefore is entitled to equitable relief in the form of restitution and injunctions, and any other equitable relief permissible under California Business and Professions Code Section 17203.

**198)**The Defendants are jointly and severally liable for the damages suffered by Plaintiff
As a direct and proximate result of the  Defendants unfair business practices,Plaintiff has suffered loss of immigration status,reputation,health,mental peace,career opportunities,past and future income ,and economic damages totaling at least $8,000,000.
The Defendants' acts were willful, fraudulent, malicious,and oppressive.
As a result, Plaintiff is entitled to punitive damages.

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $8,000,000 with costs, interest and other fees

## TWENTY FIRST  CAUSE OF ACTION
## INTENTIONAL  INFLICTION OF EMOTIONAL DISTRESS
### *(Against all Defendants )*

**199)** Plaintiff complains and re alleges all the allegations contained in this Complaint,and incorporates them by reference into this cause of action as though fully set forth herein

*The essential elements needed to assert a claim for intentional infliction of emotional distress are:*
*(1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that the emotional distress would likely result;*
*(2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;*
*(3) the conduct caused emotion distress; (4) and the emotional distress was severe.*

**200)** During April 2009 to November 2020, Defendants concealed the fact Paul Heller and his immigration law firm HILG  did not  assist in the litigation against Plaintiff's H1B sponsor Defendants engaged in misleading,false,or deceptive acts to force Plaintiff enter into a contract with them. Defendants knowingly engaged in unconscionable methods,acts,or practices against Plaintiff knowingly taking advantage of her,who was apparently an immigrant from India. Defendants breached their legal duty to Plaintiff and failed to exercise reasonable care and acted with reckless, willful, and wanton disregard of Plaintiff's rights

**201)** Defendants ran a racketeering enterprise and Plaintiff was a victim of their racketeering scheme and injured. Defendants conduct is intended to inflict injury or engaged in with the realization that injury will result. Defendants conduct towards Plaintiff ,as alleged above was outrageous and unprivileged and was done with the intent to cause emotional distress and with reckless disregard of the probability of causing such emotional distress

**202)** As a result of the above-described conduct of the Defendants, Plaintiff a Diabetic has suffered and continues to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; has suffered and continues to suffer and was prevented and will continue to be prevented from performing daily activities and obtaining the full enjoyment of life; will sustain loss of earnings and earning capacity, and/or has incurred and will continue to incur expenses for medical treatment

**203)** Due to the clouded,complicated immigration and employment history,Plaintiff is unable to find a job in her home country India. Plaintiff could not make any progress in her career since the year 2009. Defendants are liable for sabotaging Plaintiff's career.
Plaintiff faces life ban to enter the USA

**204)**Defendants conduct was intentional and malicious insofar as his actions were taken with knowledge Plaintiff's emotional and physical distress would result from his conduct ,but nevertheless undertook and continued such conduct with a wanton and reckless disregard of the consequences to Plaintiff

WHEREFORE Plaintiff claims damages against the Defendants in an amount of $8,000,000 with costs, interest and other fees

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Nithya Vinayagam prays that this Court :

1) Enter judgment in favor of Plaintiff and against the Defendants on all claims;

2) For injunctive relief preventing Defendants from causing such further injuries to Plaintiff and other clients of Defendants;

3) The trebling of any statutory fines or other penalties or punitive damages awarded to Plaintiff pursuant to Civil Code Section 3345

4) Interest at the legal rate  on all claims for compensatory damages

5) Cost and expenses of this action

6) All such equitable relief as it deems proper and just, including, but not limited to, disgorgement and restitution;

7) Award Plaintiff any other relief that the Court deems just and reasonable; and

8)  For such other and further relief as the Court deems proper.

9) Plaintiff hereby demands a trial by jury


Dated this 22nd  day of June, 2022


                                                    **Respectfully submitted,**



                                                    ----------------------------------
                                                    NITHYA VINAYAGAM
                                                    OLD NO 6, NEW NO 11 ,
                                                    MANGALAPURAM 10TH STREET
                                                    CHETPET,CHENNAI-600031
                                                    TAMILNADU,INDIA
                                                    EMAIL : NITHYA.VINAY@YAHOO.COM
                                                    PHONE +91 - 917-624-4247

Exhibit- G28

**Notice of Entry of Appearance
as Attorney or Representative**

**Appearances** - An appearance shall be filed on this form by the attorney or representative appearing in each case. Thereafter, substitution may be permitted upon the written withdrawal of the attorney or representative of record or upon notification of the new attorney or representative. When an appearance is made by a person acting in a representative capacity, his personal appearance or signature shall constitute a representation that under the provisions of this chapter he is authorized and qualified to represent. Further proof of authority to act in a representative capacity may be required. **Availability of Records** - During the time a case is pending, and except as otherwise provided in 8 CFR 103.2(b), a party to a proceeding or his attorney or representative shall be permitted to examine the record of proceeding in a Service office. He may, in conformity with 8 CFR 103.10, obtain copies of Service records or information therefrom and copies of documents or transcripts of evidence furnished by him. Upon request, he/she may, in addition, be loaned a copy of the testimony and exhibits contained in the record of proceeding upon giving his/her receipt for such copies and pledging that it will be surrendered upon final disposition of the case or upon demand. If extra copies of exhibits do not exist, they shall not be furnished free on loan; however, they shall be made available for copying or purchase of copies as provided in 8 CFR 103.10.

| In re: Nithya Vinayagam | Date: June 1, 2000 |
| | File No. 1546097 |

I hereby enter my appearance as attorney for (or representative of), at the request of the following named person(s):

| Name: Scott A. Berman, Esq. PIERCE & SHEARER | ☑ Petitioner   ☐ Applicant |
| | ☐ Beneficiary |
| Address: (Apt. No.)        (Number & Street)       (City)              (State)          (Zip Code) | |

| Name: | ☐ Petitioner   ☐ Applicant |
| | ☐ Beneficiary |
| Address: (Apt. No.)        (Number & Street)       (City)              (State)          (Zip Code) | |

*Check Applicable Item(s) below:*

☑ 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia

California                    Supreme Court              and am not under a court or administrative agency
                          *Name of Court*
order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.

☐ 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board:

☐ 3. I am associated with _____
the attorney of record previously filed a notice of appearance in this case and my appearance is at his request. (*If you check this item, also check item 1 or 2 whichever is appropriate.*)

☐ 4. Others (Explain Fully.)

| SIGNATURE | COMPLETE ADDRESS |
| | 2483 E. Bayshore Rd. Suite 202 |
| | Palo Alto, CA 94303 |
| NAME (Type or Print) | TELEPHONE NUMBER |
| Scott A. Berman | (650) 843-1900 |

*PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS:*
Scott A. Berman, Esq.
                    _____
                    (Name of Attorney or Representative)
*THE ABOVE CONSENT TO DISCLOSURE IS IN CONNECTION WITH THE FOLLOWING MATTER:*
File No. 1546097

| Name of Person Consenting | Signature of Person Consenting | Date |
| Nithya Vinayagam | ✓. ____ | 02/JUN/09 |

(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)

This form may not be used to request records under the Freedom of Information Act or the Privacy Act. The manner of requesting such records is contained in 8CFR 103.10 and 103.20 Et.SEQ.

Form G-28 (09/26/00)Y

**Exhibit-Conference Call**

## Re: As discussed

From:Paul M. Heller, Esq. (heller@greencard1.com)
To:vinay_nithya@yahoo.com
Date:Friday, April 24, 2009, 04:25 PM PDT

Hi Nithya,
Shortly, if you are available, I want you to speak with our labor lawyers; we'll then make a decision whether to represent you or not (moving forward). Please make sure to give me your contact number (in about an hour or less).

However, before call, I'd like you to respond 'point by point' to the allegations in the attorney letter. I don't believe a word of it, and more than likely it was a simple, unsophisticated attempt to scare you out of the country. But there are several things in it that seem inconsistent with our conversation.

Finally, it is imperative that you tell us the truth, completely. It will not hurt your case.

Best,
_____
Paul M. Heller, Esq. (Founder/Principal)
Heller Immigration Law Group
2479 E. Bayshore Rd., Suite 709, Palo Alto (Silicon Valley), CA 94303
Toll-Free: 1/800 863-4448; Local/Int'l: 1/650 424-1900/02; Fax: 1/650 204-6807
Email: heller@greencard1.com; Website: http://greencard1.com
Contact Form: http://greencard1.com/gc/contact-us/
Blackberry: 1/650 799-0123; Blog: http://blog.hilglaw.com
Google Talk: hilglaw; YM: paulhilg; Profile: http://www.linkedin.com/in/hilglaw

**Exhibit-Legal Malpractice**

## Re: Legal malpractice

**From:**TJ Mihill (tjmihill@owengleaton.com)
**To:**scott@bermannorth.com; jacquetta@gmail.com; apierce@pierceshearer.com;
nithya.vinay@yahoo.com
**Date:**Saturday, November 7, 2020, 10:31 AM PST

Ms. Vinayagam, again, I have no recollection of your case. If you do in fact have any claims, they would be against my former employer, the Adams Law Offices.
Also, since I could not possibly have worked on your file past June 2011, the statute of limitations on any claims will have passed.
Please consult with your counsel on these issues.

**Thomas J. Mihill**
**303 Peachtree Street, N.E. | Suite 2850 |Atlanta, Georgia 30308**
**O: 404-688-2600 | D: 404-566-4101 | F: 404-525.4347**

>>> Nithya Vinayagam <nithya.vinay@yahoo.com> 11/07/20 8:12 AM >>>

Mr. Mihill
Thanks for your response. I will add you as a defendant in the multi state fraud and RICO lawsuit to be filed shortly

Best
Nithya

>>>>>>On Friday, November 6, 2020, 11:49:35 AM PST, TJ Mihill <tjmihill@owengleaton.com> wrote:
**That is my signature, and it is stamped as filed, so I would assume that I did so. However, I have no recollection of this case and left that firm in 2011, so I cannot review the file. Again, based on this attachment, I would believe that I did file that complaint, but I can't provide you with any specifics.**

Thomas J. Mihill
303 Peachtree Street, N.E.
O: 404-688-2600 | D: 404-566-4101 | F: 404-525.4347

>>> Nithya Vinayagam <nithya.vinay@yahoo.com> 11/06/20 11:34 AM >>>

**Mr. Mihill**
**I do understand you do not handle legal malpractice claims .Pierce Shearer LLP hired you to file a civil case complaint (1:10- CV-01836) in the US District Court -Northern District of Georgia- Atlanta division**
**Did you not file the attached civil case complaint? Please confirm**

Best
Nithya

**Exhibit – Fraudulent Concealment**

From: Paul M. Heller, Esq. <heller@hellerimmigration.com>
To: Nithya Vinayagam <nithya.vinay@yahoo.com>
Sent: Thursday, November 5, 2020, 10:54:02 AM PST
Subject: Re: Legal malpractice

Hi Nithya; I'm sorry to hear about all of this. I honestly wish you the best in your Complaint. Lastly, please note that I did not assist them in any way whatsoever, and what I wrote to you - to call them to see if they knew or could help you find a labor lawyer in Las Vegas, is the full extent of my involvement. My practice is, and has always been, 100% immigration law.
Best, p
_____
Paul M. Heller, Esq. | Principal & Founder
Heller Immigration Law Group
Serving Silicon Valley Companies for 30+ years
Call Direct: 650.424.1902
For immigration issues: heller@hellerimmigration.com
LinkedIn: 17,000+
Focus: H-1b, TN, Eb1, NIW, O-1, L-1, PERM, Marriage & N400


On Wed, Nov 4, 2020 at 7:18 PM Nithya Vinayagam <nithya.vinay@yahoo.com> wrote:
> Mr.Heller

You introduced me to Pierce Shearer LLP in April 2009 .I retained them to provide legal advice and representation
regarding labor law claims against my H1B visa sponsor Cronous Inc(Eis Technologies)

Due to their malpractice and gross negligence, this case has been moved to the Office of Administrative Law Judges ,Administrative Review Board and am forced to represent myself in the Federal Court ,Las Vegas

Pierce Shearer LLP claimed that you assisted them in the litigation. Can you confirm the same?

I would like to file a legal malpractice suit and sent a demand letter(attached) to Pierce Shearer LLP on October 19,2009

As I did not receive any response from Pierce Shearer LLP, I will initiate legal action shortly

Best
Nithya

**Exhibit- FTCA**

RE: FW: Vinayagam v. Cronous Solutions, Inc. et al.
From: Jacquetta Lannan (jacquetta@pierceshearer.com)
To: nithya.vinay@yahoo.com
Date: Thursday, June 30, 2011, 12:32 PM PDT

I finally had a chance to talk with the investigator. The good news is that they're still investigating your case. They bad news is that they are not particularly enthusiastic and it sounds like they are considering stopping the investigation.

According to the investigator, this particular DOL office is primarily interested in collecting unpaid wages only, but not looking into retaliation very carefully. They also, mistakenly, have only EIS listed as an employer in their file (I explained that your DOL complaint lists both.)

I explained that we are primarily interested in the DOL investigating the retaliation claims, the very claims we could not bring in Federal Court. He said they typically don't do that, but would "take it to his boss."

At this point, I would suggest that we get the Georgia case wrapped up and get you some money. I don't think it's going to make much of a difference to the DOL.
In other words, the DOL is going to do whatever they want, and if they decide to stop investigating it puts you in a much weaker bargaining position.

Let me know what you think.

**From:** Nithya Vinayagam [mailto:nithya.vinay@yahoo.com]
**Sent:** Thursday, June 30, 2011 9:17 AM
**To:** Jacquetta Lannan
**Subject:** RE: FW: Vinayagam v. Cronous Solutions, Inc. et al.

The DOL investigator hasnt returned my call. Did you hear from him?

**Exhibit-Wrong Court**

RE: Vinayagam Vs Eis/Cronous

From: Andrew Pierce (apierce@pierceshearer.com)
To: nithya.vinay@yahoo.com
Cc: jacquetta@pierceshearer.com; scott@pierceshearer.com
Date: Tuesday, May 11, 2010, 02:30 PM PDT

Hi Nithya:
The case was filed here because we thought there was a reasonable chance we could achieve a settlement by doing that. Although that strategy has worked in some cases, it did not work in your case. The defendants are insisting on being sued in Georgia, although they will probably not gain anything but delay and extra expense because of that decision.

In terms of costs you are not being asked to pay anything up front. If the case is prolonged and we have to make appearances in Georgia, and you win or get a settlement, we will deduct the cost of the airfare from the award, but only if you get some money out of the case. You are free to hire a firm in Georgia on your own if you can find one that will take your case. That may save you some costs, especially if the case is lengthy and requires several appearances. You should be aware that if the case is lengthy enough to require a trip to Georgia then the cost of airfare is likely be less than the cost of court reporters, filing fees, experts, and other fees that will be incurred, regardless of who represents you.

Andrew Pierce


**From:** Nithya Vinayagam [mailto:nithya.vinay@yahoo.com]
**Sent:** Saturday, May 08, 2010 1:13 PM
**To:** apierce@pierceshearer.com
**Subject:** Vinayagam Vs Eis/Cronous
Hi,
My case was filed in California on Dec 30,2009 . And the same was withdrawn in March 2010. As Jacquetta mentioned that the case will be transferred automatically to Georgia,I agreed for the withdrawal of the case.The case was dismissed without prejuidice.
I still do not understand why the case was filed in California when the defendants live in Georgia.
I had a discussion with Jacquetta last week .She told me that your firm will be sponsored by a Georgia law firm to file my case in Georgia.
And I need to bear the flying charges of your attorney from CA to GA and back.
I do not think this is a good idea.
Please let me know if you have better options.

Exhibit- Retainer

April 27, 2009

Nithya Vinayagam
8560 116th Street
New York, NY 11418

**CONFIDENTIAL: PRIVILEGED COMMUNICATION**

Re:    **Legal Services Agreement**

Dear Ms. Nithya:

Thank you for choosing Pierce & Shearer LLP to represent you.  With your approval, the following provisions will form our agreement.  Pursuant to State Bar Rule 3-300, we advise that you may seek the advice of an independent attorney of your choice regarding the terms of this agreement.

Legal Services To Be Provided: This agreement (the "Agreement") is made between PIERCE & SHEARER LLP (the "Firm") and Nithya Vinayagam (the "Client") (collectively, the "Parties")  The Firm will provide to Client the following legal services:  **Legal advice and representation regarding labor law claims against Cronous Solutions, Inc. and EIS Technologies, Inc.**

Although the Firm may offer opinions about possible results and costs, the Firm cannot guarantee any particular result or cost, or a result within a particular time frame. Client understands and acknowledges that the Firm has not made any promises about any matter's outcome or cost and that any opinion or estimate offered by the Firm in the future will not constitute a guaranty.

Responsibilities of Firm/Client: The Firm will perform legal services, keep Client reasonably informed, and respond promptly to Client's inquiries.  The Firm will not resolve Client's substantive matters without the Client's approval.  Client will keep the Firm reasonably informed of changes to Client's address, telephone number and other developments.  Client authorizes the Firm to incur all reasonable costs and to hire any investigators, consultants, expert witnesses, law firms and/or attorneys reasonably necessary in the Firm's judgment.  The Firm will associate with local counsel in jurisdictions where it is required by law.  The Firm carries the required professional insurance

Fees:  Client acknowledges that the Firm has advised that any contingency fees are negotiable and are not set by law.  Bearing such advice in mind, Client agrees to pay to the Firm a Contingency Fee as follows:  Upon receipt of the proceeds of any payment, settlement or judgment, the Firm shall (1) reimburse Firm for litigation costs and expenses incurred, (2) retain 25% of the gross receipts for attorney's fees, and (3) disburse the remainder to Client.  The attorney's fees payable to the Firm shall increase to

Retainer – Page 2

Re: Representation Agreement
Page 2

forty percent (40%) of the gross receipts if the Firm files a complaint with any court or
arbitration association, or makes an appearance before any administrative agency; and
shall increase to fifty percent (50%) of the gross receipts within 10 days before the

Re: Representation Agreement
Page 3

The foregoing is agreed to by:

PIERCE & SHEARER LLP

Dated: _____          By _____
                                   Andrew F. Pierce

Dated: 28/APR/09                 V. _____
                                   Nithya Vinayagam

     If you understand and accept the above Agreement (please discuss with me if you
have any questions) and wish the Firm to continue to provide you with the legal services
described above, please sign below and return the Agreement to the Firm.

                         Sincerely,

                         Scott A. Berman

Retainer – Page 3

# EXHIBIT A-15



**SUPERIOR COURT OF SAN MATEO COUNTY**
Civil Division
400 County Center, 1st Floor, Room A Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| FOR COURT USE ONLY |
| --- |
| # FILED |
| SAN MATEO COUNTY |
| 7/15/2022 |
| **Clerk of the Superior Court** |
| Eresmia Ouranitsas |
| DEPUTY CLERK |

PLAINTIFF: **NITHYA VINAYAGAM**

DEFENDANT: **PIERCE SHEARER LLP; ANDREW PIERCE; SCOTT M BERMAN; JACQUETTA LANNAN; THOMAS MIHILL; ADAMS LAW OFFICES; PAUL M HELLER; HELLER IMMIGRATION LAW GROUP**

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
21-CIV-05242

A Case Management Conference set for 8/1/2022 at 9:00 AM has been continued before the Civil Commissioner, as follows:

DATE: **9/28/2022**

TIME: **9:00 AM**

**IN THE DEPARTMENT OF THE CIVIL COMMISSIONER**

**Due to the COVID Pandemic, all Case Management Conferences will be conducted remotely and all persons shall appear remotely using Zoom.**

Please see the Civil Commissioner's webpage at www.sanmateocourt.org/civiljudges for **zoom credentials** and details.

---

ASSIGNED DEPARTMENT INFORMATION

To schedule a Law and Motion Hearing, please see Local Rule 3.402, or visit the assigned Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

Contact information for your assigned department is as follows:

| Judicial Officer | Department Phone | Department E-mail |
| --- | --- | --- |
| Marie S. Weiner | 650-261-5102 | Dept2@sanmateocourt.org |

CASE MANAGEMENT CONFERENCE INFORMATION

You are hereby given notice of your Case Management Conference. The date, time and department are noted above.

1. In accordance with applicable California Rules of the Court and Local Rules, you are hereby ordered as follows:

   a) Plaintiff shall serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 3.110(b); Local Rule 3.804).

   b) Plaintiff shall serve upon all parties who have not yet filed an appearance, a copy of this Notice, blank form of the Case Management Statement and ADR Information Package (Local Rule 3.804(a)). Documents are available online under the CIVIL CMC Packet section at: http://sanmateocourt.org/court_divisions/civil/

   c) File and serve a completed Case Management Statement at least 15 days before the Case Management Conference (CRC 3.725; Local Rule 3.805(c)). Failure to do so may result in monetary sanctions or the continuance of the CMC.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 3.724 no later than 30 days before the date set for the Case Management Conference (Local Rule 3.805(b)).

2. Parties may proceed to an Appropriate Dispute Resolution process ("ADR") by filing a *Stipulation and Order to ADR* (Local Form ADR-CV-1). File and serve the completed *Stipulation and Order to* ADR form at least 12 days prior to the Case Management Conference (Local Rule 3.805(f)). You may find this form and information regarding the Civil ADR Program online at http://sanmateocourt.org/court_divisions/adr/civil/

For additional information, you may visit the Judicial officer's webpage at: www.sanmateocourt.org/civiljudges

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the below date, ☐ by hand ☐ by electronic service to the parties or their counsel of record at the email addresses set forth below and shown by the records of this Court ☒ by placing the envelope for collection and mailing, following the Court's ordinary business practices.  I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Date:  7/15/2022

Neal I Taniguchi, Court Executive Officer/Clerk

By:   /s/ Eresmia Ouranitsas

Eresmia Ouranitsas, Deputy Clerk

Notice being served on:

NITHYA VINAYAGAM
NEW NO. 11 OLD NO. 6
MANGALAPURAM 10TH STREET
CHETPET - CHENNAI - INDIA 600 031


PIERCE SHEARER LLP
2055 WOODSIDE ROAD SUITE 110
REDWOOD CITY, CA  94061


ANDREW PIERCE
2055 WOODSIDE ROAD SUITE 110
REDWOOD CITY, CA  94061


SCOTT M BERMAN
7 TIMES SQUARE
NEW YORK, NY  10036


JACQUETTA LANNAN
779 WISCONSIN ST
SAN FRANCISCO, CA  94107

THOMAS MIHILL
303 PEACHTREE ST NE SUITE 2850
ATLANTA, GA  30308

# EXHIBIT A-16

Case Number: 21-CIV-05242



**SUPERIOR COURT OF SAN MATEO COUNTY**

400 County Center                    1050 Mission Road
Redwood City, CA 94063        South San Francisco, CA 94080
www.sanmateocourt.org

## Minute Order

| | |
|---|---|
| **NITHYA VINAYAGAM  vs.  PIERCE SHEARER LLP, et al** | 21-CIV-05242 |
| | 08/03/2022 2:00 PM |
| | Motion for Leave to File |
| | Amended Complaint/Answer |
| | **Hearing Result**:  Held |

**Judicial Officer:** <u>Weiner, Marie S.</u>          **Location**: <u>Courtroom 2E</u>
**Courtroom Clerk**: <u>Andrea Daley</u>          **Courtroom Reporter**:  <u>Rhonda Guess</u>

---

**Minutes**
*Journals*
 - No appearance by any parties herein or their counsel of record.

*Case Events*
 - Tentative ruling adopted and becomes order:

MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiff's motion for leave to file an amended complaint is MOOT.  Plaintiff already filed a First Amended Complaint on June 22, 2022, as to which she was entitled to do without leave of court pursuant to Code of Civil Procedure Section 472.

---

**Others**
*Comments:*

---

**Future Hearings and Vacated Hearings**
September 28, 2022 9:00 AM Case Management Conference
Halperin, Ernst A.
Courtroom H

# EXHIBIT A-17

# Case Information

21-CIV-05242 | NITHYA VINAYAGAM vs. PIERCE SHEARER LLP, et al

Case Number
21-CIV-05242

Court
Civil Unlimited

Judicial Officer
Weiner, Marie S.

File Date
09/27/2021

Case Type
(25) Unlimited Professional
Negligence

Case Status
Active

# Party

Plaintiff
VINAYAGAM, NITHYA

Active Attorneys ▾
Pro Se

Defendant
PIERCE SHEARER LLP

Defendant
PIERCE, ANDREW

Defendant
BERMAN, SCOTT M

Defendant
LANNAN, JACQUETTA

Defendant
MIHILL, THOMAS

Defendant
ADAMS LAW OFFICES

Defendant
HELLER, PAUL M

Defendant
HELLER IMMIGRATION LAW GROUP

## Cause of Action

| File Date | Cause of Action | Type | Filed By | Filed Against |
|---|---|---|---|---|
| 09/27/2021 | Complaint | Action | VINAYAGAM, NITHYA | PIERCE SHEARER LLP PIERCE, ANDREW BERMAN, SCOTT M LANNAN, JACQUETTA MIHILL, THOMAS ADAMS LAW OFFICES HELLER, PAUL M HELLER IMMIGRATION LAW GROUP |

## Events and Hearings

09/27/2021 New Filed Case

09/27/2021 Civil Case Cover Sheet ▾

Civil Case Cover Sheet

09/27/2021 Complaint ▾

Complaint

09/27/2021 Request to Waive Court Fees ▾

Comment
Fee Waiver

09/27/2021 Summons Issued / Filed ▾

Summons Issued / Filed

09/27/2021 Notice of Assignment for All Purposes ▾

Notice of Assignment for All Purposes

09/27/2021 **Cause Of Action** ▾

Action                    File Date
Complaint                 09/27/2021

09/28/2021 Order sent for signature to Judicial Officer ▾

Judicial Officer          Comment
Weiner, Marie S.          DEPARTMENT 2

09/29/2021 Order ▾

Order Type: PER JUDGE WEINER, "YOUR INFORMATION APPEARS TO BE INCOMPLETE. PLEASE FILE
A DECLARATION

Comment
Type: PER JUDGE WEINER, "YOUR INFORMATION APPEARS TO BE INCOMPLETE. PLEASE FILE A
DECLARATION WITH FURTHER INFORMATION AS TO YOUR PRESENT JOB, OR AN EXPLANATION
AS TO WHY YOU ARE NOT WORKING. PLEASE PROVIDE THE FULL NAME OF YOUR FATHER
WITH WHOM YOU LIVE. NORMALLY THE COURT WOULD REQUIRE YOU TO ATTEND A HEARING
ON YOUR APPLICATION, BUT BECAUSE YOU LIVE OUTSIDE THE UNITED STATES OF AMERICA,
THE COURT IS ALLOWING YOU TO PROVIDE THE INFORMATION IN WRITING INSTEAD." Signed
by: JUDGE WEINER Date Signed: 09/28/2021

10/07/2021 Fee Waiver Granted ▼

Fee Waiver Granted

Comment
Signed by JUDGE WEINER on 10/05/2021

01/12/2022 CMC - Not at issue - no service/default/answer. ▼

CMC - Not at issue - no service/default/answer.

02/04/2022 CMC - Not at issue - no service/default/answer. ▼

CMC - Not at issue - no service/default/answer.

03/14/2022 Proof of Service by PERSONAL SERVICE of ▼

Proof of Service by PERSONAL SERVICE of SUMMONS/COMPLAINT IS QUESTIONABLE;IMPROPER SERVICE; PLAINTIF

Comment
SUMMONS/COMPLAINT IS QUESTIONABLE;IMPROPER SERVICE; PLAINTIFF CANNOT SERVCE COMPLAINT SEPARATE PROOF OF SERVICE IS REQUIRED FOR EACH PARTY SERVED)

04/15/2022 CMC - Not at issue - no service/default/answer. ▼

CMC - Not at issue - no service/default/answer.

05/09/2022 Request for Entry of Default Not Entered ▼

Request for Entry of Default Not Entered SUMMONS/COMPLAINT IS QUESTIONABLE (SEPARATE PROOF OF SERVIC

Comment
SUMMONS/COMPLAINT IS QUESTIONABLE (SEPARATE PROOF OF SERVICE IS REQUIRED FOR EACH PARTY SERVED)

05/10/2022 Request for Entry of Default Not Entered ▼

Resubmit-Request to Enter Default

Comment
IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPLAINT

05/10/2022 Proof of Service by PERSONAL SERVICE of ▼

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPL

Comment
QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPLAINT; SEPARATE PROOF OF SERVICE IS REQUIRED FOR EACH PARTY SERVED SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; ETC...

05/10/2022 Proof of Service by PERSONAL SERVICE of ▼

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT
SERVE COMPL

Comment

QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPLAINT SUMMONS;
COMPLAINT; CIVIL CASE COVER SHEET; ETC...

05/10/2022 Proof of Service by PERSONAL SERVICE of ▼

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT
SERVE COMPL

Comment

QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPLAINT SUMMONS;
COMPLAINT; CIVIL CASE COVER SHEET; ETC...

05/10/2022 Proof of Service by PERSONAL SERVICE of ▼

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT
SERVE COMPL

Comment

QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPLAINT SUMMONS;
COMPLAINT; CIVIL CASE COVER SHEET; ETC...

06/22/2022 Motion for Leave to File ▼

Motion for Leave to File AMENDED COMPLAINT

Comment

AMENDED COMPLAINT

06/22/2022 First Amended Complaint ▼

First Amended Complaint

07/15/2022 CMC - Not at issue - other/motion pending.

07/15/2022 Notice of Case Management Conference ▼

Notice of Case Management Conference 9/28/2022 at 9:00 a.m.

Comment

9/28/2022 at 9:00 a.m.

08/03/2022 Motion for Leave to File Amended Complaint/Answer ▼

Original Type

Motion for Leave to File Amended Complaint/Answer

~CIV Minute Order - Motion for Leave to File Amended Complaint/Answer 08/03/2022

Judicial Officer
Weiner, Marie S.

Hearing Time
2:00 PM

Result
Held

08/03/2022 Tentative ruling adopted and becomes order: ▾

Comment
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT Plaintiff's motion for leave to file an amended complaint is MOOT. Plaintiff already filed a First Amended Complaint on June 22, 2022, as to which she was entitled to do without leave of court pursuant to Code of Civil Procedure Section 472.

09/28/2022 Case Management Conference ▾

Judicial Officer
Halperin, Ernst A.

Hearing Time
9:00 AM

## Financial

VINAYAGAM, NITHYA
|  |  |  |
|---|---|---|
| Total Financial Assessment |  | $525.00 |
| Total Payments and Credits |  | $435.00 |

| 9/28/2021 | Transaction Assessment | $435.00 |
|---|---|---|
| 10/7/2021 | Fee Waiver | ($435.00) |
| 6/22/2022 | Transaction Assessment | $90.00 |

## Documents

Civil Case Cover Sheet

Complaint

Summons Issued / Filed

Notice of Assignment for All Purposes

Order Type: PER JUDGE WEINER, "YOUR INFORMATION APPEARS TO BE INCOMPLETE. PLEASE FILE A DECLARATION

Fee Waiver Granted

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

Proof of Service by PERSONAL SERVICE of SUMMONS/COMPLAINT IS QUESTIONABLE;IMPROPER SERVICE; PLAINTIF

CMC - Not at issue - no service/default/answer.

CMC Order Continue - Not Yet at Issue

Request for Entry of Default Not Entered SUMMONS/COMPLAINT IS QUESTIONABLE (SEPARATE PROOF OF SERVIC

Resubmit-Request to Enter Default

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPL

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPL

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPL

Proof of Service by PERSONAL SERVICE of QUESTIONABLE; IMPROPER SERVICE; PLAINTIFF CANNOT SERVE COMPL

Motion for Leave to File AMENDED COMPLAINT

First Amended Complaint

Notice of Case Management Conference 9/28/2022 at 9:00 a.m.

~CIV Minute Order - Motion for Leave to File Amended Complaint/Answer 08/03/2022

1

## **PROOF OF SERVICE**

I, the undersigned, declare:

2

3    I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 465 California Street, 5th Floor, San Francisco, California 94104.  On September 16, 2022, I

4    served the document(s) named below on the following attorney(s) of record and/or interested parties in the case of *Nithya Vinayagam v. Andrew Pierce, et al.,* U.S.D.C., Northern District of

5    California, San Francisco Division Case No. 3:22-cv-5281.

6    **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

7

| ***Plaintiff in Pro Per*** | |
8
|---|---|
| Nithya Vinayagam | |
9 | New No 11, Old No 6 | |
| Mangalapuram 10th Street, Chetpet | |
10 | Chennai – 600 031 India | |
| Ph:  +91 917-624-4247 | |
11 | Nithya.vinay@yahoo.com | |

12    ☒    (BY E-MAIL) I served the above party (ies) by transmitting the document via electronic mail to the electronic mail address as listed above.

13

14    ☒    (BY MAIL) I am readily familiar with Long & Levit LLP's practice for collection and processing of documents for mailing with the United States Postal Service.  I

15    caused such document(s) to be placed in a sealed envelope, addressed to the person(s) on whom it is to be delivered pursuant to the attached service list, with

16    postage thereon fully prepaid, to be deposited with the United States mail at San Francisco, California, that same day in the ordinary course of business.

17

18    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 16, 2022, at San

19    Francisco, California.

20

21    
Janie Crowley

22

23

24

25

26

27

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
5TH FLOOR
SAN FRANCISCO
CALIFORNIA 94104

5                                            Case No. 3:22-cv-5281
NOTICE OF REMOVAL OF ACTION UNDER 28 USC § 1441(a) (FEDERAL QUESTION)
4886-7177-5027 v.1