UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NITHYA VINAYAGAM,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW F. PIERCE, et al.,<br><br>  Defendants. | Case No. 22-cv-05281-TLT<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 12 |

Pending before the Court is Defendants' motion to dismiss Plaintiff's first amended complaint. ECF No. 12. After reviewing the papers, the Court finds that this motion can be decided without the need for oral argument. Civil L.R. 7-1(b). The Court finds that Plaintiff failed to state a claim upon which relief can be granted. Accordingly, the Court grants the motion. Plaintiff's first amended complaint is dismissed in its entirety, with no leave to amend.

**I.     FACTUAL BACKGROUND**

Plaintiff Nithya Vinayagam is a citizen of India, where she currently resides. Notice of Removal, Ex. A-14, First Amended Complaint ("FAC") ¶ 13, ECF No. 1. In 2008, Plaintiff entered this country on a H-1B visa. *Id.* After being terminated by her employers, Plaintiff contacted Defendant Paul Heller, of Defendant Heller Immigration Law Group, for assistance. *Id.* ¶ 14. In April 2009, Heller referred Plaintiff to Defendant Pierce Shearer LLP. *Id.* Plaintiff retained Pierce Shearer for legal advice and representation against Plaintiff's former employers. *Id.* ¶ 15; *id.*, Exhibit-Retainer; Decl. of Andrew Pierce ("Pierce Decl."), Ex. 1, ECF No. 12-3.

From 2009 to 2011, attorneys from Defendant Pierce Shearer LLP—Defendants Andrew Pierce, Scott Berman, and Jacquetta Lannan—litigated Plaintiff's case in the District Court for the Northern District of California and the District Court for the Northern District of Georgia. *Id.* ¶¶

18–28. Defendant Thomas Mihill, with Defendant Adams Law Offices, was retained as local counsel. *Id.* ¶ 22; Mot. at 10 n.5, ECF No. 12. A settlement of $45,000 terminated Plaintiff's claims in August 2011, of which Plaintiff received $19,324. FAC ¶¶ 27–28. Pierce Shearer's representation of Plaintiff ended in 2011. *Id.* ¶ 30.

Plaintiff continued to sue various parties in different forums after 2011 with and without assistance of different counsel. *Id.* ¶¶ 31–32; Opp'n ¶ 72. In November 2020, Plaintiff exchanged emails with Defendant Heller, confirming that Heller was not involved in Plaintiff's representation by Pierce Shearer. *Id.* ¶ 33. In 2020, Plaintiff filed a complaint against Defendant Pierce with the State Bar of California; Plaintiff's complaint was barred due to the statute of limitations. FAC ¶ 43; Exhibit-State Bar, ECF No. 20. Plaintiff brought the present suit against Defendants for legal malpractice relating to Pierce Shearer's representation of Plaintiff from 2009 to 2011.

## II.  PROCEDURAL BACKGROUND

This suit commenced when Plaintiff filed a complaint on September 27, 2021, in the Superior Court of California, County of San Mateo. Notice of Removal, Ex. A-1, Compl. Plaintiff amended her complaint on June 22, 2022, bringing twenty-one claims. FAC. Pierce Shearer LLP, Andrew Pierce, Scott Berman, and Jacquetta Lannan ("Defendants") were served on August 18, 2022. Notice of Removal ¶ 2. Remaining defendants were not served. *Id.* ¶ 10. The case was subsequently removed on September 16, 2022. Soon after, Pierce Shearer filed the instant motion to dismiss. ECF No. 12. After Plaintiff failed to timely respond, the Court issued an order to show cause. ECF No. 18. Plaintiff responded with general hardship and filed a late opposition. ECF Nos. 19, 21. Pierce Shearer timely replied. ECF No. 24. Without seeking leave of court, Plaintiff filed a sur-reply. ECF No. 25. At a case management conference, the Court granted Pierce Shearer's request to strike Plaintiff's sur-reply. ECF No. 29.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(6)

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Claims based on fraud must be stated with particularity. Fed. R. Civ. P. 9(b). To overcome a Rule 12(b)(6) motion to dismiss, a plaintiff's

2

"factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007)). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Although for the purposes of a motion to dismiss [the Court] must take all of the factual allegations in the complaint as true," the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678. Although pleadings from pro se litigants are construed liberally, pro se litigants are bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### B. Judicial Notice

The Court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This includes "unattached evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

## IV. DISCUSSION

### A. Judicial Notice

Pierce Shearer asks the Court to take judicial notice of seven exhibits. Request for Judicial Notice, ECF No. 12-2. Plaintiff does not oppose.

Exhibits A through E are dockets and docket entries from the two cases where Pierce Shearer represented Plaintiff. As these are the underlying actions for which Plaintiff brings the

3

current suit, the Court takes judicial notice of the existence of these documents.

Exhibit F is Plaintiff's complaint against another attorney that she retained after representation by Pierce Shearer. The Court takes judicial notice of the existence of this complaint but not of any facts contained within.

Exhibit G is a copy of Defendant Heller Immigration Law Group's website. The Court takes judicial notice of the existence of this website but not of any facts contained within.

### B.  Statute of Limitations

The Court first addresses whether Plaintiff's claims are time barred by the applicable statute of limitations. After considering the relevant statutes of limitations, the Court finds that Plaintiff's claims based on legal malpractice, fraud, unfair business practices, and RICO are untimely. The Court considers whether leave to amend should be granted in the final section of the Order.

#### 1.  Legal Malpractice Claims From 2009-2011

Even when labeled under different causes of actions, the facts underlying Plaintiff's claims are based on Pierce Shearer's representation of Plaintiff from 2009 to 2011. As such, California's statute of limitations regarding an attorney's legal malpractice applies. The statute is as follows:

> An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first.

Cal. Civ. Proc. Code § 340.6(a) (West 2022). The statute also lists circumstances under which the statute of limitations may be tolled:

> (1) The plaintiff has not sustained actual injury.
>
> (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred.
>
> (3) The attorney willfully conceals the facts constituting the wrongful act or omission when those facts are known to the attorney, except that this subdivision shall toll only the four-year limitation.

4

> (4) The plaintiff is under a legal or physical disability that restricts the plaintiff's ability to commence legal action.
>
> (5) A dispute between the lawyer and client concerning fees, costs, or both is pending resolution under Article 13 (commencing with Section 6200) of Chapter 4 of Division 3 of the Business and Professions Code. As used in this paragraph, "pending" means from the date a request for arbitration is filed until 30 days after receipt of notice of the award of the arbitrators, or receipt of notice that the arbitration is otherwise terminated, whichever occurs first.

*Ibid.* As the California Supreme Court explained, this statute is strictly construed:

> Section 340.6 reflects the balance the Legislature struck between a plaintiff's interest in pursuing a meritorious claim and the public policy interests in prompt assertion of known claims. The courts may not shift that balance by devising expedients that extend or toll the limitations period. The Legislature expressly disallowed tolling under any circumstances not stated in the statute.

*Beal Bank, SSB v. Arter & Hadden, LLP*, 42 Cal. 4th 503, 512 (2007).

On its face, many of Plaintiff's claims are time barred by the applicable statute of limitations, as they "[arose] in the performance of professional services." Cal. Civ. Proc. Code § 340.6(a). This includes Plaintiff's claims for professional negligence, intentional breach of fiduciary duty, breach of contract, legal malpractice, gross negligence, willful misconduct, intentional infliction of emotional distress, and extortion. *See Southland Mech. Constructors Corp. v. Nixen*, 119 Cal. App. 3d 417, 429 (Ct. App. 1981) ("Legislature . . . intended that section 340.6 apply to both tort and breach of contract malpractice actions."); *see also TaiMed Biologics, Inc. v. Numoda Corp.*, No. 10-cv-3260-LB, 2011 WL 1630041, at *5 (N.D. Cal. Apr. 29, 2011) (affirming that civil extortion is a common law tort). Plaintiff did not plausibly allege any acts by Defendants after 2011, when Defendants' professional services terminated. For example, Plaintiff alleged that Defendants failed to pursue certain claims in the underlying cases and failed to inform Plaintiff that Heller was not involved in those cases in 2011. Opp'n ¶¶ 23–30. Thus, even though Plaintiff alleged that she continues to suffer the effects of Defendants' alleged legal malpractice, the underlying events concluded by 2011. As such, whether the statute of limitations is one year or four years, the date before which Plaintiff must bring her claims has long passed.

Plaintiff does not address Defendants' arguments that none of the tolling provisions apply. Instead, Plaintiff argues from a policy perspective that the statute of limitations should be tolled

5

1    because "the law must favor the victim" and "the statute of limitations is a disfavored defense."

2    Opp'n ¶¶ 80–81.  However, the cases that Plaintiff cite are inapplicable, as the statute of

3    limitations at issue in those cases was not Section 340.6, the statute at question here.  Moreover,

4    the California Supreme Court previously explained that courts may not toll the statute of

5    limitations in circumstances that do not fall into those listed in the statute.  *Beal Bank*, 42 Cal. 4th

6    at 512 (2007).

7        Accordingly, Plaintiff's claims based on Defendants' professional services are untimely

8    and thereby dismissed.

### 2. Fraud Claims

10   Plaintiff pled a number of claims based on fraud, including intentional misrepresentation,

11   negligent misrepresentation, fraud, promissory fraud, false promise, and fraudulent concealment.

12   Claims based on fraud have a three-year statute of limitations.  Cal. Civ. Proc. Code § 338(d)

13   (West 2022).  As the statute provides, the statute of limitations is three years for "[a]n action for

14   relief on the ground of fraud or mistake."  *Id.*  "In cases involving fraud[,] the statute commences

15   to run when the plaintiff discovers [s]he has a cause of action or, through the use of reasonable

16   diligence, should have discovered it."  *Graham-Sult v. Clainos*, 756 F.3d 724, 743 (9th Cir. 2014)

17   (citation omitted).  While "the same degree of diligence is not required where a fiduciary

18   relationship exists between the parties at the time the alleged acts of negligence occur," plaintiffs

19   have "a duty to investigate even where a fiduciary relationship exists when they have notice of

20   facts sufficient to arouse the suspicions of a reasonable man."  *Id.* (citations omitted).  Plaintiff's

21   civil conspiracy claim also falls under this statute, as Section 338(d) "applies to any action for

22   conspiracy based upon fraud."  *Stueve Bros. Farms, LLC v. Berger Kahn*, 222 Cal. App. 4th 303,

23   321 (2013).

24       Here, Plaintiff's fraud claims are based on alleged facts that are the same as those alleged

25   in Plaintiff's legal malpractice claims.  As such, any acts from which the alleged fraud occurred

26   took place in 2011, at the latest.  Thus, the three-year statute of limitations bars Plaintiff's claims.

27       Plaintiff argues that the discovery rule tolls the statute of limitations, because "[i]n the past

28   decade, Defendants fraudulently concealed their fraud from Plaintiff."  Opp'n ¶ 36.  The

United States District Court
Northern District of California

concealment that Plaintiff refers to is Heller's non-participation in the underlying actions. *Id.* In order to toll the statute of limitations, however, Plaintiff must show that "the defendant[s] fraudulently concealed facts which would have led [her] to discover [her] potential cause[s] of action." *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1056–57 (9th Cir. 2008). Here, Plaintiff alleged that she emailed Defendants in 2020, long after the statute of limitations passed, to which Heller immediately responded. FAC ¶ 194, Exhibit-Legal Malpractice, Exhibit-Fraudulent Concealment. Thus, the reasonable inference is that had Plaintiff asked at an earlier time, Defendants would have informed Plaintiff that Heller was not involved in the underlying actions. Moreover, as Defendants argue, Plaintiff was put on notice during the underlying litigations when "Heller was not counsel of record and was not active in any of those litigation matters." Reply at 3:21–22. As such, Plaintiff did not allege any facts that would warrant tolling the statute of limitations.

Accordingly, Plaintiff's claims based in fraud are dismissed due to untimeliness.

### 3. Unfair Business Practices

Plaintiff also alleged violation of California Business and Professions Code Section 17200. To the extent this claim is not barred by the statute of limitations for Plaintiff's legal malpractice claims, the statute of limitations for violation of the Unfair Competition Law is four years. *See* Cal. Bus. & Prof. Code § 17208 (West 2022) ("Any action to enforce any cause of action . . . shall be commenced within four years after the cause of action accrued."). The unfair business practice that Plaintiff alleged arises from Defendants' representation of Plaintiff. As discussed above, these actions ended in 2011. Thus, Plaintiff's claim under the Unfair Competition Law is barred by the statute of limitations.

Plaintiff argues that this cause of action is not time barred because of accrual and equitable exceptions. Opp'n ¶ 60. "The doctrine of equitable tolling suspends the running of the statute of limitations if the plaintiff proves that the defendant fraudulently concealed the existence of the cause of action so that the plaintiff, acting as a reasonable person, did not know of its existence." *Suh v. Yang*, 987 F. Supp. 783, 795 (N.D. Cal. 1997). As previously discussed, Plaintiff did not allege specific facts showing that Defendants engaged in affirmative conduct to conceal the fact

7

that Heller did not participate in the underlying actions. Instead, Plaintiff waited until 2020 to ask, and received a response shortly after. Thus, Plaintiff did not allege facts sufficient to toll the statute of limitations.

Similar to the previous claims, Plaintiff's claim of unfair business practices is untimely and accordingly dismissed.

### 4. RICO claims

Plaintiff also brings civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO")—conspiracy to commit RICO and RICO. The Supreme Court has found that a civil RICO action is subject to a four-year statute of limitations. *Rotella v. Wood*, 528 U.S. 549, 553 (2000). Plaintiff did not allege any facts beyond those already discussed above. Essentially, Plaintiff alleged that Defendants worked together to defraud Plaintiff. FAC ¶¶ 157, 175. As such, the statute of limitations bars Plaintiff's civil RICO claims, as the facts alleged in the conspiracy all took place during or prior to 2011. The statute of limitations is not tolled because Plaintiff did not plead any acts by Defendants to actively conceal Heller's non-involvement in the underlying actions. Instead, Plaintiff's allegations allow the reasonable inference that, with reasonable efforts, Plaintiff could have become aware of this allegedly concealed fact before the statute of limitations had run. Accordingly, Plaintiff's civil RICO claims are dismissed.

### C. Failure to Plausibly Plead Claims

The Court further notes that Plaintiff's claims dismissed due to untimeliness were also not plausibly pled. Plaintiff did not support the large number of claims with sufficient factual allegations. For example, Plaintiff's claims are all premised on Heller's lack of involvement in the underlying actions, which led to Pierce Shearer's allegedly inadequate representation, as demonstrated by a settlement amount that Plaintiff alleged should have been larger. However, in a legal malpractice action, Plaintiff must establish that "but for the alleged malpractice, settlement of the underlying lawsuit would have resulted in a better outcome." *Filbin v. Fitzgerald*, 211 Cal. App. 4th 154, 166 (2012). In short, Plaintiff must allege that, "if not for the malpractice, she would certainly have received more money in settlement or at trial." *Id.* Plaintiff did not allege sufficient facts to draw the reasonable inference that such a but-for legal certainty is plausible. As

8

1  such, even if Plaintiff's claims were timely, they were not plausibly pled.

### D. Federal Criminal Statutes

The only remaining claims are Plaintiff's claims under federal criminal statutes—wire fraud, under 18 U.S.C. Section 1343; mail fraud, under 18 U.S.C. Section 1341; and travel in aid of racketeering enterprises, under 18 U.S.C. Section 1952. Pierce Shearer argues that these claims are barred because "Title 18 of the United States Code is a federal criminal statute which does not create civil liability or a private right of action." Mot. at 20:24–25 (citation omitted). The Court agrees. The statutes cited by Plaintiff do not provide a private right of action. *See Wilcox v. First Interstate Bank, N.A.*, 815 F.2d 522, 533 n.1 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341."); *Kingsley v. Ashworth*, No. 97-35084, 1998 U.S. App. LEXIS 2927, at *3 (9th Cir. Feb. 20, 1998) ("18 U.S.C. § 1343 does not give rise to a private cause of action."); *Bajorat v. Columbia-Breckenridge Dev. Corp.*, 944 F. Supp. 1371 (N.D. Ill. 1996) (finding 18 U.S.C. § 1952 did not carry an implied private right of action). Consequently, Plaintiff failed to state a claim under these federal criminal statutes. As no amendment can cure this deficiency, these claims are dismissed with prejudice.

### E. Leave to Amend

The Court must determine whether to allow Plaintiff to amend her complaint for those claims dismissed due to the relevant statute of limitations. Factors that the Court can consider include: "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Here, Plaintiff's conduct is indicative of bad faith. Plaintiff took approximately one year to serve Defendants. In addition, Plaintiff failed to timely file an opposition to the instant motion, prompting an order to show cause from the Court. ECF No. 15. In her response, Plaintiff did not provide good cause on why she did not timely file a response, citing to stress and exhaustion. ECF No. 19. In addition, despite the Court's referral of Plaintiff to the Legal Help Center, Plaintiff filed an untimely opposition and a sur-reply without leave of court. ECF Nos. 21, 25.

1       Additionally, it is not clear whether the Plaintiff can cure the deficiencies from amendment. Plaintiff's first amended complaint did not allege any facts that allow the relevant statute of limitations to be tolled. Likewise, Plaintiff's opposition does not indicate that any additional facts can be alleged.

      Construing Plaintiff's complaint liberally, Plaintiff essentially alleged she did not discover that Defendants did not involve Heller in the underlying actions that ended in 2011 until 2020. Plaintiff did not proffer any facts by Defendants before the various statute of limitations had run that make tolling plausible. Notably, the Plaintiff did not allege any contact with the Defendants in the intervening period. Plaintiff has already amended her complaint once. The Court finds it unlikely that Plaintiff can overcome the statute of limitations with amendments. *See Parents for Priv. v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020) ("A district court acts within its discretion to deny leave to amend when amendment would be futile.").

      Accordingly, the Court dismisses each of Plaintiff's claims without leave to amend.

## V.    CONCLUSION

      Defendants' motion is granted. Plaintiff's claims based on legal malpractice, fraud, unfair business practices, and RICO are untimely due to the relevant statute of limitations. Plaintiff's claims under the federal criminal statutes are barred because those statutes do not provide a private right of action. For the foregoing reasons, Plaintiff's claims are dismissed without leave to amend.

      This Order terminates ECF No. 12.

**IT IS SO ORDERED.**

Dated: February 6, 2023

_____
TRINA L. THOMPSON
United States District Judge